mot.amd

UNITED STATES DISTRICT COURT          SEP 2 9 2003

DISTRICT OF CONNECTICUT

2003 ___ 10 __ 5:16

THOMAS BROWN          : CIVIL NO. 3:00CV1866(CFD)(WIG)

                      :

VS.                   :

                      :

BRIAN S. KARPE, et al :


### MOTION TO AMEND

Plaintiff move this court for leave to amend pursuant to Rules 15(a) and 54(e) of the Fed. R. Civ. P., see attached second amended complaint.

It is not undue prejudice to the opposing party.

It is the facts in the original complaint and relate back to the same claims out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

It is not undue delay, bad faith or dilatory motive on the part of the movant party.

Page 2

justice so requires, if the underlying facts or circumstances relied upon by the movant may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. See generally, 3 Moore, Federal Practice (2d ed.).

Wherefore, the leave sought should, as the rules require, be "freely give."

PLAINTIFF - PRO-SE

THOMAS BROWN

By _____

Thomas Brown
1287 Bitton Rd
Somers, CT. 06071-665

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, first class on this day of July, 2003, to:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St.
Hartford, CT. 06071-665

THOMAS BROWN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS BROWDY      : CIVIL NO. 3:00CV1866(CFD)(WIG)
        Plaintiff      :
                      :
                      :
VS.                   :
                      :
                      : SECOND AMENDED COMPLAINT
BRIAN S. KARPE, et al. :
        Defendants    :
                      :

I. NATURE OF THE PROCEEDING

1. Plaintiff commenced this action against
   defendants for failure to provide
meaningful access to programs, benefits, and
services, as required by the Americans with
Disabilities Act, (ADA), and failure to comply
with federal and state laws, and including
various regulations under these acts.

II. JURISDICTION

2. This Court has subject matter jurisdiction
   over the federal law claims against the
State defendants pursuant to 28 U.S.C. § 1331
and exercises supplemental jurisdiction over
the state law claims against the State defendants
pursuant to 28 U.S.C. § 1367(A), and § 1391.

Page 2

3. Authorized and brought under 42 U.S.C.
§ 1983, § 1985, § 1986 and 42 U.S.C § 12101
and § 12132

4. Seeking declaratory judgment pursuant to 28
U.S.C § 2201(a), § 2202, and injunctive
relief pursuant Rules 57-65 Fed. R. Civ. P., and
monetary damages.

III. PARTIES

5. Plaintiff Thomas Browdy, is a citizen
of the United States and a resident
of the State of Connecticut, and at all times herein
mentioned, was represented by the Public
Defender Services of the State of Connecticut
under the statutory provisions, Conn. Gen. Stat.
§ 51-296.

6. Defendant Brian S. Karpe, is a citizen
of the United States and a resident
of the State of Connecticut, and at all times
herein mentioned, was a special public defender
under the statutory provisions, Conn. Gen. Stat.
§ 51-293, He is being sued in his individual
capacity as well as his official capacity.

Page 3

7. Defendant Gerard A. Smyth, is a citizen of the United States, and a resident of the State of Connecticut, and at All times herein mentioned was the Chief Public Defender for the State of Connecticut under the statutory provisions. Conn. Gen. Stat. § 51-290 - 51-291. He is being sued in his individual capacity as well as his official capacity.

IV STATEMENT FACTS

8. The Division of the Public Defender Services, is the means for indigent individuals assigned to represent criminal defendants for the State of Connecticut.

9. Defendant Karpe, was assigned to represent the plaintiff in a criminal matter in the judicial district of Manchester Superior Court, pursuant to the statutory provisions, Conn. Gen. Stat. § 51-296.

10. In the past proceedings before trial the plaintiff communicated to Attorney Karpe, that he was being treated for mental health problems and was under prescribed medication for treatment.

Page 4

11. Under the particular facts of the plaintiffs mental condition, he requested a competency or psychiatrist evaluation to determine his state of mind prior to trial in accordance with the statutory provisions, Conn. Gen. Stat. § 54-56 (d)

12. Defendant Kappe failed to investigate the plaintiff's claim and refused to request a psychiatrist examination.

13. Instead, defendant Kappe requested the court to withdraw his representation because of a conflict of interest extending from his refusal to request a psychiatrist examination.

14. Due to this conflict of interest, the plaintiff requested the court to proceed pro se or retain another attorney to represent him and once again defendant Kappe, requested the court to withdraw.

15. At that point, the court proceeded in allowing the plaintiff's pro se representation or retain an attorney at plaintiff's expence.

Page 5

16. In spite of the fact of trial court decision defendant Karpe, proceeded to engage in a plead negotiation After the state withdrawed all offers of any plead negotiation and proceeded to trial.

