UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 OCT 15 P 12: 04

| | | |
|---|---|---|
| THOMAS BROWDY | : | PRISONER<br>CIVIL NO. 3:00CV1866 (CFD)(WIG) |
| V. | : | |
| BRIAN S. KARPE, ET Al. | : | OCTOBER 10 2003 |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER COMPELLING DISCLOSURE**

This case is a civil rights action by Thomas Browdy, an inmate of the Connecticut Department of Correction. The defendants are Brian S. Karpe, an attorney who was appointed special public defender for Mr. Browdy, and Gerard A. Smyth, Chief Public Defender. The gravamen of the Amended Complaint is plaintiff's disagreement with his appointed attorney over whether to request a competency evaluation for the plaintiff prior to his trial. Amended Complaint, paras. 6-9. He proceeded to represent himself, but he does not indicate whether he ever sought a competency exam while representing himself. Amended Complaint, para. 11. He alleges that the defendant Karpe continued to plea bargain. Amended Complaint, para. 12. Plaintiff alleges he was coerced into pleading guilty. Amended Complaint, para. 14. He alleges that the defendant Smyth failed to correctly train and monitor Karpe, as allegedly required by a class action settlement. Amended Complaint, paras. 15-17. He claims violation of federal and state constitutional rights including violations of the Americans with Disabilities Act and legal malpractice.

In particular, he states that it is a material fact not in dispute that "at the time of post trial proceedings that he was under psychiatric treatment by a psychiatrist and psychologist and receiving medication for treatment, prozac and benaderyl [sic]." Statement of Material Facts,

Attachment A. He further supplies selective records, purportedly from his Department of Correction medical file, in support of his statement.

The defendants requested this information, and other facts essential to the defense of this matter by way of Interrogatories and Requests for Production dated September 7, 2001 and again requested this information on April 16, 2002 in an effort to resolve this dispute without need for court intervention, to no avail. Attachment B, C. The information and releases have never been provided. The information is necessary for the defense and should be ordered.

Particularly, with regard to the need for a medical records release, the District Court looks to the law of the state. Felber v. Foote, 321 F. Supp. 85, 88 (D.Conn. 1970). In Connecticut, when a plaintiff puts his medical or psychiatric condition in issue, he may be ordered to provide a medical records release and if he refuses to sign, a non-suit may enter. See, e.g., Conrad v. Stop & Shop Cos., 2003 Conn. Super. LEXIS 213 (Memorandum, January 21, 2003); see also Spahn v. Griffith, 101 A.D.2d 1011, 476 N.Y.S. 2d 676 (1984); Lippian v. Lippian, 1984 Ohio App. LEXIS 9902 (1984); Mullins v. Lloyd, 1991 Tex. App. LEXIS 2856 (1991); McCall v. Burns, 1989 Me. Super. LEXIS 148 (1989); Bosarg and Highlands Inc. Co. v. Penrod, 1998 U.S. Dist. 9829 (1988). That there may be some irrelevant information mixed in with the relevant records is not grounds for refusing to comply as some may lead to the discovery of admissible evidence. Roberts v. Nicolia, 8 Pa. D. & C. 4th 92, 1990 Pa. D. & C. LEXIS 365 (1990). If plaintiff's condition is in controversy, inspection of medical records is appropriate. Conlin v. Birritella, 224 A.D. 2d 381, 66 S.D.N.Y. 550 (1997). Blank inspections, in some cases, will not be allowed. Walker v. Liberty Mutual Ins. Co., 148 F.R.D. 365 (1970); Cox v. Capitol Erectors, 1991 Conn. Super. LEXIS 3101 (1991). Appropriately limited releases are required. Doelfel v. Trevisani, 664 So. 2nd 1359 (1994).

2

The requested information and releases are appropriate in this case and should be required. Defendants request an order accordingly and further ask the court to order plaintiff to supply accurate names and addresses for the physicians identified.

DEFENDANTS
Brian Karpe, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of October, 2003:

Thomas Browdy #68325
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

/s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General