FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2005 OCT 15 P 12: 04

PRISONER

| | | |
|---|---|---|
| THOMAS BROWDY | : | CIVIL NO. 3:00CV1866 (CFD)(WIG) |
| v. | : | |
| BRIAN S. KARPE, ET AL. | : | OCTOBER 10    2003 |

## AFFIDAVIT

| | | | |
|---|---|---|---|
| State of Connecticut | ) | | |
| | ) ss: Hartford | October 10, 2003 | |
| County of Hartford | ) | | |

The undersigned, Robert F. Vacchelli, being duly sworn, deposes and says:

1.     I am an Assistant Attorney General assigned to represent the defendants in the above case.

2.     On September 7, 2001, I requested plaintiff to answer certain Interrogatories and Requests for Production in this case, and requested an appropriate Medical Records Release.  See Attachment B.

3.     On April 16, 2002, I again requested a response in lieu of the need to file a motion for a court order in a good faith effort to resolve the issue.  See Attachment C.

4.    To date, plaintiff has not responded to these requests.

Dated at Hartford, Connecticut this _10th_ day of _October_ , 2003.

_Robert F. Vacchelli_ .
Robert F. Vacchelli
Assistant Attorney General

Subscribed and sworn to before me this _10th_ day of _OCTOBER_ , 2003.

Commissioner of the Superior Court

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this _10th_ day of October, 2003:

> Thomas Browdy #68325
> Northern Correctional Institution
> 287 Bilton Road
> P.O. Box 665
> Somers, CT  06071

_Robert F. Vacchelli_ .
Robert F. Vacchelli
Assistant Attorney General

2

# ATTACHMENT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS BROWDY           : CIVIL NO. 3:00CV1866 (CFD)

                        :

VS.                     :

                        :

BRIAN S. KARPE, et al   : September 25, 2003

- - - - - - - - - - - - :

STATEMENT OF THE UNDISPUTED FACTS
THE PLAINTIFF BELIEVES ENTITLE HIM
TO SUMMARY JUDGEMENT

Pursuant to Rule 56(e), Fed. R. Civ. P.
and Local Rule 9, the plaintiff hereby
file a statement of the undisputed facts
in the above entitle case that entitle him
to summary judgment.

Material Facts not in dispute; defendant
Karpe represented the plaintiff in a
criminal matter in the judicial district of
Manchester Superior, pursuant to the
statutory provisions, Conn. Gen. Stat. § 51-296;
See, verified second amended complaint,
pg. 2, para. 5-6 and pg. 3, para. 8-9.

2

Material Facts not in dispute; plaintiff, at the time of post trial proceeding, that he was under psychiatric treatment by a psychiatrist and psychologist and recieving medication for treatment, prozac and benadryl. See, attachment A-exhibit, connecticut correctional institution mental health records.

Material Facts not in dispute; plaintiff, in the post proceeding, communicated to defendant Karpe, that he was being treated for mental health and was under precribed medication for treatment. See, verified second amended complaint, pg 3, par. 10.

Material Facts not in dispute, plaintiff requested a competency or psychiatric evaluation accordance with the statutory provisions, Conn. Gen. Stat. § 54-56 (d), and defendant, Karpe, refused to request a psychiatric examination or even investigated. See, attachment B-exhibit, certified transcript, pg 6, line 11 through 27, pg 7-8-9-10 and pg 11, line 1, through 13, and

3

Material facts not in dispute; defendant Karpe, requested withdrawn of his representation, because conflict of interest. See, Attachment B- exhibit, certified, transcript, pg. 1, line 21 through 27, and verified second complaint, pg. 4, para. 13.

Material facts not in dispute; plaintiff requested the court to proceed pro se or retain another attorney to represent him, and once again defendant Karpe, requested the court to withdraw. See, Attachment B- exhibit, certified transcript pg. 11, line 21 through 27 including pg. 12- through pg. 19; verified second amended complaint, pg. 4, para. 13-14.

Material facts not in dispute; the court proceeded in allowing the plaintiff's pro se, representation or retain an attorney at plaintiff expence and defendant Karpe filed a motion to withdraw. See, Attachment C- exhibit, certified transcript pg. 1 through 8, including verified second amended complaint pg. 4, para. 15

4

Material Facts not in dispute; defendant Hype, proceeded to engage in a plead negotiation in opposition of the plaintiff's request for a psychiatric evaluation and conflict of interest and, with disregard to the waiver of counsel by the plaintiff. See, Attachment B-C, exhibit, certified transcript, entirety including verified second amended complaint pg. 5, para 16-17 and 18.

