| | |
|---|---|
| CR99-0168971-S | SUPERIOR COURT |
| STATE OF CONNECTICUT | HARTFORD JUDICIAL DISTRICT |
| VS. | G.A. #12 AT MANCHESTER |
| THOMAS BROWDY | MARCH 23, 2000 |

## SUBSTITUTED INFORMATION

COUNT ONE: The Undersigned Assistant State's Attorney for the State of Connecticut accuses said Defendant of the crime of LARCENY IN THE FIFTH DEGREE in violation of Connecticut General Statutes Section 53a-125a and alleges that on or about July 26, 1999, at approximately 8:16 p.m., in the Lord & Taylor Stores at the Buckland Hills Mall, Manchester, Connecticut, said Defendant acting with the intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully took, obtained or withheld such property from the owner, Lord & Taylor, and the value of the property exceeded two hundred fifty dollars, to wit: $354.50.

COUNT TWO: The Undersigned Assistant State's Attorney for the State of Connecticut accuses said Defendant of the crime of LARCENY IN THE FIFTH DEGREE in violation of Connecticut General Statutes Section 53a-125a and alleges that on or about July 26, 1999, at approximately 8:16 p.m., in the Champs Sporting Goods Store at the Buckland Hills Mall, Manchester, Connecticut, said Defendant acting with the intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully took, obtained or withheld such property from the owner, Champs Sporting Goods Store, and the value of the property exceeded two hundred fifty dollars, to wit: $345.63

COUNT THREE: The Undersigned Assistant State's Attorney for the State of Connecticut accuses said Defendant of the crime of CONSPIRACY TO COMMIT LARCENY IN THE FIFTH DEGREE in violation of Connecticut General Statutes Section 53a-125a and alleges that on or about July 26, 1999, in the Lord & Taylor Stores at the Buckland Hills Mall, Manchester, Connecticut, said Defendant with the intent to deprive another of property or to appropriate the same to himself or a third person, he agreed with one or more persons, To wit: Rosa Mendez to wrongfully take, obtain or withhold such property from the owner, Lord & Taylor, and any one of them committed an overt act to wit: use of a stolen credit card to wrongfully obtain merchandise, and the value of the property exceeded two hundred fifty dollars, to wit: $354.50.

COUNT FOUR: The Undersigned Assistant State's Attorney for the State of Connecticut accuses said Defendant of the crime of CONSPIRACY TO COMMIT LARCENY IN THE FIFTH DEGREE in violation of Connecticut General Statutes Section 53a-125a and alleges that on or about July 26, 1999, in the Champs Sporting Goods Store at the Buckland Hills Mall, Manchester, Connecticut, said Defendant acting with the intent to deprive another of property or to appropriate the same to himself or a third person, he agreed with one or more persons, To wit: Rosa Mendez to wrongfully take, obtain or withhold such property from the owner, Champs Sporting Goods Store, and any one of them committed an overt act to wit: use of a stolen credit card to wrongfully obtain merchandise, and the value of the property exceeded two hundred fifty dollars, to wit: $345.63.

COUNT FIVE: The Undersigned Assistant State's Attorney for the State of Connecticut accuses said Defendant of the crime of INTERFERE WITH AN OFFICER in violation of 53a-167a, and

alleges that on or about July 6, 1999, at approximately 8:16 p.m., in the vicinity of the Buckland Hills Mall, Manchester, CT, said Defendant, obstructed or hindered a peace officer in the performance of his duties, to wit: Officer Scott McGill, Manchester Police Department.

COUNT SIX: The Undersigned Assistant State's Attorney for the State of Connecticut accuses said Defendant of the crime of FORGERY IN THE THIRD DEGREE in violation of 53a-140, and alleges that on or about July 6, 1999, at approximately 8:16 p.m., at the Manchester Police Department, Manchester, Connecticut, said Defendant acting with intent to defraud, deceive or injure another, said Defendant falsely made, completed or altered a written instrument, to wit: official documents.

Dated in Manchester this 23rd day of March, 2000.

STATE OF CONNECTICUT

Deborah P. Mabbett
Assistant State's Attorney

## CERTIFICATION

A copy of the foregoing request was delivered on or about 23rd day of March, 2000, to all counsel of record as required by Connecticut Practice Book Section 10-12 et seq.

