```
MOVEMENTS      NUMBER:   68325     NAME:  BRODY, THOMAS               PAGE 1
FILE: NORTHERN CI                  MED FILE:
                                    DATE      SEQ    LOCATION           JUR STA
SENTENCED BY COURT                  10/31/2002  1   141 NORTHERN CI     141  G
START SERVING SENTENCE (1+)         10/25/2002  1   141 NORTHERN CI     141  G
TRANSFER AMONG DOC LOCATIONS         7/24/2002  1   141 NORTHERN CI     141  U
READMISSION, CONTINUED               7/23/2002  1   122 NEW HAVEN CCC   122  U
UNSENTENCED DISCHARGE ON BOND        5/24/2002  1   900 DISCHARGE       900  U
TRANSFER AMONG DOC LOCATIONS         3/12/2002  1   141 NORTHERN CI     141  U
READMISSION, CONTINUED               3/11/2002  1   121 HARTFORD CCC    121  U
DISCHARGED, SENTENCE TIME SERVED     9/24/2001  1   900 DISCHARGE       900  G
START SERVING SENTENCE (1+)          5/31/2000  1   141 NORTHERN CI     141  G
TRANSFER AMONG DOC LOCATIONS        12/16/1999  1   141 NORTHERN CI     141  U
TRANSFER AMONG LOCATIONS             8/11/1999  1   136 GARNER CI       136  U
READMISSION, CONTINUED               7/27/1999  1   121 HARTFORD CCC    121  U
DISCHARGED, SENTENCE TIME SERVED    12/22/1998  1   900 DISCHARGE       900  L
TRANSFER AMONG DOC LOCATIONS        11/06/1998  1   136 GARNER CI       136  L
READMISSION W/ SENTENCE LT 1 YEAR   11/03/1998  1   121 HARTFORD CCC    121  L
DISCHARGE TO POLICE                 11/02/1998  1   930 DISCHARGE TO    930  U
TRANSFER AMONG DOC LOCATIONS        10/23/1998  1   136 GARNER CI       136  U

Z003  4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N    NUMBER:  00068325              ENTER FOR NEXT PAGE
```

```
                                    DATE     SEQ   LOCATION          JUR  STA
READMISSION, CONTINUED           10/05/1998   1    121 HARTFORD CCC   121  U
UNSENTENCED DISCHARGE ON BOND     6/14/1998   1    940 DCHG TO BOND   940  U
READMISSION, CONTINUED            6/12/1998   1    121 HARTFORD CCC   121  U
DISCHARGED, SENTENCE TIME SERVED  9/24/1997   1    900 DISCHARGE      900  G
SENTENCED BY COURT                5/13/1996   1    136 GARNER CI      136  G
SENTENCED BY COURT                5/10/1996   1    136 GARNER CI      136  G
TRANSFER AMONG DOC LOCATIONS      4/24/1996   1    136 GARNER CI      136  U
TRANSFER AMONG DOC LOCATIONS      4/02/1996   1    141 NORTHERN CI    141  U
TRANSFER AMONG DOC LOCATIONS      4/01/1996   1    121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS      1/29/1996   1    136 GARNER CI      136  U
READMISSION, CONTINUED            9/26/1995   1    140 CORR/RAD CC    140  U
UNSENTENCED DISCHARGE ON BOND     7/28/1995   1    940 DCHG TO BOND   940  U
READMISSION, CONTINUED            7/25/1995   1    121 HARTFORD CCC   121  U
DISCHARGED, SENTENCE TIME SERVED  7/07/1995   1    900 DISCHARGE      900  G
TRANSFER AMONG DOC LOCATIONS     11/15/1994   1    115 OSBORN CCI     115  G
TRANSFER AMONG DOC LOCATIONS     11/09/1994   2    122 NEW HAVEN CCC  122  G
START SERVING SENTENCE (1+)      11/09/1994   1    121 HARTFORD CCC   121  G
```

