because Johnson had complained to her supervisor. Johnson alleges that Schwartzstein failed to argue in support of his motion, agreed with the position of the prosecutor and had the case dismissed.

## Discussion

In the amended complaint, Johnson alleges that Schwartzstein has denied him effective assistance of counsel and access to the courts. He also alleges that she has caused him to be subjected to cruel and unusual punishment through continued illegal incarceration.

Schwartzstein raises four grounds in support of her motion to dismiss: (1) any claims against her in her official capacity for money damages are barred by the Eleventh Amendment, (2) public defenders do not act under color of state law, (3) the plaintiff fails to state a claim upon which relief may be granted because his claim of wrongful confinement is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994), and (4) she is entitled to qualified immunity.

As an initial matter, the court notes that Johnson has not responded to the motion to dismiss. In the scheduling order entered on August 24, 2000, (see Doc. #12), the parties were put on notice that Rule 9(a), D. Conn. L. Civ. R., requires that the non-moving party file his opposition to a dispositive motion within twenty-one days and that if the non-moving party failed to respond, the motion could be granted absent objection. Thus, the court concludes that Johnson was aware of his responsibility to respond to Schwartzstein's motion to dismiss.

Schwartzstein contends that as a public defender, she is not considered a state actor for purposes of bringing a section 1983 action. In order to state a claim for relief under section 1983 of the Civil Rights Act, Johnson must satisfy a two-part test. First, he must allege facts demonstrating that Schwartzstein is a person acting under color of state law. Second, he must

3

allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

A defendant acts under color of state law when he exercises "some right or privilege created by the State . . . or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." See Lugar, 457 U.S. at 937. Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law. See West v. Atkins, 487 U.S. 42, 50 (1988). The Supreme Court has recognized an exception to the general rule for public defenders while they are performing the traditional function of counsel for criminal defendants. See Polk County v. Dodson, 454 U.S. 312, 317 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979). "[W]hen representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of [section] 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" West, 487 U.S. at 50 (quoting Polk County, 454 U.S. at 323 n.13). Thus any claim that Schwartzstein provided ineffective assistance of counsel by not returning Johnson's telephone calls is not cognizable because Schwartzstein was not acting under color of state law when she was representing Johnson. The motion to dismiss is granted on the ineffective assistance of counsel claim.

If, however, a public defender conspires with a state official to deprive a criminal defendant of his constitutional rights, the public defender is deemed to have been acting under color of state law. See Tower v. Glover, 467 U.S. 914, 920-22 (1984). Any claim that a public

4

defender conspired with state officials, however, must be stated with particularity. The Second Circuit has held that to state a claim of conspiracy under section 1983, the complaint must contain more than mere conclusory allegations. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (restating previous holding that vague, general or conclusory allegations of conspiracy are insufficient to withstand motion to dismiss); Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir. 1993) (citing cases). ·

In his original complaint, Johnson explained that he sought a sentence reduction because the state had not prepared a presentence investigation report. Johnson alleged that Schwartzstein "discussed the case with the prosecution and conspired with them to not represent me on the case, because quote: She never heard of it and did not want to get involved in the matter." In its April 24, 2000 Ruling and Order, this court held that Johnson's conspiracy claim was conclusory, and therefore insufficient, because Johnson assumed the existence of a conspiracy solely from Schwartzstein's statement that she was unaware of the statute upon which Johnson premised his state court motion. This court therefore dismissed Johnson's conspiracy claim without prejudice to Johnson filing an amended complaint against defendant Schwartzstein only, provided he could allege facts to support his claim of conspiracy.

In response to the court's order, Johnson filed an amended complaint naming only Schwartzstein. With regard to the conspiracy claim, he alleges that she

> informed me that this was unheard of and no rule existed. The counsel also stated that the State's Attorney agreed that no such law existed. Counsel also informed the plaintiff that she agreed with the State on the issue concerning the PSI and sentence that the plaintiff was attacking in court. And she said she didn't know what to do but agreed with the State's Attorney whom she had worked with on a constant basis.

5

Compl. at 3. Johnson alleges further that "court record will show that she sided with the prosecutor and had my motion dismiss[ed]" and agreed with the prosecutor that the motion should not have been filed in the sentencing court. Compl. at 3a.

Although Johnson has expanded his conspiracy allegations in the amended complaint, he continues to base his claim on the facts that Schwartzstein was unfamiliar with the law and had conferred with the prosecutor. The mere fact that she agreed with the prosecutor regarding the appropriate manner in which to challenge the failure to prepare a presentence investigation report is insufficient to state a claim for conspiracy. The defendant's motion to dismiss is granted as to the claims regarding ineffective assistance of counsel and access to the courts.

