# EXHIBIT D

DOCKET NO.     299-168971     :   MANCHESTER SUPERIOR COURT

STATE OF CONNECTICUT          :   J.D. OF HARTFORD/NEW BRITAIN

VS.                           :   AT MANCHESTER

THOMAS BROWDY                 :   FEBRUARY 23, 2000


HEARD BEFORE:

HONORABLE DAVID M. BARRY, JUDGE


A P P E A R A N C E S:


FOR THE STATE:

DEBORAH MABBETT, ESQUIRE
Assistant State's Attorney


FOR THE DEFENDANT:

BRIAN KARPE, ESQUIRE
Special Public Defender


LISA M. CORRADO
COURT MONITOR

MS. MABBETT:  Good afternoon, your Honor.

THE COURT:  Good afternoon.

MS. MABBETT:  The first matter on the docket  is Thomas Browdy.

MR. KARPE:  Brian Karpe  for Mr. Browdy.  He's locked  up and  I understand  he's being  brought out now.  Mr. Browdy is present, your Honor.

THE COURT:  Yes.  The record will  reflect the presence of Mr. Browdy.

MS. MABBETT:  Your Honor, the State is  prepared to proceed at this time.

THE COURT:  All right.

MR. KARPE:  At this time I'm  again removing my motion to  withdraw.  And  I also understand  that my client has a request.

THE COURT:  What is your request, Mr. Browdy?

THE DEFENDANT:  Under the circumstance of when I was  here the last time, me and Mr. Karpe talked, you know  what I'm saying.  The situation we in, we can't compromise on  the situation.  But, you know,  the point of the matter what I'm saying is this and that. I  was here the last  time and we  went through this. And you said if I don't  want Mr. Karpe that I have a right to retain my own counsel.

THE COURT:  Right.

THE DEFENDANT:  Is I'm correct?

THE COURT:  That's correct.

1   THE DEFENDANT:    My people talked  to a  counsel

2   and the  counsel told me to  come up to you,  he said

3   you know him, Michael Whelton.

4   THE COURT:  Yes, I know him.

5   THE  DEFENDANT:  Mike said that  he needed a two

6   week  continuance because  he's on  trial in  Tolland

7   County tomorrow.    And he  said he'll  be filing  an

8   appearance on this case.

9   THE  COURT:    He told  you  he'd  be filing  an

10  appearance in the case?

11  THE  DEFENDANT:    Yes.    I    talked  to  Mike

12  yesterday.   And he  told me that you're a  fair judge

13  and that you would understand.

14  THE  COURT:  Right.  I would imagine that he told

15  you that he would need a retainer.

16  THE DEFENDANT:  Yes, we talked about that.

17  THE COURT:  When are you going to pay him?

18  THE DEFENDANT:  He's straight.  That's all taken

19  care of.  That's taken care of.

20  THE COURT:  You've already retained him?

21  THE DEFENDANT:  It's taken care of.

22  THE COURT:  Is that a yes?

23  THE DEFENDANT:  Yes.  He's going to be retained.

24  THE COURT:  Oh, he's going to be retained?

25  THE DEFENDANT:  Yes.

26  THE COURT:  When?

27  THE DEFENDANT:  He told  me to get  a two  week

continuance and he'd be filing his appearance. He should be retained, I don't know, as soon as he contact my people and everything is straight. There's no problem with retaining him.

THE COURT: You're telling us that there's no problem with your getting a retainer?

THE DEFENDANT: No problem. I don't think Mike would call and tell me to come here and tell you that.

THE COURT: He told you to tell me that?

THE DEFENDANT: Yes. Judge Barry, is I'm correct?

THE COURT: That's right.

THE DEFENDANT: The reason why he can't be here he told me to tell you that he's at Tolland Superior Court on trial tomorrow with a divorce case.

THE COURT: Well, the only way we will know that you've paid the retainer is when we see an appearance from him.

