UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -2  P 5: 21
US DISTRICT COURT
BRIDGEPORT CT

Thomas Brown          :    No. 3:00CV1866 (CFD)
                      :
                      :
vs                    :
                      :
Brian S. Karpe, et al :    November 21, 2003

**Memorandum In Opposition To Defendants' Cross-Motion For Summary Judgment**

The plaintiff commenced this action pro se, proceeding in forma pauperis 28 U.S.C. § 1915 against the defendants under the American with Disabilities Act 42 U.S.C. § 12132.

The plaintiff filed a second amended complaint and moved for summary judgment in opposition of defendants' memorandum in opposition to plaintiff's motion to amend.

The plaintiff submitted material facts not in dispute under a declaration attesting to the material facts, included a verified second amended complaint, medical records,

and certified transcript as exhibits to a genuine factual issue as to each point on the burden of proof from which the Court is being requested to take _judicial notice_.

The defendants met that burden of proof with denials of the plaintiff's declaration of statement of undisputed facts and moved for a cross-motion for summary judgment with reference to their alleged arguments in their motion to dismiss the plaintiff's claim in opposition under Fed. R. Civ. P. 12(c).

Pursuant to Rule 16(c), Fed R. Civ. P. it was so ordered by the Court upon the defendants' request for extension of time to file a motion for summary judgment shall be filed within four months (120 days) of the date of this order. See exhibit-attachment finding and order filed the 3rd day of April, 2002.

The plaintiff hereby oppose defendants' motion and cross-move for summary judgement in their favor.

# Evidentiary Bases For Summary Judgment

Moving for summary judgment, the moving party must show that there is no genuine issue of material fact as to each element of the legal claim and show these facts in a way that meets the requirement under the rules that decide a summary judgment motion based on facts that is properly before it. See, Fed. R. Civ. P. 56.

This usually means facts stated on personal knowledge in sworn affidavit or declaration. See, Fed. R. Civ. P. 56(e); 28 U.S.C. §1746. In addition documents and exhibits identified by affidavit may be submitted to support a motion for summary judgment as long as they would be admissible at trial under the rules of evidence. See, Fed. R. Evid.

For any motion for summary judgment to Rule 56, Fed. R. Civ. P., there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried as to any material fact. A material fact is one that might affect the outcome of the suit under the governing law... Factual disputes that

-Four-

are irrelevant or unnecessary, will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## ARGUMENT

### I. DEFENDANTS FAIL TO ESTABLISH AN ADEQUATE EVIDENTIARY BASIS AND NECESSARY FACTS IN THE MANNER REQUIRED BY LAW

The central issue is whether the plaintiff was discriminated by reason of a disability. Applying this principle to the instant case, the circumstances surrounding the issue, is the right to substantive assistance and obligation imposed by Due Process Clause, relating to a injury from a process that involved a deprivation of rights under the ADA on the part of the defendants' action of deliberate indifferences. Intra., Second Amended Complaint. The defendants in opposition to the plaintiff's motion to amend, moved the court to dismiss under Rule 12(b), merely questions the subject matter jurisdiction. Intra., Defendants' memorandum dated August 9, 2003.

Pursuant to Rule 56, the plaintiff moved for cross motion for summary judgment. <u>See, Motion and Memorandum of Plaintiff's Summary Judgment.</u> In assessing the material facts there is no dispute as to defendants' actions as set forth in the plaintiff's verified complaint, accompanying declaration of undisputed facts, medical records and post-trial transcripts. <u>See</u> Statement of the Undisputed Facts, exhibits attached thereto.

When a motion for summary judgment is adequately supported by documentary exhibits, etc., it must be controverted by a similar response setting forth specific fact showing that there is a genuine issue for trial, absent which summary judgment shall be entered, if appropriate. <u>Foster v. Turner Broadcasting</u>, 844 F.2d 955, 959 (2nd Cir 1988), cert. denied 488 U.S. 994 (1988)

Defendants in their burden to meet such similar response, controverted by denials of the plaintiff's Statement of Undisputed Facts. <u>See</u> Defendants' Local Rule 56(a)2 Statement, then seek to set forth material facts which contend there is no genuine issue to be tried on a cross motion moving

-Six-

for summary judgments. See Defendants' Local Rule 56(a)1 Statement.

