UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 15 P 4: 23

Thomas Brown             :    No. 3:00cv1866(CFD)
                         :
vs                       :
                         :
Brian S. Karpe, et al    :    December 2, 2003

**PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT**

The plaintiff submit the following in response to the defendants' statement undisputed facts

**I. AS TO DEFENDANTS' STATEMENTS OF MATERIAL FACTS**

1. The plaintiff admit the allegations as to paragraph 1.

2. The plaintiff admit the allegations as to paragraph 2.

3. The plaintiff admit the allegations as to paragraph 3.

4. The plaintiff admit, he requested a competency or psychiatric evaluation accordance with the statutory provisions, Conn. Gen. Stat. 654528(1) and defendant Karpe refused to request a psychiatric examination and there were no

two

investigation was conducted to determine his request, admit to the rest of the allegations as to paragraph 4.

5. The plaintiff admit defendant Karpe filed a motion to withdraw and the court continued the matter to March 27, 2000. See exhibit D- Defendants Local R. 56(a)1... To. of 2/23/03 at p.3, line 24-25-26 through 27. The rest of the allegations is admit... para 5.

6. The plaintiff admit the allegations as to paragraph 6.

7. The plaintiff admit the allegations as to paragraph 7.

8. The plaintiff denied the allegations as to paragraph 8 through 13.

II. Material Facts In Dispute

1. Plaintiff at the time of post trial proceeding was under psychiatric treatment by a psychiatrist and psychologist and received medication for treatment; prozac and benadryl. Request Court to take judicial notice of DOC mental health record.

three

2. The plaintiff in the post proceeding communicated to defendant Karpe that he was being treated for mental health and was under prescribed medication for treatment. Request Court to take judicial notice of verified second amended complaint - declaration pursuant to 28 U.S.C. §1746.

3. Defendant Karpe proceeded to engage in a D,plead negotiation in opposition of the plaintiff request for a psychiatric evaluation and conflict of interest and disregard to the waiver of counsel. Request Court to take judicial notice of Tr. of 2/18/00 and 2/23/00.

4. Defendant Smyth is responsible to adopt and put into effect notice of settlement. Request Court to take judicial notice of River, et al v. Rowland, et al.

5. The defendants' exhibits and transcript set forth in Supplement to Defendants' Local Rule 56(A) Statement, Collateral Estoppel has no legal authority as to the plaintiff's right to a Federal Forum. Request Court to take judicial notice of law cited in Hunng v. Johnson, 251 F.3d 65 (2d. Cir. 2001);

Four

*Leather v. Eyck*, 180 F.3d 428 (2nd Cir. 1999); *Jenkins v. Haubert*, 179 F.3d 19 (2nd 1999); *Spencer v. Kemna*, 523 U.S. 14; *Faxer v. Town of Middlebury*, 258 F.3d 117 (2nd Cir. 2001); *Archanovitch v. DeBuono*, 159 F.3d 687 (1998).

Plaintiff Thomas Browdy

By: *[signature]*
Thomas Browdy
287 Bilton Rd.
Somers, Ct. 06071

CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 2 day of December, 2003:

Robert F. Vacchelli
Asst. Attorney General
10 Sherman St.
Hartford, Ct. 06105

*[signature]*