FILED

2003 DEC 19 P 12: 52

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS BROWDY | : | PRISONER |
| | : | NO. 3:00CV1866(CFD) |
| VS. | : | |
| | : | |
| BRIAN S. KARPE, ET AL. | : | DECEMBER /\_ , 2003 |

**DEFENDANTS' MEMORANDUM IN OPPOSITON TO PLAINTIFF'S MOTION FOR SANCTIONS DATED DECEMBER 2, 2003**

By pleading dated December 2, 2003, plaintiff pro se inmate asks the court to sanction defendants for statements made in opposition to plaintiff's objection to defendants filing a Cross-Motion for Summary Judgment in response to his Motion for Summary Judgment as beyond the deadline for filing Motions for Summary Judgments in the case. We urge the court to deny the plaintiff's Motion for Sanctions as no statements by defendants were incorrect.

The original deadline was established in the Court's order dated April 3, 2002. See Attachment A. On April 22, 2002, defendants asked for a 30 day extension of time within which to file a Motion for Summary Judgment following action on its pending Motion to Dismiss, and that request was granted. See Attachment B. The term "action", in this context, means "adjudication upon the right and its enforcement or denial by the court." Black's Law Dictionary (5th Edition). It does not mean postponement of decision on the motion. In the instant case, the court postponed decision on the Motion: the Motion to Dismiss was denied, without prejudice to renew, on March 28, 2003 as the Court requested additional briefing on certain issues. See

Attachment C. Defendants did renew their Motion to Dismiss on May 1, 2003, as per the Court's allowance, and that Motion to Dismiss is still pending.

Accordingly, if anyone has filed a Motion for Summary Judgment beyond the deadline in this case, it is plaintiff, not defendants. Nevertheless, we urge the court to take action on the pending Motion to Dismiss and Cross-motions for Summary Judgment and deny plaintiff's Motion for Sanctions.

        DEFENDANTS,
        Brian S. Karpe, et al.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        BY: _/s/ Robert F. Vacchelli_____
        Robert F. Vacchelli
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT 06105
        Telephone No.: (860) 808-5450
        Fax No.: (860) 808-5591
        Federal Bar No. ct05222
        E-Mail: robert.vacchelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 15th day of December, 2003:

Thomas Browdy, Inmate No. 68325
Northern Correctional Institution
287 Bilton Road, PO Box 665
Somers, CT 06071

*[signature]*
Robert F. Vacchelli
Assistant Attorney General

# ATTACHMENT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS BROWDY

V.

BRIAN S. KARPE, ET AL.

PRISONER
CASE NO. 3:00CV1866 (CFD) (WIG)

### RULING AND ORDER

Pending before the court are two motions for extension of time filed by the defendants. For the reasons that follow, the first motion is granted and the second motion is denied as moot.

In their first motion, the defendants seek an extension of the scheduling order deadline for filing motions for summary judgment in this action. The Motion for Extension of Time [doc. # 26] is **GRANTED**. The Court issues the following supplemental scheduling order:

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendants shall file answer to the amended complaint within thirty (30) days of the date of this order. **Failure to respond to the amended complaint in a timely manner will result in the entry of default for failure to plead.**

2. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within three months (90 days) of the date of this order. Discovery requests need not be filed with the court.

3. All motions for summary judgment shall be filed within four months (120) days of the date of this

order.

4. Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

In light of this supplemental scheduling order, the defendant's second Motion for Extension of Time [doc. # 29] to file a response to the amended complaint is **DENIED** as moot.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 3rd day of April, 2002.

_____
William I. Garfinkel
United States Magistrate Judge

2

# ATTACHMENT B

A

UNITED STATES DISTRICT COURT APR 23  12 55 PM '02

DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| THOMAS BROWDY | PRISONER<br>CIVIL NO. 3:00CV1866 (CFD)(WIG) |
| V. | |
| BRIAN S. KARPE, ET AL. | APRIL 22, 2002 |

## MOTION FOR EXTENSION OF TIME

The defendants, Brian S. Karpe, et al., by and through their undersigned counsel, and pursuant to Local Rule 9(b) of the Rules of the United States District Court, respectfully move for a thirty day extension of time following action on the pending Motion to Dismiss within which to file an Answer and Motion for Summary Judgment in the above case, if necessary.

The additional time request is necessary because the Court has not yet acted on defendants' Motion to Dismiss Amended Complaint dated April 18, 2002.

This is the defendants' first Motion for Extension of Time related to this same time limitation in this same matter.

The undersigned is unable to contact the pro se inmate plaintiff in advance of this Motion to ascertain his position with respect to this Motion.

**WHEREFORE**, the defendants request a thirty day extension of time to file an Answer and Motion for Summary Judgment following decision on the pending Motion to Dismiss, if necessary.

# ATTACHMENT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS BROWDY              :
                           :   PRISONER
    v.                     :   CASE NO. 3:00CV1866 (CFD)
                           :
BRIAN S. KARPE, et al.     :

## RULING AND ORDER

The plaintiff, Thomas Browdy, who is currently confined at the Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 and the Americans with Disabilities Act ("ADA"). Pending are the defendants' motion to dismiss [Doc. #32] and the plaintiff's motion for injunctive relief [Docs. ##38-1, 38-2].

The defendants' motion to dismiss [Doc. #32] is DENIED, without prejudice to renewal following a supplemental briefing on the following issues. First, the defendants shall address the status of the criminal charge(s) that provide the basis for Browdy's claims in this case. Specifically, the defendants shall address the following: what Browdy was convicted of and when; whether Browdy's term of incarceration for such conviction(s) has been discharged; and when that term was discharged. The defendants shall also address the impact of the foregoing on its argument that Browdy's federal claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Finally, the defendants shall address what impact, if any, the Second Circuit's decision in Huang v. Johnson, 251 F3d 65 (2d Cir. 2001), has on this case.

The defendants may renew their motion to dismiss at the time they file their supplemental briefing on these issues. Browdy shall be permitted to respond within twenty-one days of the defendants' filing.

As to Browdy's motion for temporary restraining order and preliminary injunction [Docs. ##38-1, 38-2], Browdy claims that he is a defendant in a state criminal matter in the Connecticut Superior Court for the Judicial District of Hartford/New Britain at Hartford and that he is being represented by Attorney McGloklen, a member of the Connecticut Office of the Public Defender. He seeks an order restraining the Public Defender's Office from representing him in that criminal case because his claims against that office in the instant case create a conflict of interest.

In light of Browdy's representations that he has raised the same issues in his pending criminal case, the matter is before the Superior Court judge presiding over that criminal case, and the Superior Court judge has the authority to resolve the issues, the Court concludes that his request must be denied pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971) and subsequent federal precedent. Accordingly, Browdy's motion for injunctive relief [Docs. ##38-1, 38-2] is DENIED.

SO ORDERED this 28th day of March 2003, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE