UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2004 JAN -7 P 4:38
US DISTRICT COURT
BRIDGEPORT CT

Thomas Browdy                :    No. 3:00CV1866 (CFD)
                             :
                             :
vs.                          :
                             :
Brian S. Karpe, et al        :    December 20, 2003
                             :

## Plaintiff's Memorandum In Opposition To Defendants' Memorandum In Opposition To Plaintiff's Motion For Sanctions

By way of responsive pleading opposing the plaintiff's request for sanctions, the defendants urge the court to deny that request as to no statement by defendants were incorrect.

The original deadline established in the courts order dated April 3, 2002 or the defendants' extension of time to file an answer and Motion for Summary Judgment does not change the fact the extension of time was granted on May 22, 2002 and the defendants' failure to meet the deadline pursuant to Rule 16(c), Fed. R. Civ. P. obligation under the 30 days extension of time.

two

The defendants wish the court to believe the term "Action" does not apply to the court's denial of the defendants' Motion to Dismiss. But in the pretense of that argument cannot be found to have standing under the Fed. R. Civ. P. or any persuasive case law to support their claim or citation thereof other then the contentsion of the Black's Law Dictionary is ludicrous.

All litigants, including the defendants, have an obligation to comply with court's orders. When they flout that obligation they, like all litigants, must suffer the consequences, in the instant complaint, making misleading allegations to a fact of law of defendants' obligation to comply with court's orders under the rules of practice. In re Martin-Trigona, 9 F.3d 226, 228-29 (2d Cir. 1993); McDonald v. Head Criminal Court, (2d Cir. 1988), 850 F.2d 121, 124.

To say, the court's decision to deny the defendants' Motion to Dismiss as a postponement run contrary to existing law where the appendability of the ruling turns not on whether the district court denied the motion without prejudice to renewal, but rather on whether the decision resolved a question of law regarding the validity of the motion. U.S. Supreme Court decision in Behrens v.

three

Pelletier, 516 U.S. 299 (1996); Locurto v. Safir, 264 F.3d 154, 158-59, 161 (2001); Whaler v. County of Suffox, 19 F.3d 828, 830-31 (2d Cir. 1994), cert. denied, 513 U.S. 1078 (1995).

To claim, such a postponement, undermind the authority of the court purpose of adjudication upon the right and its enforcement or denial by the court where there is no postponement specify in the court's decision, to claim otherwise, is nothing but a mere intent where there exist the making of misleading allegations to a fact of law beyond the boundary of the rules of practice. Fed. R. Civ. P.

The defendants is not so absentminded to Rule 12 to answer the plaintiff's allegations in the instant complaint and knowingly choose a line of defense in the forum of a Motion to Dismiss under Rule 12(6) as a responsive pleading to the plaintiff's complaint. Also knowing under Rule 12(b)(6), its up to the court's discretion to convert a Motion to Dismiss for a Summary Judgment under Rule 56, Fed. R. Civ. P.

Its simple, the rules of practice under Rule 12(b) does not provide a rule of law to give way to both ways to Motion to Dismiss and

Four

Summary Judgment out of the same nucleus of operative facts to answer a complaint, to oscillate between two Rules - Fed. R. Civ. P. that is not permitted in the same forum of pleading, how presented in law or fact to the defense against a claim for relief. That way the defendants moved a request for extension of time, 30 days from the ruling and order on their Motion to Dismiss to file a Motion for Summary Judgment either way the defendants chose to characterize it, they are not so dumb to identify the scintilla of their actions as opposed to the spirit of the Federal Rules.... Rule 1. The Rules themselves provide that they are to be construed to secure the just, speedy, and inexpensive determination of every action.

Lets say, for the sake of arguing, the defendants are correct and the court's decision is one of postponement under the rules of law, it still does not explain it, why the defendants file a Motion for Summary Judgment in the term "action" in the context of adjudication where there has been no action on the defendants' Motion to Dismiss as they claim. The problem defendants have is staying within the spirit of the Federal Rules and within its bounds of

five

pleading so if the defendants is claiming, if anyone has filed a Motion for Summary Judgment, beyond the deadline in this case, it is plaintiff, but that's not the issue before the Court if the defendants chose so they had the opportunity to raise it in their responsive pleading of claim of defense under Rule 12. It is this type of action by the defendants that prompt the herein request for sanctions by the virtue of undue prejudice, undue delay, and bad faith or dilatory motive on the part of the defendants.

To emphasis what already have been set forth in the herein pleading:

"All litigants, including defendants as well as pro ses, have an obligation to comply with court's orders. When they flout that obligation they, like all litigants, must suffer the consequences."

Wherefore, the plaintiff urge the Court to take sanctions against the defendants actions in the above entitled civil matter.

By _____Thomas Browdy_____
Thomas Browdy
287 Bilton Rd.
Somers, CT 06071

Six

## Certification

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 28th day of December, 2003:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St
Hartford, CT. 06871

*Thomas Brown*
THOMAS BROWN