17. In face of that fact, in sum, defendant Karpe actions was a choice, to compromise his ethical obligation as a officer of the court in opposition of the plaintiff's request for a psychiatric evaluation, continued to labor under a conflict of interest and with disregard to the waiver of counsel by the plaintiff

18. In so doing, defendant Karpe, knowingly conspired with state's officials in a coehersion to deprive the plaintiff by virture of the ADA, to limit the Act's protections and prohibitions in circumstances they involving discrimination from which the plaintiff should are accommodated meaningful access to a psychiatric evaluation under a statutory provision that afforded programs, benefits, and services under the commissioner of mental health.

Page 6

19. In relationship to this action, there were
a civil class action filed, in Rivera, et al.
v. Rowland, et al, No. cv-95-05456295, extending
from deficiencies in the public defender
services in attorneys screening and investigating
mental impairments of criminal defendants.

20. As a result there were a settlement
in the suit, to adopted and put
into effect, approval of applicants for special
public defender contracts, training program,
and monitoring of attorney's performance,
including the duties and responsibilities
of representation of clients with a mental
disability.

21. Defendant Smyth, was responsible to
adopt and put into effect the notice of
settlement in Rivera, et al v. Rowland, et al,
including increased funding approved by
the General Assembly, to ensured accommodation
to provide services, which the plaintiff is
entitled to under the ADA.

22. But there, has been no reasonable
modifications in policies, practices, or
procedures, where, the modifications are necessary
to avoid discrimination on the basis of disabilities.

Page 7

23. In attribute to this situation, during the course of representation by the Division of Public Defender Service, there were never a undertaking of a fact-specific investigation to gather sufficient information as to the plaintiff's disability and a qualified expert as needed to determine what accommodations are necessary.

24. The only determination on record that demonstrate any likely-hood of investigation into the plaintiff's disability were mere speculation by defendant Karpe, that he did not believe that there was a good faith basis to give primary consideration to the request of a psychiatrist examination.

25. Defendant Karpe, actions demonstrated an alarming failure to provide plaintiff with assistance intended to provide service to ensure meaningful access, reasonable accommodation adequate enough to determine what type of auxiliary aid and service necessary for a disabled individual.

26. The Attorney General's regulations require the public entity to: . .

Page 8

... give primary consideration to the requests of the individual with disabilities" when determining what type of auxiliary aid and service is necessary. 28 C.F.R. § 35.160(b)(2).; 28 C.F.R. § 35.(b)(2).

27. Furthermore, the ADA create a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary.

28. The defendants' failure to provide the reasonable modifications that plaintiff require without more, then a mere speculation or a good faith belief that plaintiff was not entitled under a statutory provision for a reasonable accommodation to individuals with disabilities and unable to fulfill its obligations in the settlement, in Rivera, et. al. v. Rowland et al, constitutes "discrimination" within the meaning of the ADA.

V. LEGAL CLAIMS

29. Pursuant to 42 U.S.C. § 1983, 1985, and 1986 there are basis to the claims set forth herein that provides a cause of action for violations of federal statutes by state and local governmental units.

Page 9

30. Pursuant to 42 U.S.C. § 12101 et seq., there are basis to the claims set forth herein that creates a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary and adequate under the criteria of the ADA.

31. Pursuant to 28 C.F.R. § 35.130(b)(3) there are basis to the claims set forth herein that ensure meaningful access to the benefits and services which are entitled under the criteria of the ADA.

32. Pursuant to 28 C.F.R. § 35.130(b)(7), there are basis to the claims set forth herein, defendants will fail to make reasonable modifications in policies, practices, and procedures when the modifications are necessary to avoid discrimination on the basis of disability.

33. Pursuant to 28 U.S.C. § 1367 (a)-1391, there are basis to the claims set forth herein of state law claims and the state constitution.

Page 10

VI. FIRST CAUSE OF ACTION

34. Paragraph one through thirty three are incorporated and realleged as fully set forth herein.

35. Defendant Karpe, acted with maintenance and maliciously with the specific intent to deprive the plaintiff's constitutional under the first, fifth, sixth, eight and fourteenth amendment of the United States, and article first, section one, eight, ten, and twenty of the State of Connecticut.

VII. SECOND CAUSE OF ACTION

36. Paragraph one through thirty five are incorporated and realleged as fully set forth herein.

37. Defendant, Karpe, acted with wanton, reckless disregard the rights of plaintiff, without due care, and grossly negligent into investigation of a mental disability, containing a right to a contemporaneous hearing, entitled to a mental disability under a statutory provision that protects a substantive interest. . .

Page 11

... where, the plaintiff was deprived of entitlement of a state procedure which resulted in deprivation of rights Afforded under the ADA; 29 C.F.R. § 601-1602, 1610-14 and 28 C.F.R § 35.

VII. THIRD CAUSE OF ACTION

39. Paragraph one through thirty eight Are incorporated and realleged as fully set forth herein.

40. Defendant Karpe, Acted with deliberate indifference with a reckless disregard to the federally protected rights of the plaintiff which resulted in An intentional failure to perform A manifest duty to the public, in the performance of which the public And the party injured had A interest, wrongfully failed to protect the plaintiff's federal and state constitutional rights.