Material Facts not in dispute; defendant Smyth, is responsible to adopt and put into effect notice of settlement in River, et al, v. Rowland, et al, No. cv.-95-55-456295. See, Attachment D, exhibit, class, action complaint River, et al v. Rowland, et al, including verified second amended complaint pg 6 para. 19 through 22.

DECLARATION

Pursuant to 28 U.S.C, §1746, I, Thomas Brawdy, hereby declare, under the penalty of perjury all materials submitted as exhibits, is a true attest copy of the court records.

-5-

Plaintiff - pro se
Thomas Browdy

By: _____

Thomas Browdy
287 Bitton Rd.
Somers, Ct. 06071-665

I hereby certify that a copy of the
foregoing was mailed, first class on
this 25, day of September 25, 2003
to:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St.
Hartford, Ct. 06105

_____
Thomas Browdy pro se

# ATTACHMENT B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  | PRISONER |
|---|---|
| THOMAS BROWDY | : CIVIL NO. 3:00cv1866(CFD)(WIG) |
| V. | : |
| BRIAN S. KARPE, ET AL. | : SEPTEMBER 7 , 2001 |

### DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

The defendants Brian S. Karpe, et al., by and through their undersigned counsel, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, request that the plaintiff answer, under oath, the following Interrogatories and respond to the following Requests for Production within the time allowed by Federal Rules.


**A.   INTERROGATORIES**

1.   Please state the following:

a.   your full name and other name(s) by which you have been known;

b.   your date of birth;

c.   your social security number;

d.   your home address; and

e.   name and address of all employers during the previous five years.

**RESPONSE:**

 

2.   Please state the dates, times and places where you requested the defendant, Brian Karpe, for a mental competency examination, and state the names and addresses of all witnesses to the request(s).

**RESPONSE:**

 

3.   Please state, in detail, the reasons you gave the defendant, Brian Karpe, for your eligibility for a competency examination on the dates stated in answer to Interrogatory No. 2, including the names of the prescribed psychotic medications and the names and addresses of the psychiatrists and psychologists who were caring for you, as alleged in paragraph 9 of your complaint.

**RESPONSE:**

2

4.  Please state whether you ever challenged the legality of
your conviction which is the subject of the above case, and, if
so, identify the case docket number, court and the disposition.

**RESPONSE:**

5.  Please state the date on which you pled guilty, which is
the subject of the above case, and the facts which demonstrate
that that you were mentally incompetent to plead guilty on that
date; state the name and address of any mental health
practitioner who declared you to be mentally incompetent as of
that date; and, if you claim your competency has been restored,
state that date when it was so restored and the name and address
of any mental health care practitioner who gave you that opinion.

**RESPONSE:**

6.  Please state the facts which support your allegations
that the defendants knew or should have known that you were

3

mentally incompetent to plead guilty in the case which is the subject of the above case:

        (a) As to Brian Karpe;

        (b) As to Joseph Shortall.

**RESPONSE:**

    7.   Identify and list each injury you claim to have sustained as a result of the incidents alleged in your Complaint.

**RESPONSE:**

    8.   If you claim any condition or disability, or the lighting up of any preexisting condition or disability, as a result of the acts alleged in your Complaint, describe in detail the nature and extent of your conditions or disabilities and state for each whether or not they are claimed to be permanent.

**RESPONSE:**

4

9.    Identify each doctor, hospital or other practitioner or institution from whom or at which you received examination or treatment for the injuries alleged in your claim, and, as to each doctor, hospital or practitioner named, state the date and place of each examination, the diagnosis, and the treatment or medications prescribed or rendered.

**RESPONSE:**

10.    Identify every person known to you or your representative who witnessed anything pertaining to the events or injuries alleged in your Complaint, including the name and address of any person known to you or your representative who was at the scene of the events which you allege caused your injury.

**RESPONSE:**

11.    List each item of special damage, loss, and expense which you claim resulted from the acts of the defendants which

5

you allege occurred in your Complaint, including but not limited to, hospital and medical expenses, lost earnings, household and other help at home and in business, and property damage, and state the name and address of the organization or person to whom each item of expense was paid or is payable.

**RESPONSE:**

12.  Describe in detail any disease, disability or defect, whether physical, mental or emotional, from which you were suffering prior to and at the time of the incidents alleged in your Complaint.

**RESPONSE:**

13.  If, at any time subsequent to the incidents alleged in your Complaint, you had any accident, serious illnesses or mental health problems or operations, describe in detail their nature and the dates when each occurred.