STATE OF CONNECTICUT

_Deborah Mabbett_
Deborah P. Mabbett
Assistant State's Attorney

CR99-168971                                    SUPERIOR COURT

STATE OF CONNECTICUT                           HARTFORD JUDICIAL DISTRICT

VS.                                            G.A. #12 AT MANCHESTER

THOMAS BROWDY


### PART B INFORMATION

### PERSISTENT LARCENY OFFENDER


The Undersigned, Deborah P. Mabbett, Assistant State's Attorney for the Judicial District of Hartford complains that the above-named Defendant has twice been convicted of the crime of Larceny, to wit: Larceny in the Sixth Degree in New London Superior Court on May 10, 1996; and Larceny in the Sixth Degree in Manchester Superior Court on March 31, 1994.


THE STATE OF CONNECTICUT


_____
Deborah P. Mabbett
Assistant State's Attorney

Feb 23  4 45 PM '00

# Manchester Police Department

| Continuation ☒ Supplement ☐ | Narrative Supplement | O.R. # 99-5196 |
|---|---|---|

| Incident Status | UCR Disposition | Disposition Date | Scene Processed? Y ☐ N ☐ Prints ☐ Photos ☐ Statements ☐ Other ☐ |
|---|---|---|---|

| Evidence Collected? 1-Yes 2-No | Evidence Location? | Related Report Case Number(s) |
|---|---|---|

On 7/26/99 I was dispatched to Lord & Taylor at the Buckland mall for a report of two shoplifters in custody. I arrived and interviewed Ruth Nazario who is employed at Lord & Taylor as security. I learned the following:

Nazario and other security officers from Lord & Taylor observed two individuals; a black male and a Hispanic female enter Lord & Taylor. The male selected merchandise and the female charged the merchandise, which was valued at $354.50 on a credit card. Security checked out the purchase, which they felt was suspicious. Nazario followed the male and female who left Lord & Taylor and went into Champs Sporting Goods. While at Champs, the male and female made another purchase charging $345.63 on a credit card. Lord & Taylor Security learned that the credit card used to make the purchase in their store had been reported stolen. The male and female were stopped and brought back to Lord & Taylor where security learned that the purchase made at Champs was also made with the stolen credit card.

The credit card was identified as an American Express Corporate card belonging to Mary Clarke. I spoke with Clark who had reported the card stolen in Hartford earlier today (Hartford Police Case # 9935785). Neither the male nor the female had any identification on them. The female identified herself as Abigal Melendez and the male identified himself as Thomas Brody. I asked both Brody and Melendez the spelling of their first and last names in the presence of Lord & Taylor Security. I advised Brody and Melendez that if they had given Lord & Taylor or myself any false information that they needed to tell me now so it could be corrected. Both stated they had been truthful. I advised both of them if they were lying about any information and did not correct it now they would be charged. Both again stated they were truthful.

I secured the receipts from Lord & Taylor and Champs, which had Melendez signing the receipts impersonating Clarke. I also seized the following evidence:

Lord & Taylor
(2) video tapes
(4) shirts
(1) jacket
(1) pair of shorts
(1) Hat

Champs
(3) pair of sneakers
(1) package of socks
(1) shirt
(1) pair of shorts

Melendez and Brody were transported to Police HQ where (2) PSA's and I attempted to process them. Brody stated he had been arrested however no record was found. We confirmed the spelling of his name with him several times. Brody signed the fingerprint cards and rights form using the name Thomas Brody.

Melendez admitted to PSA Monaco that she was lying about who she was. Melendez identified herself as Rosa Mendez and stated she was wanted by the State Police. Mendez also stated Brody's last name was spelled Browdy. When we ran Browdy through NCIC with the new spelling we learned that Browdy had been arrested numerous times and had numerous aliases. We also learned the date of birth Browdy gave us was wrong.