Z003   4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N    NUMBER:   00068325                    ENTER FOR NEXT PAGE

```
TRANSFER AMONG DOC LOCATIONS          11/08/1994 1    121 HARTFORD CCC  121 U
TRANSFER AMONG DOC LOCATIONS          10/18/1994 1    122 NEW HAVEN CCC 122 U
TRANSFER AMONG DOC LOCATIONS           9/28/1994 1    121 HARTFORD CCC  121 U
TRANSFER AMONG DOC LOCATIONS           9/01/1994 1    122 NEW HAVEN CCC 122 U
TRANSFER AMONG DOC LOCATIONS           8/31/1994 1    121 HARTFORD CCC  121 U
TRANSFER AMONG DOC LOCATIONS           7/29/1994 1    122 NEW HAVEN CCC 122 U
TRANSFER AMONG DOC LOCATIONS           7/27/1994 1    121 HARTFORD CCC  121 U
TRANSFER AMONG DOC LOCATIONS           7/08/1994 1    122 NEW HAVEN CCC 122 U
READMISSION, CONTINUED                 5/24/1994 1    121 HARTFORD CCC  121 U
DISCHARGED, DID NOT RETURN FROM COURT  3/31/1994 1    900 DISCHARGE     900 U
READMISSION, CONTINUED                10/12/1993 1    121 HARTFORD CCC  121 U
DISCHARGED, SENTENCE TIME SERVED      10/06/1993 1    900 DISCHARGE     900 L
TRANSFER AMONG DOC LOCATIONS           8/26/1993 1    125 CHESHIRE CC   125 L
START SERVING SENTENCE (1-)            8/12/1993 1    124 CORR/RAD CC   124 L
READMISSION, CONTINUED                 6/15/1993 1    124 CORR/RAD CC   124 U
DISCHARGED, SENTENCE TIME SERVED       4/14/1993 1    900 DISCHARGE     900 L
TRANSFER AMONG DOC LOCATIONS           1/13/1993 1    125 CHESHIRE CC   125 L
```

Z003  4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N     NUMBER:   00068325                      ENTER FOR NEXT PAGE

```
                                    DATE     SEQ    LOCATION          JUR STA
TRANSFER AMONG DOC LOCATIONS      1/08/1993   1    123 BRIDGEPORT CC  123  L
TRANSFER AMONG DOC LOCATIONS     12/09/1992   1    125 CHESHIRE CC    125  L
TRANSFER AMONG DOC LOCATIONS     11/23/1992   1    123 BRIDGEPORT CC  123  L
TRANSFER AMONG DOC LOCATIONS     11/17/1992   1    127 WEBSTER CI     127  L
START SERVING SENTENCE (1-)      11/13/1992   1    121 HARTFORD CCC   121  L
TRANSFER AMONG DOC LOCATIONS      7/29/1992   1    121 HARTFORD CCC   121  U
READMISSION, CONTINUED            7/27/1992   1    129 MORGAN ST DC   129  U
DISCHARGED, SENTENCE TIME SERVED  7/22/1992   1    910 D/CHG ALL SNT  910  L
READMISSION W/ SENTENCE LT 1 YEAR 7/17/1992   1    121 HARTFORD CCC   121  L
DISCHARGED, DID NOT RETURN FROM COURT 6/10/1992 1  900 DISCHARGE      900  U
TRANSFER AMONG DOC LOCATIONS      6/03/1992   1    121 HARTFORD CCC   121  U
READMISSION, CONTINUED            5/28/1992   1    129 MORGAN ST DC   129  U
DISCHARGE FROM CMTY RESIDENCE     5/19/1992   1    900 DISCHARGE      900  L
RELEASE TO COMMUNITY RESIDENCE    5/05/1992   1    3HA CS1-CAINE      301  L
TRANSFER AMONG DOC LOCATIONS      3/26/1992   1    135 GATES CCI      135  L
SENTENCED BY COURT                2/18/1992   2    128 BROOKLYN CCC   128  L
RELEASE FOR COURT APPEARANCE      2/18/1992   1    530 COURT APPEAR.  128  L

Z003   4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N    NUMBER:   00068325                         ENTER FOR NEXT PAGE
```

```
                                          DATE    SEQ   LOCATION          JUR STA
TRANSFER AMONG DOC LOCATIONS            1/06/1992  1   128 BROOKLYN CCC   128  L
SENTENCED BY COURT                      1/02/1992  1   121 HARTFORD CCC   121  L
SENTENCED BY COURT                     12/10/1991  1   121 HARTFORD CCC   121  L
TRANSFER AMONG DOC LOCATIONS           11/25/1991  1   121 HARTFORD CCC   121  L
TRANSFER AMONG DOC LOCATIONS           11/22/1991  1   128 BROOKLYN CCC   128  L
SENTENCED BY COURT                     11/21/1991  1   121 HARTFORD CCC   121  L
TRANSFER AMONG DOC LOCATIONS           11/18/1991  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS           11/15/1991  1   128 BROOKLYN CCC   128  U
TRANSFER AMONG DOC LOCATIONS           10/21/1991  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS           10/18/1991  1   128 BROOKLYN CCC   128  U
TRANSFER AMONG DOC LOCATIONS            9/25/1991  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS            9/20/1991  1   128 BROOKLYN CCC   128  U
TRANSFER AMONG DOC LOCATIONS            9/19/1991  1   129 MORGAN ST DC   129  U
READMISSION, CONTINUED                  9/11/1991  1   128 BROOKLYN CCC   128  U
DISCHARGED, DID NOT RETURN FROM COURT   9/10/1991  1   900 DISCHARGE      900  U
TRANSFER AMONG DOC LOCATIONS            9/05/1991  1   121 HARTFORD CCC   121  U
READMISSION, CONTINUED                  9/04/1991  1   129 MORGAN ST DC   129  U
```