Finally, the court notes that Schwartzstein has appeared only in her official capacity. The district court, however, is directed to dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915 (e)(2)(B)(ii). Accordingly, the claims against defendant Schwartzstein in her individual capacity are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated above.

### Conclusion

The Motion to Dismiss [**doc. #16**] is **GRANTED** absent objection and for the reasons stated in this ruling. All claims against defendant Schwartzstein in her individual capacity are **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). The Clerk is directed to enter judgment in favor of the defendants and close this case. It is certified that any appeal of this order would not be taken in good faith.

6

SO ORDERED this __1st__ day of February 2001, at Bridgeport, Connecticut.


Stefan R. Underhill
United States District Judge

7

# EXHIBIT K

NO. CV02-0464305             :   SUPERIOR COURT

CHRISTOPHER COLEMAN          :   JUDICIAL DISTRICT OF NEW HAVEN

V.                          :   AT NEW HAVEN

TIMOTHY ASPIWALL            :   FEBRUARY 3, 2003

## MEMORANDUM OF DECISION

## (MOTION TO DISMISS)

The defendant has filed a motion to dismiss pursuant to Practice Book § 10-31(a)(1)(2)(4) and (5) for lack of subject matter jurisdiction because the case is barred by the doctrine of sovereign immunity; a failure to exhaust administrative remedies; failure to allege that the conviction was overturned; and lack of personal jurisdiction for insufficiency of process.

The case is described as an action for legal malpractice by the pro se plaintiff, an inmate of the Connecticut Department of Correction. The plaintiff alleges that the defendant, while acting as the plaintiff's special public defender, failed to diligently prepare his defense and made a racial remark. Subsequently, at the request of the plaintiff, a new public defender was appointed to represent the plaintiff for the remainder of his criminal case proceedings.

JUDICIAL DISTRICT OF NEW HAVEN
SUPERIOR COURT
FILED

FEB 03 2003

CHIEF CLERK'S OFFICE

Counsel/Pro Se Parties notified 2/4 20 13
By ☐ JDNO  ☑ Copy of Memo  ☐ Other

The plaintiff does not claim that any alleged legal malpractice by the defendant was harmful to subsequent proceedings in his criminal case; but rather that the defendant's racial comment was wilful and malicious and caused the plaintiff to suffer mental duress and "distrust of white people."

Pursuant to *Connecticut Practice Book § 10-31* a motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person and (3) improper venue. "A motion to dismiss...properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." *Richardello v. Butka, 45 Conn. Sup. 336, (1997), Gurliacci v. Mayer, 218 Conn. 531,544 (1991).* "A motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record." *Villager Pond, Inc. v. Darien, 54 Conn. App. 178, 182 (1999), Bradley's Appeal from Probate, 19 Conn. App. 456, 461-62 (1989).* "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Villager Pond, Inc. v. Darien, supra at 183, Mahoney v. Lensink, 213 Conn. 548, 567 (1990).* "It is the law in our courts, as it is in the federal courts, that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent

2

with the allegations." *Pamela B. v. Ment, 244 Conn. 296, 309 (1998).*   It is a well-established principle that "the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." *Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,* 239 Conn. 93, 99, 680 A.2d 1321 (1996); *Amore v. Frankel,* 228 Conn. 358, 364, 636 A.2d 786 (1994).

## I

It is a recognized principle of law that the State cannot be sued without its consent. *Fetterman v. University of Connecticut,* 192 Conn. 539, 550-51, 473 A.2d 1176 (1984). Since a state can only act through its officers and agents, a suit against these individuals is, in effect a suit against the sovereign state. *Horton v. Meskill,* 172 Conn. 615, 376 A.2d 359 (1977).   State officials sued for engaging in official acts are immune from suit.   *Will v. Michigan State Dept. of State Police,* 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Krozser v. New Haven,* 212 Conn. 415, 521, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036 (1990).

This absolute bar is modified by decisions which hold that sovereign immunity does not bar actions against state officials who acted in excess of statutory authority or pursuant to an unconstitutional statute. *Shay v. Rossi,* 253 Conn. 134, 169, 749 A.2d 1147 (2000); *Antinerella v. Rioux,* 229 Conn. 479, 489, 642 A.2d 699 (1994).  In such circumstances, the doctrine does not apply because the employee is not carrying out government policy.  There

3

must be allegations showing behavior sufficiently outside the normal scope of the defendant's statutory authority as to approach the conclusion that the defendant was not acting as a public official. *Shay v. Rossi*, supra, 253 Conn. 170-72. The conduct must be egregious. Id. at 180.