THE DEFENDANT: He said he's going to send an appearance.

THE COURT: A written appearance.

THE DEFENDANT: Yes.

THE COURT: If I were to do that, if I were to continue this matter two weeks, and I don't see an appearance by then then I can assume that you're going to represent yourself, is that right?

4

1    THE DEFENDANT:  Yeah, you can assume that.

2    THE COURT:  And will you be ready to start your

3    trial on that --

4    THE DEFENDANT:  Yes, I will be.

5    THE COURT:  Let me finish the question.  Will

6    you be willing to start your trial either with Mr.

7    Whelton or some other attorney or representing

8    yourself two weeks from today?

9    THE DEFENDANT:  Yes.

10    THE COURT:  And what is two weeks from today,

11    the 14th?

12    MR. KARPE:  The 15th, I believe, your Honor.

13    THE COURT:  The 15th, yes.  I thought some

14    people were going to bring some clothes for you to

15    wear during this trial today?

16    THE DEFENDANT:  Excuse me?

17    THE COURT:  I thought I heard somewhere that

18    some of your relatives or your family, or I don't

19    know who it is.

20    THE DEFENDANT:  No, because they didn't know at

21    the time about the situation with Whelton.  That was

22    told the other day, but they never got in contact

23    with him to tell him that don't bring them because of

24    the situation right here.  They didn't know at the

25    time.  It's my cousin.

26    THE COURT:  Well, they didn't bring them.

27    Somebody must have told them not to bring them.

THE DEFENDANT: Somebody must have gotten in contact with somebody.

THE COURT: All right. Does the State wish to be heard on this?

MS. MABBETT: Your Honor, only if we could pass this matter for a moment so we can send this over to courtroom A, at which point in time the State will withdraw all offers that it has on the table with this defendant. And then he's facing the twelve years total time according to our estimate.

THE COURT: We'll take a short recess.

(WHEREUPON, COURT TOOK A RECESS.)

THE COURT: We picked the wrong date there the 15th of March. Two weeks from today is -- the day we're going to set it down for is the 7th of March, which is short one day from being two weeks. So that's when you're going to be here.

THE DEFENDANT: That's fine.

THE COURT: And you're going to be either represented by an attorney that -- which you expect to be, I take it. Or you're going to be ready to try your own case, represent yourself, is that correct?

THE DEFENDANT: Yes.

THE COURT: And so everybody knows when the trial is going to start, the 7th of March. And we will take up the matter of Mr. Karpe's motion to withdraw at that time.

1    THE DEFENDANT: All right.

2    THE COURT: Anything further?

3    MS. MABBETT: No, your Honor. Just that the

4    fact we're going to be bringing other cases from

5    next door here at two o'clock.

6    THE COURT: Oh, today?

7    MS. MABBETT: Yes, today. It's packed in

8    Courtroom A.

9    THE COURT: Is it really?

10    MS. MABBETT: Oh, yes.

11    THE COURT: We have to do something about that.

12    THE CLERK: So the motion for Brian Karpe is

13    going to be discussed on 3/7?

14    THE COURT: It's going to be ruled on on the 7th

15    of March.

16    THE CLERK: The State, what about the offer.

17    That's not going to be addressed at this time?

18    MS. MABBETT: No, on the 7th.

19    MR. KARPE: Your Honor, would you prefer I

20    submit a written motion for that for the record?

21    THE COURT: It would be a good idea, yes.

22    THE CLERK: And I'll just leave these in the

23    file. I won't even document it or anything. I'll

24    just leave them in the file.

25    MR. KARPE: We can enter them in. They're going

26    to go in anyway.

27    THE CLERK: Okay.

1          THE COURT:    Okay.   We'll  recess  until  two

2    o'clock.