In the defendants' factual presentation is without an adequate evidentiary basis for it and fail to establish the necessary facts in the manner required by law. Not to briefly address the issue, but the defendants' material facts solely rest on local rule statement by counsel in court, briefs, and memorandums without any supporting or opposing affidavits made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively the affiant is competent to testify to the matters stated therein. In addition, documents and exhibits identified by affidavit. Rule 56(e), Fed. R. Civ. P.; 28 U.S.C. §1746; Lettord-Fl v Toccos, 766 F. Supp. 1267, 1272 (W.D. Mich. 1991); First National Bank Co. of Clinton, Ill. v. Ins. Co. of North America, 606 F.2d 760, 766 (7th Cir. 1979); Kauffman v. Mosser, 454 F.2d 264, 266 (3rd Cir. 1972).

The court cannot consider hearsay statements or other matters that would not be admissible at trial or unsworn factual statements. Beyah v. Coughlin, 789 F.2d 986, 989 (2nd Cir. 1986); Weber v. Dell, 804 F.2d 796, 802 (2nd Cir. 1986)

-Seven-

So in contrast the defendants' showing establish no more then general conclusory allegations. . . . Lacked firsthand knowledge of the matters recited. The transcripts is not ambiguous to the degree of deference accorded to discriminatory animus that results from actions or injunctions of defendants in the instant case that discriminate by effect as well as by intent or design. See transcripts dated 2/18/02 & 2/23/02 - Defendants Joint Rule 56 (A)1 Statement. Accordingly, the prohibition of Title II applies to action that carries a discriminatory effect, regardless of the government's motive or intent. H.R. Rep. No 101-485 (II) at 29 (1990), reprinted in 1990 U.S.C.A.N. 303, 312, Tyler v. City of Manhattan 857 F. Supp. 800, 817 (D. Kan. 1994); see, e.g., Helen L., 46 F.3d at 335.

Quite simply, none of the information in the transcripts is inconsistent with plaintiff's material facts or not in dispute. The Conn. Gen. Stat. § 54-54(b) law provides important evidence to that effect of what a legislative body, in its wisdom, has deemed necessary to "ensure the provision of benefits and services to eligible persons with disabilities and that does not

-Eight-

mean immunity as the defendants purport in their memorandum p.12... regards to court services, but the critical question lie in the fact that many, if not all that is now provided under the disability statute are now required under local law that provides powerful evidence and as a matter of fact, it is this evidence that is the nature of the material facts in the instant case and satisfy the burden of proof on the evidence in the averments of the plaintiff regarding the extents of the obligations and responsibilities of defendants' roles in state law... to prove the defendants are in violation of federal law. *Henrietta D. v. Giuliani*, 81 F. Supp. 2d 425, 43 (E.D.N.Y. 2000).

But regardless of whether counsel factual presentation meet an adequate evidentiary basis, the undisputed facts still remain as to defendants' actions or inactions and in assessing the material facts in the instant case entitled the plaintiff to a judgment as a matter of law. Under Rule 56(c), Fed. R. Civ. P., summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show there is no genuine issue as to any material

facts, and that the moving party is entitled to judgment as a matter of law. It has been held that summary judgment may be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and to which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 538 (1986).

II. DEFENDANTS' FACTUAL DISPUTES ARE THE PROPER SUBJECT OF EVIDENCE LAW

The defendants' factual disputes rely heavily on their argument under Collateral Estoppel as the grounds for summary judgment, supported by the defendants' Local Rule 56 statements, accompanying exhibits of Brady v. Warden, CV000003102, and the transcripts of the Brady proceedings, including a numerous of other items, witnesses, docket sheets, criminal records, police reports, cases, ect. See Defendants' Local Rule 56(a)1-2 Statements.

The point is evidence of subsequent events frequently sheds light upon, and thus assumes relevance in relation to, antecedent acts. See, Fed. R. Evid. 401 (defining relevant evidence as "having any tendency to

to make the existence "of any material fact" more probable or less probable then it would be without the evidence."). In assessing the underlying factual basis that prompt the material facts in the instant case, defines an act summed up in the Attorney General's regulations require the public entity to give primary consideration to the requests of the individual with disabilities" when determining what type of service is necessary. See, 28 C.F.R. § 35.40 et seq,.. Pursuant to, 42 U.S.C. § 1201 et seq. that creates a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary and adequate under the criteria of the ADA. See Plaintiff's Second Amended Complaint.