XI. FOURT CAUSE OF ACTION

41. Paragraph one through forty Are incorporated and realleged as fully set forth herein.

Page 12

42. Defendant Karpe, acted with malpractice, engaged in conduct of misrepresentation, adverse to the interest of his client, knowingly refuse to observe constitutional mandate, and substantial departure from accepted practice based on a decision to deprive the plaintiff's due process under the federal and state constitution.

X. FIFTH CAUSE OF ACTION

43. Paragraph one through forty two are incorporated and realleged as fully set forth herein.

44. Defendant Karpe, acted with willfulness, and deliberate indifference to conform to statutory dictates and failed to provide need for accommodation that was obvious and required by statute and regulation based on the claim of disability was practiced discrimination under the ADA, and deprivation of the federal and state constitution.

XI. SIXTH CAUSE OF ACTION

45. Paragraph one through forty four are incorporated and realleged as fully set forth herein.

Page 13

46. Defendant Smyth, acted, knowingly, reckless with gross negligent and deliberate indifference, to ensure adequate, training, monitoring, and supervision of public defenders, including the duty and responsibility of representation of clients with mental illness was a deprivation of the plaintiffs constitutional rights, under the first, fifth, sixth, and fourteenth amendment of the United States, and article first, section one, eight, ten, and twenty of the State of Connecticut.

XII SEVENTH CAUSE OF ACTION

47. Paragraph one through forty six are incorporated and realleged as fully set forth herein.

48. Defendant Smyth acted with intentional discrimination and deliberate indifference to the strong likelihood that a violation of federal protected rights will result from failure to implement policy to prevent deprivation of rights of clients with mental illness under the ADA to ensure a state operated institution satisfied its obligations to residents under the Due Process Clause of federal and state laws.

Page 14

XIII. EIGHT CAUSE OF ACTION

49. Paragraph one through forty eight are
incorporated and realleged as fully
set forth herein.

50. Defendant Smyth acted arbitrary, and
capricious in denying the plaintiff
the benefits of the services, programs, and
activities of a public entity, and subjected
to discrimination by such entity; 42 U.S.C.
§ 12132.

XIV. NINETH CAUSE OF ACTION

51. Paragraph one through fifty are incorporated
and realleged as fully set forth
herein.

52. Defendants Karpe / Smyth acted with
egregious failure to protect and
gross negligence, subjected the
plaintiff to psychological and emotional trauma,
anxiety and pain and suffering and from
their callous indifference was a deprivation
that shock the sensibilities, causing cruel
and unusual punishment, a violation of the
eight amendment under the United States
Constitution.

Page 15

XV. EQUITY

53. Plaintiff have no plain, adequate, or complete remedy at law to redress the wrong set forth and described herein.

54. Plaintiff have been and will continue to suffer irreparable injury by the acts and conducts of the defendants unless the court grants the herein relief.

XVI. RELIEF

55. Plaintiff seeks the following relief:

A. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 54, 57 and 58, Fed. R. Civ. P., this court declares that defendants have violated Title II of the American with Disabilities Act of 1990, 42 U.S.C. § 12101 - 12132 et seq. and its implementing regulations, and directives under the settlement agreement in Rivera, et al v. Rowland, et al., supra.

b. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 54, 57 and 58, Fed. R. Civ. P., this court declares that defendants have violated the Due Process clause of the State of Connecticut and United States and

Page 16

Article First, section one, eight, ten and twenty of the Connecticut Constitution

c. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 54, 57 and 58, Fed. R. Civ. P. this court declares that defendants violated the First, Fifth, sixth, eight, and fourteen amendment of the United States Constitution.

d. Pursuant to Rules 57 and 65, Fed. R. Civ. P. this court issue a preliminary and permanent injunction that defendants adhere to Title II of the American with Disabilities Act of 1990, 42 U.S.C. § 12101-12132 et seq and its implementing regulations and directives and settlement agreement in Rivera et al v. Rowland, et al, Id.

e. Jury demand

f. Compensatory damages, exceed 10,000, each defendant.

g. Punitive damages, exceed 10,000, each defendant.

Page 17

h. Pursuant to 42 U.S.C. § 12205; 29 U.S.C. § 794a(b), the plaintiff sought attorney's fees and costs in this action.

i. Such other and further relief that the court deems to be appropriate and just.

CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Thomas Browdy, the plaintiff in the above captioned case, declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

PLAINTIFF - PRO SE
THOMAS BROWDY
By _____
Thomas Browdy
287 Bilton Rd
Somers, Ct. 06071-665

I hereby certify that a copy of the foregoing was mailed, first class on this day of July, 2003
to:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St.
Hartford, Ct. 06105

_____
THOMAS BROWDY