6

**RESPONSE:**

14.  Identify, by name and address, each person whom you expect to call as a witness, other than an expert witness, at trial, and state the subject upon which he or she is expected to testify.

**RESPONSE:**

15.  Identify, by name and address, each person whom you expect to call as an expert witness at trial, state his or her area of expertise, and state the subject upon which he or she is expected to testify.

7

**RESPONSE:**

Dated at _____, Connecticut this ____ day of

_____, 2001.

_____
Thomas Browdy

Subscribed and sworn to before me this ____ day of _____,
2001.

_____
Notary Public

**B.    REQUESTS FOR PRODUCTION**

1.   Copies of all documents, reports, records, test results,
x-rays and correspondence by or to any hospital, physician or
other practitioner, including psychologists or psychiatrists,
relating to the alleged injuries of the plaintiff.  (Blank
authorization enclosed.)

8

2.  Copies of itemized bills covering all the special damages, losses and expenses claimed in answer to Interrogatory No. 11.

3.  Copies of all statements or records of payments resulting from insurance coverage or other sources which defrayed the costs of losses or expenses listed in answer to the Interrogatories.

4.  Copies of all documents, reports, records, test results, x-rays and correspondence by or to any hospital, physician or other practitioners, including psychologists or psychiatrists, named in answer to Interrogatory Nos. 12 and 13 (dealing with prior or subsequent injuries, etc.).  (Blank authorization enclosed.)

5.  Authorizations directed to each employer named in answer to Interrogatory No. 1 permitting the undersigned or his representative to obtain full information and copies of documents and records concerning the employment of the plaintiff, including

9

payroll, attendance, medical and other personnel records.   (Blank
authorization enclosed to counsel.)

6.   If lost earnings or earning capacity is claimed, copies
of all the income tax returns of the plaintiff for the tax years
immediately preceding and following the injury, and if loss of
earnings or loss of earning capacity beyond that time is claimed,
the tax returns for each succeeding year at the time of trial.

7.   Copies of all correspondence with, and all reports of,
each expert identified in your answer to Interrogatory No. 15 who
communicated with you or your representative in writing.

8.   Copies of non-privileged statements given by the
plaintiff, and statements of all witnesses collected by him or
his agents or representatives concerning the events and injuries
alleged in Complaint.

9.   Copies of all documents, photographs, videotapes, x-rays or other depict ions or reports which document or depict the events and injuries of which the plaintiff complaints.

                                   DEFENDANTS
                                   Brian S. Karpe, et al.

                                   RICHARD BLUMENTHAL
                                   ATTORNEY GENERAL

                          BY: /s/ Robert F. Vacchelli
                                   Robert F. Vacchelli
                                   Assistant Attorney General
                                   MacKenzie Hall
                                   110 Sherman Street
                                   Hartford, CT  06105
                                   Tel. (860) 808-5450
                                   Federal Bar #ct05222

11

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to the following on this 7ᵗʰ day of September, 2001:

Thomas Browdy
Inmate No. 68325
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

Robert F. Vacchelli
Assistant Attorney General

12



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

(860) 808-5318

Office of The Attorney General
## State of Connecticut

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS BROWDY            :        CIVIL NO. 3:00CV1866 (CFD)(WIG)

    V.            :

BRIAN S. KARPE, ET AL.        :        SEPTEMBER 7, 2001

## EMPLOYMENT RECORDS RELEASE

To:

Re:    Thomas Browdy

Date of Birth:

    You are hereby authorized and requested to furnish ROBERT F. VACCHELLI, Assistant Attorney General, or his authorized representative, any and all records or information that he may request regarding my present or past employment and to allow him to see or copy any personnel, salary and medical or employment history records regarding my present or past employment.

    Dated at _____, Connecticut, this _____ day of _____, 2001.

_____
Thomas Browdy

# ATTACHMENT C



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

(860) 808-5318

*Tel. ( 860 ) 808-5450*
*Fax. ( 860 ) 808-5591*

Office of The Attorney General
## State of Connecticut

April 16, 2002

Thomas Browdy
Inmate No. 68325
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

**RE: BROWDY V. KARPE, ET AL.**

Dear Mr. Browdy:

    Our records indicate that the defendants in the above case issued Interrogatories and Requests for Production on September 7, 2001, but we have received no answers to date. Another set of the Interrogatories and Requests for Production is attached.

    Please furnish us with the answers within ten days of the above date, or we will file an Motion for an appropriate court order.  Thanks.

Very truly yours,

Robert F. Vacchelli
Assistant Attorney General

RFV
Enclosure