Sworn to and subscribed before me this 27 day of Jul 19 99

Law enforcement officer / Notary signature: _____ Title: Lt

| Reporting Officer | EMP. Number | Date | Supervisor | EMP. Number | Date |
|---|---|---|---|---|---|
| S. McGuir | 5015 | 7/27/99 | Lt Richard | 2205 | 7/27/99 |

Manchester Police Department
Case 3:00-cv-01866-CFD    Document 67-3    Filed 11/12/2003    Page 7 of 15

| Continuation ☒ Supplement ☐ | | Narrative Supplement | O.R. # 99-5196 |

| Incident Status | UCR Disposition | Disposition Date | Scene Processed? Y ☐ N ☐ |
| | | | Prints ☐ Photos ☐ Statements ☐ Other ☐ |
| Evidence Collected? 1-Yes 2-No | Evidence Location? | | Related Report Case Number(s) |

Mendez and Browdy's fingerprints were sent to the FBI for verification. When I confronted Browdy about the spelling of his name he stated, "it don't matter. Nothin is gonna happen to me anyway. It never does." The fingerprint cards and rights form Browdy signed when using the last name Brody were seized and logged into evidence. Browdy refused to be fingerprinted with the right name even after he was advised he would be charged with refusing to submit. Browdy stated, "go ahead, charge me with it."

Mendez charged items with a stolen credit card, which she stated she obtained in Hartford. She signed the charge slips with one name and when apprehended stated she as another person, even after being given numerous chances to tell the truth.

Browdy selected clothing items with Mendez to be charged on the stolen credit card. When apprehended, Browdy changed the spelling of his name in an attempt to hide his true identity and signed official documents during the booking process to avoid detection even after he was also given numerous chances to tell the truth. He also refused to submit to fingerprinting after Mendez revealed his identity. Mendez and Browdy were both in possession of the items charged to the credit card when they were apprehended.

Mendez was charged with Larceny in the Fifth Degree CGS 53a-125a (2 CTS), Conspiracy to Commit Larceny in the Fifth Degree CGS 53a-48/125a (2 CTS), Criminal Impersonation CGS 53a-130 (2CTS), Forgery in the Second Degree CGS 53a-139 (2CTS), Illegal Use of a Credit Card CGS 53a-128d (2CTS), Credit Card Theft CGS 53a-128c and Interfering with an Officer CGS 53a-167a.

Browdy was charged with Larceny in the Fifth Degree CGS 53a-125a (2CTS), Conspiracy to Commit Larceny in the Fifth Degree CGS 53a-48/125a (2CTS), Criminal Impersonation CGS 53a-130, Forgery in the Third Degree CGS 53a-140, Interfering with an Officer CGS 53a-167a and Refuse to Submit to Fingerprinting CGS 29-12.

Both Mendez and Browdy were held on bond. No further action at this time.

Sworn to and subscribed before me this 27 day of Juc, 19 99

Law enforcement officer / Notary signature: _____  Title: Lt

| Reporting Officer | EMP. Number | Date | Supervisor | EMP. Number | Date |
| S. McGill | 5015 | 7/27/99 | H Kerluk | 22~ | 7/27/99 |

# MITTIMUS

C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-75, 18-82, 54-2a, 54-64b, 54-92a, 54-96b, 54-97, 54-98
Pr/Bk. Sec. 929-932a

JD-CR-38 Rev 9-94

## STATE OF CONNECTICUT
## SUPERIOR COURT

**INSTRUCTIONS TO CLERK**
Prepare a separate Mittimus for each file.

**TO OFFICER**
Original to receiving facility; return copy to court.

- [X] JUDGMENT
- [ ] CONTINUANCE
- [ ] FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a

**TO: Any Proper Officer**

| DOCKET NO. | NAME OF DEFENDANT | DATE OF BIRTH | DATE OF DISPOSITION | DATE SENTENCE TO BEGIN (If different) |
|---|---|---|---|---|
| CR99-168971 | Brundy, Thomas | 8/2/56 | 3/23/00 | 4/18/00  5-3-00 |

NAME AND LOCATION OF RECEIVING FACILITY | NAME AND LOCATION OF COURT

[X] CRIME(S) CONVICTED
[ ] CRIME(S) CHARGED

| FIRST COUNT - STATUTE NO. | DATE OF OFFENSE | SECOND COUNT - STATUTE NO. | DATE OF OFFENSE | THIRD COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|---|
| 53a-125a | 7/20/99 | 53a-48/53a-125a | 7/26/99 | 53a-48/53a-125a | 7/26/99 |

| FOURTH COUNT - STATUTE NO. | DATE OF OFFENSE | FIFTH COUNT - STATUTE NO. | DATE OF OFFENSE | SIXTH COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|---|