Z003    4/27/2003     CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N      NUMBER:   00068325                         ENTER FOR NEXT PAGE

Case 3:00-cv-01866-CFD    Document 67-5    Filed 11/12/2003    Page 6 of 16

RT6000068325 800891848

TRANSACTION:    NUMBER:                    ENTER FOR NEXT PAGE

```
MOVEMENTS     NUMBER:    68325     NAME:   BRODY THOMAS D         PAGE    1
FILE:   NORTHERN CI            MED FILE:
                                 DATE     SEQ     LOCATION       JUR STA
DISCHARGED, DID NOT RETURN FROM COURT  8/15/1991 1  900 DISCHARGE        900 U
TRANSFER AMONG DOC LOCATIONS           7/12/1991 1  121 HARTFORD CCC     121 U
READMISSION, CONTINUED                 7/08/1991 1  129 MORGAN ST DC     129 U
DISCHARGED, SENTENCE TIME SERVED       1/15/1991 1  910 D/CHG ALL SNT    900 L
RELEASE TO RE-ENTRY FURLOUGH           1/02/1991 1  251 RE-ENTRY         122 L
SENTENCED BY COURT                    12/13/1990 1  122 NEW HAVEN CCC    122 L
TRANSFER AMONG DOC LOCATIONS           7/19/1990 1  122 NEW HAVEN CCC    122 U
READMISSION, CONTINUED                 7/17/1990 1  131 UNION AVE DC     131 U
DISCHARGED, SENTENCE TIME SERVED       9/08/1989 1  900 DISCHARGE        900 G
TRANSFER AMONG DOC LOCATIONS           8/16/1989 1  124 CORR/RAD CC      124 G
TRANSFER AMONG DOC LOCATIONS           6/30/1989 1  115 OSBORN CCI       115 G
TRANSFER AMONG DOC LOCATIONS           6/23/1989 1  112 ENFIELD CCI      112 G
START SERVING SENTENCE (1+)            6/22/1989 2  115 OSBORN CCI       115 G
RELEASE FOR COURT APPEARANCE           6/22/1989 1  530 COURT APPEAR.    121 U
TRANSFER AMONG DOC LOCATIONS           6/21/1989 1  121 HARTFORD CCC     121 U
TRANSFER AMONG DOC LOCATIONS           6/15/1989 1  126 LITCHFIELD CC    126 U
TRANSFER AMONG DOC LOCATIONS           6/14/1989 1  121 HARTFORD CCC     121 U

Z007   4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N     NUMBER:   00068325                    ENTER FOR NEXT PAGE
```

```
MOVEMENTS       NUMBER:  68325      NAME:   BRODY, THOMAS D           PAGE     2
FILE:   NORTHERN CI                  MED FILE:
                                           DATE     SEQ    LOCATION         JUR STA
TRANSFER AMONG DOC LOCATIONS              6/09/1989  1   126 LITCHFIELD CC  126  U
TRANSFER AMONG DOC LOCATIONS              6/08/1989  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS              5/17/1989  1   126 LITCHFIELD CC  126  U
TRANSFER AMONG DOC LOCATIONS              5/16/1989  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS              5/12/1989  1   126 LITCHFIELD CC  126  U
TRANSFER AMONG DOC LOCATIONS              4/18/1989  1   122 NEW HAVEN CCC  122  U
TRANSFER AMONG DOC LOCATIONS              4/17/1989  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS              4/04/1989  1   122 NEW HAVEN CCC  122  U