The functions of a special public defender are statutorily authorized pursuant to General Statutes § 51-293. It cannot be said that the uttering of a racially insensitive remark to the plaintiff was within the defendant's statutory authority or his functions as an attorney. The defendant in uttering his comment cannot expect that in doing so, he was carrying out the governmental policy with which he was entrusted, even though the defendant claims his remarks were in jest. *Antinerella v. Rioux,* supra, 229 Conn. 497.

## II

It, therefore, becomes appropriate to examine whether statutory immunity, conferred by General Statues § 4-165[1] is applicable to the present case. General Statutes § 4-165 applies to public defenders and special public defenders pursuant to General Statutes § 4-141.

---

[1]  Sec. 4-165 reads in relevant part as follows:

 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment.

 Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. For the purposes of this section "scope of employment" shall include, but not be limited to, representation by an attorney appointed by the Public Defender Services Commission as a public defender, assistant public defender or deputy assistant public defender or an attorney appointed by the court as a special assistant public defender of an indigent accused . . .

4

The court must consider the exception to the immunity provided in § 4-165, and assess whether the plaintiff has sufficiently alleged that the defendant's conduct was wanton, reckless or malicious. "In order to establish that the defendant's conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts.... [Such conduct] is more than negligence, more than gross negligence.... [I]n order to infer it, there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.... Indeed, in some instances, the mere fact that an official has acted in excess of his or her authority may suffice to prove that the conduct was wanton, reckless or malicious." *Martin v. Brady*, 261 Conn. 372, 379-380, quoting *Shay v. Rossi*, supra, 253 Conn. 181-82.

In the present case, the court concludes that the plaintiff's complaint alleges facts, taken in the light most favorable to the plaintiff, that do not establish that the defendant acted in a wanton, reckless or malicious manner. The allegations of the complaint do not allow the court to infer that the defendant's conduct was indicative of such a state of mind or that the conduct rose to a level of egregiousness necessary to be considered wanton, reckless or malicious. The defendant has admitted to telling the plaintiff, in jest, that "yeah, I don't like

5

black people." This comment was in response to an inquiry from the plaintiff as to whether the defendant was "financially prejudiced" against the plaintiff. The defendant's comment was inappropriate and distasteful, but does not rise to the level of wilful, wanton, malicious and reckless behavior or act that would fall within the exception to sovereign immunity and statutory immunity. The defendant's comment are not indicative of any improper or self-serving motive by the defendant; nor was it indicative of a reckless disregard for the rights of the plaintiff.

The plaintiff, within his complaint, which consists of one count, has pleaded a "mixed bag" of allegations concerning legal malpractice, as well as, the infliction of emotional distress by the defendant. The plaintiff, based on these complaints, was appointed a new special public defender in advance of any trial date for his criminal charges. This assignment of new counsel occurred on January 29, 2001. The plaintiff suffered no prejudice or harm due to his allegations that the defendant rendered "pre-trial ineffective assistance of counsel," in providing legal services in the defendant's capacity as a special public defender. In the event the plaintiff is convicted and is subjected to incarceration or otherwise remains under the jurisdiction of the Commissioner of Corrections as a result of that conviction, his sole remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Additionally, claims for monetary relief must allege as an essential element that any conviction or sentence, if any has yet occurred, has already been

6

invalidated. *Heck v. Humphreys,* 512 U.S. 477, 114 S. Ct. 2464, 129 L. Ed. 2d 383 (1994). There is no allegation within the plaintiff's complaint that any actions by the defendant resulted in any conviction of the defendant or that any conviction had been invalidated prior to the filing of the instant action.

### III

The defendant also moves to dismiss for the reason that the plaintiff has failed to exhaust the administrative remedy under General Statutes § 4-165.  Section 4-165 declares that any person seeking damages against a state employee immune under the statute can, instead file a claim with the State Claims Commission. *Circle Lanes of Fairfield, Inc. v. Fay,* 195 Conn. 534, 538, 489 A.2d 363 (1985).  This is an administrative remedy.  *State v. Sullivan,* 189 Conn. 550, 551-52, 457 A.2d 304 (1983), and the failure to exhaust this remedy is grounds for dismissal for lack of subject matter jurisdiction. *Doe v. Neintz,* 204 Conn. 17, 31, 526 A.2d 1318 (1987); *State v. Chapman,* 176 Conn. 362, 365, 407 A.2d 787 (1978).

There are no allegations in the complaint, as to whether a claim was ever filed with the Claims Commission, or whether the Claims Commissioner authorized suit pursuant to General Statutes § 4-160.  Thus, the case should be dismissed for failure to exhaust this administrative remedy.

7

In summary the defendant is entitled to immunity pursuant to General Statutes §4-165.

The plaintiff has failed to avail himself of the administrative remedy available under § 4-165.

Accordingly, for the reasons set forth herein, the motion to dismiss is hereby granted.