3          (WHEREUPON, THIS MATTER CONCLUDED.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## C E R T I F I C A T I O N

It is hereby certified that the within and foregoing transcript represents a true and correct transcription of the tape-recorded proceedings taken by me in Docket Number CR99-168971, State of Connecticut versus Thomas Browdy, heard in Manchester Superior Court, Judicial District of Hartford/New Britain, at Manchester, on the 23rd day of March, 2000, before Honorable David M. Barry, Judge of the Superior Court.

Dated this 11th day of April, 2000.


*Lisa M. Corrado*
LISA M. CORRADO
COURT MONITOR

# EXHIBIT E

DOCKET NO. CR99-168971    :    MANCHESTER SUPERIOR COURT

STATE OF CONNECTICUT      :    J.D. OF HARTFORD/NEW BRITAIN

VS.                       :    AT MANCHESTER

THOMAS BROWDY             :    MARCH 23, 2000


HEARD BEFORE:

HONORABLE JORGE A. SIMON, JUDGE


A P P E A R A N C E S:


FOR THE STATE:

DEBORAH MABBETT, ESQUIRE
Assistant State's Attorney


FOR THE DEFENDANT:

BRIAN S. KARPE, ESQUIRE
Special Public Defender


LISA M. CORRADO
COURT MONITOR

1

1    MS. MABBETT:  Your Honor, three on the firm jury

2    or it may be one on the firm jury, Thomas Browdy.

3        THE SHERIFF:  One minute, please.

4        THE COURT:  Yes.

5        MR. KARPE:  Brian Karpe for Mr. Browdy.

6        THE COURT:  Is the paperwork in there as a

7    persistent larceny offender?

8        MS. MABBETT:  Yes, it is, your Honor.

9        THE COURT:  All right.  Counsel, good afternoon.

10    Mr. Browdy good afternoon, sir.

11        THE DEFENDANT:  How you doing?

12        THE COURT:  This matter was down for trial

13    today, sir.  I made an offer previously that was

14    rejected.  Now based on the fact that you're going to

15    trial on this matter you've had a change of heart.

16    My understanding is you want to change your pleas.

17    My offer now is for twenty-six months to serve on

18    this file.  Counsel?

19        MR. KARPE:  That is correct, your Honor.  My

20    client is also for a medical, you might remember this

21    case.  He has problems getting work done on his

22    teeth.

23        THE COURT:  Yes.

24        MR. KARPE:  He would be asking for an imposition

25    of sentence, but a stay of execution on that sentence

26    for thirty days because the work is finally getting

27    done.

1    THE COURT: The work is being done after I told

2  him I bring him in here.

3    THE DEFENDANT: Yes. It's a long time.

4    THE COURT: That's no problem.

5    THE DEFENDANT: But you have to specify it on

6  the mitt again.

7    THE COURT: I'll specify on the mitt -- don't

8  worry.

9    THE DEFENDANT: That's the reason why the stay.

10    THE COURT: All right. Prior pleas are

11  withdrawn, Counsel?

12    MR. KARPE: With that, I would ask that prior

13  pleas and elections be withdrawn.

14    THE COURT: So ordered.

15    MS. MABBETT: In CR99-0168971S to the charge of

16  conspiracy to commit larceny in the fifth degree, in

17  violation of 53a-48, 53-125a, what is your plead,

18  guilty or not guilty?

19    THE DEFENDANT: Guilty.

20    MS. MABBETT: To the second count of conspiracy

21  to commit larceny in the fifth degree in violation of

22  53a-48, 53a-125a, what is your plea, guilty or not

23  guilty?

24    THE DEFENDANT: Guilty.

25    MS. MABBETT: To being a persistent larceny

26  offender, what is your plea, guilty or not guilty? On

27  one count, your Honor, persistent.