The defendants admitted in their pleadings numerous times "they are lawyers, not psychologists" and yet the defendants made a psychologist's determination, he did not feel there were grounds for contemporaneous hearing entitled to disable individual pursuant to a statutory provision §54-54(d), Conn. Gen. Stat. See Defendants' Local Rule 56(a) Statements. Out of the same nucleus of operative facts is the same material facts not disputed


-Ten-

offered as evidence in the plaintiff's statement of the undisputed facts. Infra.

Although it may be relevant... The rule provides: evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 403... Especially when the potentially significant probative value (especially in regard to the plaintiff's state of mind as it pertained to his ADA claim) and would lead to certainly impact where it fails to make a showing sufficient to establish the existence of an element contrary to the plaintiff's medical file, but prejudicial effect on who bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

To draw reasonable inferences from the defendants' material facts as it is characterize, the court is not supposed to decide disputed facts or assess credibility on a summary judgment motion as it is purported by defendants' opposition to

-Eleven-

to plaintiff's summary judgment. A party opposing summary judgment may not rely on conjecture or conclusory assertions that the other party is not telling the truth. See, Gottlieb v. County of Orange, 84 F.3d 511, 518 (2nd Cir 1985). In furtherance of defendants' refusal to assume that these opportunities would uncover any legitimate... Memorandum at p.13. The Court should take judicial notice, under the constitutional standard, in the application of the ADA, the courts are required to ensure equally access to individuals with psychiatric disabilities defendants are it's required, the same standard for legal representation, to communicate with courts so disable defendants to gain complete access to courts system. See, D v. Giuliani, 119 F. Supp. 2d 181, 71 Soc. Sec. Rep. Serv. 458 (E.D.N.Y. 2000).

Further it also should be noted in Doe v. Judicial Nominating Comm'n, 906 F. Supp 1534 (SD Fla. 1995). Applicant for appointment to state circuit who satisfied constitutional requirements for appointment and who had or was perceived as having disability had standing to challenge questions dealing with disabilities. In principle anything that is

- twelve -

to the contrary is irrelevant, or needless presentation of cumulative evidence, of unfair prejudice.... As to the defendants' factual dispute. See Defendants' Local Rule 56(a) 1-2 Statements.

III. DEFENDANTS' SUMMARY JUDGMENT IS EXCLUDED PURSUANT TO RULE 16(c).

In the instant case, pursuant to Rule 16(c), Fed. Civ. P... Ruling and Order upon the plaintiff's claim, the defendants requested extension of time for filing summary judgment, shall be filed within four months (120) days of said order. See Attachment Ruling and Order dated 5/3/02.

The defendants' motion for summary judgment should have been filed pursuant to Rule 16(c), scheduling order deadline for filing motions for summary judgment, because of order entered regarding expired date, it is unfair prejudice, waste of time, undue delay and needless presentation of cumulative evidence.

IV. CONCLUSION

For all the foregoing reasons, the plaintiff urge the Court to enter summary judgment

-thirty-

for the plaintiff and dismiss defendants' Motion for Summary Judgment.

PLAINTIFF
THOMAS BROWDY

By: _____
Thomas Browdy
287 Bilton Rd.
Somers, CT. 06071

CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 21 day of November, 2003:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St
Hartford, CT. 06105

_____
Thomas Browdy Pro-Se

# Attachment A

MICROFILM
APR 05 2002

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



THOMAS BROWDY

V.

BRIAN S. KARPE, ET AL.

PRISONER
CASE NO. 3:00CV1866 (CFD) (WIG)

## RULING AND ORDER

Pending before the court are two motions for extension of time filed by the defendants. For the reasons that follow, the first motion is granted and the second motion is denied as moot.

In their first motion, the defendants seek an extension of the scheduling order deadline for filing motions for summary judgment in this action. The Motion for Extension of Time [doc. # 26] is **GRANTED**. The Court issues the following supplemental scheduling order:

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendants shall file answer to the amended complaint within thirty (30) days of the date of this order. **Failure to respond to the amended complaint in a timely manner will result in the entry of default for failure to plead.**

2. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within three months (90 days) of the date of this order. Discovery requests need not be filed with the court.

3. All motions for summary judgment shall be filed within four months (120) days of the date of this

order.

4. Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

In light of this supplemental scheduling order, the defendant's second Motion for Extension of Time [doc. # 29] to file a response to the amended complaint is **DENIED** as moot.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 3rd day of April, 2002.

William I. Garfinkel
United States Magistrate Judge