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 24 months | 2 months | 2 months | | | | 26 months |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

Persistent Larceny Offender
Count #1 consecutive to #2, concurrent to #3
Other counts nolled.   * Def to receive treatment for dental work @ Northern

(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)

[ ] And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. (A defendant may not be incarcerated for failing to pay fees or costs.)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|

[ ] The Defendant is entitled to sentence credit of _____ days.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

TO BE HELD AT (Name and address of court) | [ ] J.D. [ ] G.A. | ON (Date) | SURETY BOND AMOUNT

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

SIGNED (Assistant Clerk) | By Order of the Court | DATE SIGNED 3/23/00

RECEIVING FACILITY TIME STAMP

**ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT**
I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY

TITLE OF DELIVERING OFFICER | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVING OFFICER

| NAME OF ACCUSED (Last, First, Middle) | | | | | | | | 1098359 |
|---|---|---|---|---|---|---|---|---|
| Browdy, Thomas | | | | | | | | |
| NO., STREET, CITY AND STATE | | | | | | | | COMPANION U.A.R. NO. |
| | | | Hartford, CT | | | | | |
| SEX | RACE | DATE OF BIRTH | PLACE OF BIRTH | SOCIAL SECURITY NO. | | | | DOCKET NO. |
| M | B | 8/2/56 | Hartford, CT | | | | | 106907 |
| ALIAS/MAIDEN NAME | | | ALIEN REG. NO. | OPERATOR'S LICENSE NO. | | | STATE | DATE AND TIME ARRESTED |
| Boddy, Thomas | | | | | | | | 7/26/99  2016 |
| ☐ SURETY  ☐ DETAINED | AMOUNT OF BOND $20,000. | ☒ CASH  ☐ OTHER | COMMERCIAL/HAZ. MAT. ☐ CDL  ☐ CV  ☐ HM | | | TOWN OF ARREST Manchester | | TOWN OF OFFENSE Manchester |
| CHARGES AND STATUTE NO. | | | | | ALC. | NAR. | COURT DATE | |
| 53a-125a Larc. 4th (2CTS) / 53a-167a INTERFERING | | | | | ☐ | ☐ | 8/5/99 | |
| 53a-48/125a Consp. to commit Larc. 5th (2CTS) | | | | | | | G.A. NO. | |
| 53a-130 Criminal Impersonation | | | | | | | DATE FINGERPRINTED | |
| 53a-140 Forgery 3rd / 29112 Refuse to finger. | | | | | 12 | | | |
| ARRESTING OFFICER | | | SHIELD NO. | | | | | |
| OFC. S. McGill | | | 5018 | | | | | |
| DEPARTMENT OR TROOP/ORI | | | | | | | | |
| Manchester | | | | | | | | |

**UNIFORM ARREST REPORT** JD-CR-21 Rev. 11-95                                COURT ORIGINAL

# EXHIBIT C

| | | |
|---|---|---|
| DOCKET NO. 99-168971 | : | MANCHESTER SUPERIOR COURT |
| STATE OF CONNECTICUT | : | J.D. OF HARTFORD/NEW BRITAIN |
| VS. | : | AT MANCHESTER |
| THOMAS BROWDY | : | FEBRUARY 18, 2000 |

HEARD BEFORE:

HONORABLE DAVID M. BARRY, JUDGE

A P P E A R A N C E S:

FOR THE STATE:

DEBORAH MABBETT, ESQUIRE
Assistant State's Attorney

FOR THE DEFENDANT:

BRIAN KARPE, ESQUIRE
Special Public Defender

LISA M. CORRADO
COURT MONITOR

1

MS. MABBETT: Good morning, your Honor.

THE COURT: Good morning.

MS. MABBETT: The first matter on the docket is a Thomas Browdy.

MR. KARPE: Brian Karpe for Mr. Browdy. He's locked up.

THE COURT: This gentleman's name has been spelled more than one way. I see from the file. Is it B-R-O-W-D-Y?

MS. MABBETT: That's correct.

MR. KARPE: That's correct. That's my understanding, your Honor.

THE COURT: It's Docket Number CR99-0168971. Okay.

MR. KARPE: Mr. Browdy is present, your Honor.