TRANSFER AMONG DOC LOCATIONS              4/03/1989  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS              3/22/1989  1   122 NEW HAVEN CCC  122  U
TRANSFER AMONG DOC LOCATIONS              3/14/1989  1   123 BRIDGEPORT CC  123  U
TRANSFER AMONG DOC LOCATIONS              3/13/1989  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS              3/07/1989  1   123 BRIDGEPORT CC  123  U
TRANSFER AMONG DOC LOCATIONS              2/23/1989  1   125 CHESHIRE CC    125  U
TRANSFER AMONG DOC LOCATIONS              2/21/1989  1   123 BRIDGEPORT CC  123  U
TRANSFER AMONG DOC LOCATIONS              2/20/1989  1   121 HARTFORD CCC   121  U
TRANSFER AMONG DOC LOCATIONS              2/16/1989  1   123 BRIDGEPORT CC  123  U

Z007  4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N     NUMBER:  00068325                    ENTER FOR NEXT PAGE
```

```
                                      DATE     SEQ      LOCATION          JUR STA
TRANSFER AMONG DOC LOCATIONS        2/15/1989   1    122 NEW HAVEN CCC    122  U
TRANSFER AMONG DOC LOCATIONS        2/07/1989   1    123 BRIDGEPORT CC    123  U
TRANSFER AMONG DOC LOCATIONS        2/06/1989   1    121 HARTFORD CCC     121  U
TRANSFER AMONG DOC LOCATIONS        1/12/1989   1    123 BRIDGEPORT CC    123  U
TRANSFER AMONG DOC LOCATIONS        1/11/1989   1    122 NEW HAVEN CCC    122  U
TRANSFER AMONG DOC LOCATIONS        1/03/1989   1    123 BRIDGEPORT CC    123  U
TRANSFER AMONG DOC LOCATIONS        1/02/1989   1    121 HARTFORD CCC     121  U
TRANSFER AMONG DOC LOCATIONS       12/23/1988   1    123 BRIDGEPORT CC    123  U
TRANSFER AMONG DOC LOCATIONS       12/20/1988   1    121 HARTFORD CCC     121  U
TRANSFER AMONG DOC LOCATIONS       12/19/1988   1    122 NEW HAVEN CCC    122  U
TRANSFER AMONG DOC LOCATIONS       11/29/1988   1    121 HARTFORD CCC     121  U
TRANSFER AMONG DOC LOCATIONS       11/28/1988   1    122 NEW HAVEN CCC    122  U
TRANSFER AMONG DOC LOCATIONS       11/14/1988   1    121 HARTFORD CCC     121  U
CONTINUED BY COURT                 11/07/1988   1    129 MORGAN ST DC     129  U
READMISSION,TEMPORARY SURRENDER    11/05/1988   1    129 MORGAN ST DC     129  U
DISCHARGED, DID NOT RETURN FROM COURT  9/08/1988 1   900 DISCHARGE        900  U
TRANSFER AMONG DOC LOCATIONS        3/25/1988   1    121 HARTFORD CCC     121  U

Z007  4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N      NUMBER:   00068325                    ENTER FOR NEXT PAGE
```

```
MOVEMENTS      NUMBER: 68325     NAME: BRODY,THOMAS                        PAGE 4
FILE: NORTHERN CI                MED FILE:
                                   DATE     SEQ    LOCATION            JUR  STA
CONTINUED BY COURT               3/23/1988   1    129 MORGAN ST DC     129   U
READMISSION,TEMPORARY SURRENDER  3/22/1988   1    129 MORGAN ST DC     129   U