The Court

by

Arnold, J.

8

# EXHIBIT L

SHUCKRA, CHRISTOPHER      VS.        CV-02-0818388-S
STAWICKI, JOHN L.

101.00 MOTION TO DISMISS

GRANTED       DEFENDANT IS AGENT OF STATE SEE SEC.
14-141 NO ALLEGATION TAKES THE CLAIM
OUTSIDE THE PROTECTION OF SOVERIGN
IMMUNITY

BY THE COURT
BOOTH, J. 10/3/02

NOTICE SENT TO ALL APPEARING PARTIES

SUPERIOR COURT
95 WASHINGTON STREET
HARTFORD, CT          06106    HARTFORD      CT 06105

DATED: OCT 07, 2002
HHD

AAG ROBERT F VACCHELLI
ATTY GEN-PUBLIC SAFETY
110 SHERMAN STREET

OCT 10 2002

# EXHIBIT M

CV01-0812600S                          :        SUPERIOR COURT

ALLEN ADGERS                           :        JUDICIAL DISTRICT
                                       :        OF HARTFORD

V.                                     :        AT HARTFORD

GOVERNOR JOHN ROWLAND, ET AL.  :        MAY 2, 2002


## MEMORANDUM OF DECISION RE:  MOTIONS TO DISMISS AND MOTIONS TO STRIKE

The "denial" of the Motion to Dismiss issued on February 5, 2002 is hereby vacated and the Motion to Dismiss dated December 26, 2001 is hereby granted.

On February 5, 2002 this court examined both the Motion to Dismiss and the plaintiff's Complaint and Motion for Argument dated December 31, 2001.  The handwritten complaint filed by the plaintiff is very rambling and is full of accusations but no facts.  The court thought it best to delay any action on the Motion to Dismiss, grant the Motion for Argument and hear what the plaintiff had to say in an effort to give him an opportunity to clarify the remarks made in his complaint.  It was the court's intention to take no action on the Motion to Dismiss at that time.  However, the court did mistakenly mark the Motion to Dismiss as "denied".

On April 29 the court had an opportunity to hear all parties involved in this case i.e., the plaintiff, the Assistant Attorney General representing all of the

OFFICE OF THE

May 3  IC 23 AM '02

RECD MAY  3 2002

defendants, except the Hartford Police Department, and counsel representing the Hartford Police Department. In conjunction with this hearing the court has examined and reexamined the memoranda supplied by the Defendants for both the Motion to Dismiss and the Motions to Strike, and the memorandum filed by the counsel for the Hartford Police Department as well as the many different handwritten pleadings filed by the defendant. [plaintiff]

As a result of this hearing the court is of the opinion that the Motion to Dismiss should have been and herewith is granted for the reason that the plaintiff has no case. Although the Motions to Strike are perhaps ineffective because of this ruling on the Motion to Dismiss the court herewith also grants both Motions to Strike lest there be any question as to which of the defendants are covered.

The court finds that Governor John Rowland is protected by sovereign immunity. The case should be dismissed for lack of subject matter jurisdiction because the plaintiff has made no factual allegations against Governor Rowland and demonstrated no standing to invoke the courts jurisdiction in this case. Also no facts have been alleged which would be a bar to sovereign immunity.

The court also finds that the plaintiff has failed to exhaust his administrative remedies. General statute § 4-165 declares "any person seeking damages against a state employee immune under the statute can, instead, file a claim with the state claims commission." There is no indiction in this case that the plaintiff had ever filed such a claim.

-2-

The same arguments for invocation of sovereign immunity and Connecticut general statute 4-165 as to immunity applicable to the Governor also apply to Public Defenders i.e., DeCaprio, Bernstein and Barrs. The failure to exhaust administrative remedies also applies to the Public Defenders. As to the Assistant States Attorney, Vicki Melchiorre, sovereign immunity and the failure to exhaust administrative remedies also apply.

The Court finds that as to the prosecutors and the judges named as defendants in this case sovereign immunity, prosecutorial immunity and judicial immunity all apply as does the failure to exhaust the administrative remedies.

In addition to the ground stated above the Court finds that there was an insufficiency of process of service and return of process in this case. Complaints were not signed by a Commissioner of the Superior Court or a judge or clerk of the court.

_____
Hale, JTR

Notes

During the course of the argument held in this case a Motion for Re-argument and to Set Aside Decision were discovered which had not been brought to the attention of the court.

-3-

In the light of the holding in this memoranda this Motion for Re-argument is moot. However, it bears a correction. The second paragraph indicates that a decision was rendered by Judge Hennessy on February 14, 2000. In attempting to understand all of the pleadings in this case it was discovered that that decision which was rendered on February 14, 2000 was a mistake and did not apply to this case.