1        THE DEFENDANT:  Guilty.

2        MS. MABBETT:    Your Honor,  this occurred July

3   26th,  1999, in  Manchester at the  Lord &  Taylor as

4   well  as the Champ Sporting  Good.   At Lord & Taylor

5   this defendant and a co-defendant entered in using  a

6   stolen credit card purchased  merchandise to the tune

7   of  three hundred  and forty-five  dollars and  fifty

8   cents on that stolen  credit card.   And then  went to

9   Champs Sporting Good at which point in time purchased

10   items three hundred and forty-five dollars and sixty-

11   three cents again on the stolen credit card.

12        On the persistent larceny offender, January 2nd,

13   1992,  in  GA 14  in  Hartford  he was  convicted  of

14   larceny in the sixth degree.   February 18th, 1992, in

15   GA  11 in  Enfield convicted  of larceny  in  the 5th

16   degree.

17        After a judicial pretrial with your Honor it was

18   twenty-six  months.  However, Counsel is asking, your

19   Honor, to  structure it  slightly different from  the

20   twenty-six  months.   Two years  on  the  persistent

21   larceny offender to run consecutive to the two months

22   on the larceny five.  And that would  come out to the

23   twenty-six months that your Honor --

24        THE COURT:  Say that again now, Counsel?

25        MS.  MABBETT:   Two  years  on  the  persistent

26   larceny  offender to  run consecutive  to one  of the

27   counts  where  he pled  to the  larceny in  the fifth

4

degree, which was the misdemeanor and two months on
that.

THE COURT:  All right.

MR. KARPE:  So two months and then two years
consecutive to that.

THE COURT: Sure.  All right.  Mr. Browdy, have
you had enough time, sir, to discuss this matter with
your attorney?

THE DEFENDANT:  Yes.

THE COURT:  You're satisfied the work he has
done for you?

THE DEFENDANT:  Yes.

THE COURT:  And you understand by entering your
pleas here today, sir, you give up your right to have
a trial, to have your attorney represent you at that
trial, sir?

THE DEFENDANT:  Yes.

THE COURT:  Now you've heard the facts of these
charges -- Now, Counsel, is that a straight plea or
is that an Alford plea, sir?

MR. KARPE:  Make that an Alford plea.

THE COURT:  You understand by entering an Alford
plea here today, Mr. Browdy, that means that you
don't admit to all the facts that occurred here, but
you want to take an advantage of the agreement worked
out with your attorney and with me because if you
don't you're going to go to trial today, and the

1  likelihood of being convicted and given a more severe

2  sentence than what you've bargained for here today.

3  Is that correct, sir?

4     THE DEFENDANT: Yes.

5     THE COURT: And you understand by entering your

6  pleas here today, that once I accept your plea you

7  cannot take them back unless I let you take them

8  back.

9     THE DEFENDANT: Yes.

10     THE COURT: Now, did anyone force you or

11  threaten you in any way to enter your plea here

12  today, sir?

13     THE DEFENDANT: No.

14     THE COURT: Are you under the influence of any

15  drugs or alcohol as you plead guilty here today, sir?

16     THE DEFENDANT: No.

17     THE COURT: Are you on any other probation,

18  parole, conditional discharge at this time that I

19  should know about before I accept this plea?

20     THE DEFENDANT: No.

21     THE COURT: And by entering your plea that means

22  to me that you've had enough time to go over this

23  matter with your attorney, you have discussed with

24  him what your rights are. He's explained those

25  rights to you. He's gone over what the elements of

26  these charges are. He's discussed with you what the

27  penalties could be if you were, in fact, convicted of

1   these.   What could happen  if you were  pursued as a

2   persistent  larceny  offender,  the fact  that  these

3   charges could,  in fact,  be  brought  upon  you  con-

4   secutive to one  another as you were  found guilty of

5   them,  if you were found  guilty of them.   He's gone

6   over the  likelihood of a conviction  or an acquittal

7   with you.   He's also discussed with you what defenses

8   he may have  if it went to  trial.   Is that  correct,

9   sir?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And based on all that you've entered

12   your guilty pleas here today, is that correct,  sir?