THE COURT: All right. The record will reflect Mr. Browdy is in the courtroom. That he is with his attorney, Brian Karpe. And that Assistant State's Attorney Deborah Mabbett is representing the State in this case. Attorney Mabbett, you may proceed.

MR. KARPE: Your Honor, the first order of business, I believe I could present more than Ms. Mabbett, is my client informed me this morning that he filed a grievance against me. And I was a little surprised that I hadn't received a copy of it. So based on that, I would make an oral motion to withdraw.

1    MS. MABBETT: Your Honor, the State would be
2 objecting to any withdrawal at this point in time.
3 The State is, in fact, prepared to proceed to trial
4 today.
5    THE COURT: Mr. Browdy, how old are you?
6    THE DEFENDANT: Forty-one.
7    THE COURT: Forty-one. And what's your date of
8 birth?
9    THE DEFENDANT: 8/2/57.
10   THE COURT: 8/2/57?
11   THE DEFENDANT: Mm-hmm.
12   THE COURT: How far did you go in school?
13   THE DEFENDANT: High school.
14   THE COURT: Did you graduate?
15   THE DEFENDANT: Yes.
16   THE COURT: What high school?
17   THE DEFENDANT: Hartford High.
18   THE COURT: When were you last employed?
19   THE DEFENDANT: Years ago.
20   THE COURT: Pardon me?
21   THE DEFENDANT: Years ago.
22   THE COURT: Years ago? You weren't employed
23 when you were arrested in this case?
24   THE DEFENDANT: No.
25   THE COURT: What kind of work did you do when
26 you were employed?
27   THE DEFENDANT: Purchasing.

```
 1              THE COURT:  Who did you work for?
 2              THE DEFENDANT:  Huh?  The University of
 3      Hartford.
 4              THE COURT:  Pardon me?
 5              THE DEFENDANT:  University of Hartford.
 6              THE COURT:  And you worked in the Purchasing
 7      Department?
 8              THE DEFENDANT:  Mm-hmm.
 9              THE COURT:  Can you tell me approximately when
10      that was?
11              THE DEFENDANT:  About '96, I'd say.
12              THE COURT:  About what?
13              THE DEFENDANT:  '97 or '96.
14              THE COURT:  So you told Mr. Karpe today, who's
15      your lawyer, that you filed a grievance against him.
16              THE DEFENDANT:  Yes.
17              THE COURT:  And where did you file that?
18              THE DEFENDANT:  When did I file it?
19              THE COURT:  When and where?
20              THE DEFENDANT:  I filed it in East Hartford.
21      That's where the Bar Counsel at.
22              THE COURT:  You filed it with the local area
23      grievance committee, and that's in East Hartford, is
24      it?
25              THE DEFENDANT:  Yes.
26              THE COURT:  Any particular lawyer you filed that
27      with?
```

| | |
|---|---|
| 1 | THE DEFENDANT: No. |
| 2 | THE COURT: There's an office there, is that it? |
| 3 | THE DEFENDANT: Yes, it's an office. |
| 4 | THE COURT: And when did you do this? |
| 5 | THE DEFENDANT: This week. |
| 6 | THE COURT: This week. This is Friday. Earlier |
| 7 | in the week? |
| 8 | THE DEFENDANT: Yes. |
| 9 | THE COURT: Well, what's your complaint with Mr. |
| 10 | Karpe? |
| 11 | THE DEFENDANT: Mr. Karpe is aware of it. He |
| 12 | can explain it. |
| 13 | THE COURT: Pardon me? |
| 14 | THE DEFENDANT: Mr. Karpe can explain it. |
| 15 | THE COURT: Mr. Karpe, can you explain what your |
| 16 | complaint is? |
| 17 | THE DEFENDANT: Yes, he can explain it. |
| 18 | THE COURT: Because you told him? |
| 19 | THE DEFENDANT: Huh? |
| 20 | THE COURT: Because you told him what your |
| 21 | complaint was? |
| 22 | THE DEFENDANT: Yes, I told him. He's aware of |
| 23 | it. |
| 24 | THE COURT: Okay. What did your client tell |
| 25 | you, Mr. Karpe? |
| 26 | MR. KARPE: I'm not fully aware of the |
| 27 | complaint. My client indicated it was a medical |