DISCHARGED, SENTENCE TIME SERVED 3/20/1987   1    900 DISCHARGE        900   G
TRANSFER AMONG DOC LOCATIONS    10/10/1986   1    115 OSBORN CCI       115   G
TRANSFER AMONG DOC LOCATIONS     6/17/1986   1    121 HARTFORD CCC     121   G
TRANSFER AMONG DOC LOCATIONS     1/29/1986   1    115 OSBORN CCI       115   G
TRANSFER AMONG DOC LOCATIONS    11/15/1985   1    125 CHESHIRE CC      125   G
TRANSFER AMONG DOC LOCATIONS    10/07/1985   1    121 HARTFORD CCC     121   G
TRANSFER AMONG DOC LOCATIONS     8/16/1985   1    115 OSBORN CCI       115   G
SENTENCED BY COURT               8/09/1985   1    121 HARTFORD CCC     121   G
TRANSFER AMONG DOC LOCATIONS    11/19/1984   1    121 HARTFORD CCC     121   G
CONTINUED BY COURT              11/13/1984   1    129 MORGAN ST DC     129   G
REARREST FROM COND RLSE WITH CHARGES 11/09/1984 1 129 MORGAN ST DC     129   G
RELEASE TO SUPERVISED PAROLE     5/02/1984   1    3HB CS1-GETER        301   G
TRANSFER AMONG DOC LOCATIONS     4/12/1984   1    125 CHESHIRE CC      125   G
TRANSFER AMONG DOC LOCATIONS     1/19/1984   1    121 HARTFORD CCC     121   G
READMISSION, NEW CONVICTION      2/08/1982   2    115 OSBORN CCI       115   G

Z007  4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N     NUMBER: 00068325                    ENTER FOR NEXT PAGE
```

```
                                    DATE       SEQ    LOCATION              JUR STA
DISCHARGED, DID NOT RETURN FROM COURT 2/08/1982 1    900 DISCHARGE           900  U
REARREST FROM COND RLSE WITH CHARGES  3/30/1981 1    121 HARTFORD CCC        121  U
UNSENTENCED DISCHARGE ON BOND        10/20/1979 1    900 DISCHARGE           900  C
REARREST                              9/11/1979 1    121 HARTFORD CCC        000  U
DISCHARGE TO FEDERAL AUTHORITIES      8/22/1978 1    900 DISCHARGE           000  C
NEW ENTRY,SENT-FROM FEDERAL CUSTODY   7/28/1978 1    121 HARTFORD CCC        000  U
UNSENTENCED DISCHARGE ON BOND         7/07/1978 1    900 DISCHARGE           000  C
REARREST                              7/06/1978 1    121 HARTFORD CCC        000  U
DISCHARGE TO FEDERAL AUTHORITIES      5/05/1978 1    900 DISCHARGE           000  C
REARREST                              3/29/1978 1    121 HARTFORD CCC        000  U
UNSENTENCED DISCHARGE ON BOND         9/22/1977 1    900 DISCHARGE           000  C
TECHNICAL VIOL OF CONDITIONAL RELEASE 8/04/1977 2    121 HARTFORD CCC        000  U
RELEASE FOR COURT APPEARANCE          8/04/1977 1    530 COURT APPEAR.       000  U
NEW ENTRY,SENT-NO FUTHER INFO         7/12/1977 1    121 HARTFORD CCC        000  U
UNSENTENCED DISCHARGE ON BOND        11/04/1976 1    900 DISCHARGE           000  C
NEW ENTRY,SENT-NO FUTHER INFO        10/14/1976 1    121 HARTFORD CCC        000  U
UNSENTENCED DISCHARGE ON BOND        12/30/1975 1    900 DISCHARGE           000  C
```