13          THE DEFENDANT:  Yes.

14          THE COURT:   And  you  understand that  you  are

15   waiving,   through   your  attorney,   a  presentence

16   investigation,  so  that I  don't  have to  have  that

17   report.   But I will  stay execution of  the sentence

18   until a later date.   Is that correct, sir?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And is that PSI waived at this time,

21   Counsel.   The State is also waiving it?

22          MS. MABBETT:  Yes.

23          THE COURT:   And finally you  know, Mr.  Browdy,

24   that  if you're not a  citizen that this could affect

25   your status in this country, sir?

26          THE DEFENDANT:  Yes.

27          THE  COURT:  All right.  Any reason why I should

1    not accept this gentleman's plea?

2        MR. KARPE:  No, sir.

3        MS. MABBETT:  No, your Honor.

4        THE COURT:  I'll accept the plea.  The plea made

5    knowingly and  intelligently with full  assistance of

6    competent counsel,  there being  a factual  basis for

7    the plea.

8        At this time, Mr. Browdy, based on the agreement

9    that we have.  As to the charge of being a persistent

10    larceny offender, sentence you to the custody of  the

11    Commissioner  of Corrections to a sentence of twenty-

12    four months to serve.

13        On the charge  of larceny in  the fifth  degree,

14    sentence  you  to  the  custody  of  Commissioner  of

15    Corrections  to a  sentence of  two months  to serve.

16    That sentence  to  run consecutive  to  the  sentence

17    imposed on the 24th months.  Total effective sentence

18    of twenty-six months to serve.

19        I will  at  this  time  place  a  stay  on  the

20    execution of that, so that Mr. Browdy can finish with

21    the dental treatment that he's receiving at HCC.  The

22    mitt is to reflect  that he is to continue  with that

23    treatment.   I'll  continue the  matter then  to four

24    weeks,  Counsel, until  April  20th for  lifting  the

25    stay.

26        THE CLERK:  Do you  want him back  here on  the

27    20th, your Honor?

1    THE COURT:  I mean, I don't know if he has to be

2    here on that particular date.   Usually he'll be

3    brought here and then the stay will be lifted.  If

4    the Clerk's Office so desires, the court can from

5    here lift the stay without Mr. Browdy being brought

6    in from HCC, and just transferred from there.  Which

7    would you rather have, Counsel?

8    MR. KARPE:  My client just informed me he would

9    just rather have the court do it without his

10    presence.  So he would ask the court to waive his

11    presence for that day.

12    THE COURT:  All right.  We will do that based on

13    his request.  The Clerk's Office will advise the

14    judge at that time that the stay should be lifted.

15    And the HCC notified of that lifting of a stay.  All

16    right.

17    MR. KARPE:  Thank you.

18    THE COURT:  Cost and fees are waived for Mr.

19    Browdy.  Any remaining counts on the files?

20    MS. MABBETT:  Nolled, your Honor.

21    THE COURT:  Nolles to all remaining counts on

22    behalf of Mr. Browdy.

23    MS. MABBETT:  Thank you, your Honor.

24    THE COURT:  You're welcome.  Good luck, Mr.

25    Browdy.

26    MR. KARPE:  Thank you, Ms. Mabbett.  Thank you,

27    your Honor.

# C E R T I F I C A T I O N

It is hereby certified that the within and  foregoing transcript represents a  true and  correct transcription of the tape-recorded  proceedings taken by me  in Docket Number CR99-168971,  State  of  Connecticut  versus  Thomas Browdy, heard in  Manchester Superior  Court,  Judicial District of Hartford/New Britain,  at Manchester,  on  the 23rd  day  of March, 2000, before  Honorable Jorge A. Simon,  Judge of the Superior Court.

Dated this 11th day of April, 2000.

*Lisa M. Corrado*

LISA M. CORRADO
COURT MONITOR

# EXHIBIT F