Z007  4/27/2003    CT DEPT OF CORRECTION - MOVEMENTS - RT60

TRANSACTION: P/N     NUMBER:   00068325                        ENTER FOR NEXT PAGE

TRANSACTION:          NUMBER:           RT6000068325 802487708
                                                       ENTER FOR NEXT PAGE

# EXHIBIT G

Superior Court of Connecticut,
Judicial District of Tolland.
Thomas BRODY Inmate # 417215,
v.
WARDEN, State Prison.
No. CV000003202.
March 6, 2003.

Sabilia, Desantis & Waggoner, LLC, New London, for Thomas Brody.
Kathleen Dwyer, Manchester, for Warden, State Prison.

S.T. FUGER, JR., Judge.
*1 The petitioner, Thomas Brody, alleges in his petition for a Writ of Habeas Corpus originally filed with the Court on July 27, 2000, and amended for the final time on February 3, 2003, that he was denied the effective assistance of counsel at the trial level in violation of the Sixth and Fourteenth Amendments to the United States Constitution as well as <u>Article I, Section 8 of the Constitution of the state of Connecticut</u>. For the reasons set forth more fully below, the petition shall be denied.

The claim of ineffective assistance of counsel alleges, in general, that the trial defense counsel allowed his client to improvidently plead guilty and then goes on to list four specific ways in which the petitioner's trial defense counsel was deficient. First, the petitioner asserts that the trial counsel failed to address the issues surrounding the petitioner's mental disabilities. Second, the petitioner complains that the trial counsel failed to address the question of the pending motion to withdraw before the petitioner pleaded guilty. Third, he alleges that his trial defense counsel allowed the petitioner to plead guilty when he was I under the influence of medication. Finally, he asserts that his trial counsel failed to investigate and pursue a defense that the petitioner's co-defendant was the actual perpetrator of the crime. As a result, the petitioner argues that his trial defense counsel was ineffective when he failed to ensure that the petitioner's plea was knowing, intelligent, and voluntary.

This matter came on for trial before the Court on March 5, 2003. The petitioner, and his trial defense counsel, Attorney Brian Karpe, were the only witnesses who testified at the trial. In addition, the Court received into evidence: transcripts of the petitioner's February 18, 2000, February 23, 2000 and March 23, 2000 appearances in the Superior Court, GA-12 as well as other documents. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.

Findings of Fact

1. The petitioner was the defendant in a criminal case, Docket Number CR99-168971, pending in the Judicial District of Hartford at GA-12, Manchester in which he was charged with numerous offenses involving larceny. The petitioner was also charged with being a Persistent Larceny Offender.

2. Attorney Brian Karpe, a special public defender appointed by the Court, represented the petitioner throughout all of the proceedings in this matter.

3. The petitioner believed that he was suffering from a mental disease or defect that would render him incompetent to stand trial. He testified that he was taking Prozac® and Benedryl.

4. The petitioner wanted his attorney to move for an examination under the authority of <u>CGS § 54-56d</u>, however, Attorney Karpe did not believe that there was a good faith basis to ask the

Court to enter such an order.

5. This dichotomy of opinion led the petitioner to file a grievance with the Statewide Bar Counsel against his trial defense counsel on or about February 17, 2000.

*2 6. In consequence of the grievance, Attorney Karpe moved to withdraw from his representation of the petitioner.

7. The Court neither granted nor denied this motion.

8. As of February 23, 2000, the petitioner had rejected all of the offers to enter into a plea agreement and had elected to proceed to trial. The matter was placed on the firm jury list.

9. The charges against the petitioner arose out of an incident that was alleged to have taken place at the Buckland Hills Mall in the town of Manchester. The petitioner and a woman by the name of Rosa Mendez were observed picking up various pieces of clothing at the Filene's Department store and Champs Sporting Goods store and paying for these items with a credit card issued to a Mary Kelly. Ms. Mendez signed the charge slip with the name "Mary Kelly." Both the petitioner and Ms. Mendez were arrested and charged with various counts of larceny, *inter alia*.

10. Attorney Karpe conducted a full pretrial investigation to include a report of a private investigator that had interviewed the co-defendant, Ms. Rosa Mendez. Ms. Mendez was willing to testify at the petitioner's trial and tell the jury that the petitioner did not know the credit card was stolen. She signed a written statement to that effect.

11. Attorney Karpe advised his client that if the jury believed the testimony of Ms. Mendez, that he had a good chance for acquittal. However, if her testimony was not believed, then he was quite likely to be convicted and face a lengthy prison sentence. The petitioner persisted in asking for a jury trial.

12. During their pretrial preparation, Attorney Karpe stated that the petitioner appeared lucid, actively involved with the trial preparations, and seemed to understand what was going on. The petitioner provided Mr. Karpe with suggested *voir dire* questions as well as suggestions for cross-examination.

13. Shortly before the day to pick a jury arrived, the petitioner called Attorney Karpe and asked him to see if he could still avail himself of the judicial pretrial offer.

14. On March 23, 2000, the petitioner's counsel was able to reach a pretrial agreement with the state whereby the petitioner would enter pleas of guilty, under the *Alford* doctrine, to two counts of conspiracy to commit larceny and being a Persistent Larceny Offender in exchange for which the state would enter a *nolle* as to all of the other outstanding charges and recommend a total effective sentence of twenty-six months to serve.

15. The trial court, Simon, J., conducted a full and detailed inquiry into the voluntariness and providence of the petitioner's plea.

16. Prior to accepting the petitioner's plea and entering a finding of guilty, the Court inquired if the petitioner had had sufficient time in which to consult with his attorney, whether he was satisfied with his lawyer's representation, and whether he wished to waive his rights to a jury trial, to confront and cross-examine his accusers and present defenses. The petitioner answered in the affirmative. [FN1]

---

FN1. At the habeas trial, the petitioner admitted to making the statements that are in the transcript, Petitioner's Exhibit E, however he now states that these answers are not true and that he was not answering truthfully when he answered Judge Simon.

\*3 17. Thereafter, the petitioner was convicted of the charged offenses in accordance with his plea and sentenced to the agreed upon sentence.

## Discussion of Law

Any claim of ineffective assistance of counsel must satisfy *both* prongs of the test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must *first* show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland, infra, at 687.* If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland, infra, at 687.* In short, the petitioner must show both deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.

"Although *Strickland* applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). *Hill* requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." *Copas v. Commissioner*, 234 Conn. 139 at 151 (1995). Given this modified standard to be applied to plea cases, the petitioner must first prove that the performance by his trial defense counsel was deficient *and*, that absent this deficient performance, the petitioner would have pled not guilty, would have gone to trial, and been acquitted.

Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events, different courses might well have been taken. Likewise, a habeas court knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." *Beasley v. Commissioner of Corrections*, 47 Conn.App. 253 at 264 (1979), cert. den. 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Henry v. Commissioner of Correction*, 60 Conn.App. 313 at 317 (2000).

\*4 It is not necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. *Strickland v. Washington, supra*, at 697; see *Nardini v. Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988) ('[a] court deciding an ineffective assistance of counsel