UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2004 MAR 31  P 4: 26
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Thomas Brown                :  No. 3:00cv1866 (CFD)
                            :
vs.                         :
                            :
Brian S. Karpe, et al.      :  March 23, 2004

## Objections

The plaintiff hereby object to the Magistrate Judge's Order pursuant to 28 U.S.C. 2636(b)(1)(A); Fed. R. Civ. P. 72(a) in the above entitled action denying the plaintiff's motions for leave to amend and for sanctions.

## I. Objection

The court determination to deny the plaintiff's motion to amend... Rule 15 declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore Federal Practice (2d ed.) paras 15.08, 15.10.

The underlying facts or action as amened in the instant action is a proper subject of relief so the plaintiff ought to be afforded an opportunity to test his claim on the merits... The amened claim "arose out of the conduct, transaction, or occurrence attempted to be set forth in the original pleading." See, Younger v. Chernovetz, 792 F. Supp. 173, 176 (D.Conn. 1992);...

two

*Formas v. Davis*, 371 U.S. 178, 82-83 (1962); *Allen v. Ranun* 748 F.Supp. 738, 740 (D. Conn. 1991); *Heirs v. Imcera Group, Inc.* 47 F.3d, 47, 55 (2d Cir. 1995).

Also, there nothing in the procedural history of this case or court's record that suggest anything remotely that indicate undue delay, bad faith, dilatory motive, undue prejudice, or futility otherwise unless the Magistrate is indicating cases involving pro-se litigants, leave to amend need not be given, if the proposed complaint does not indicate that a valid claim may be stated; however, the plaintiff was under the assumption as the local rules indicated that a Magistrate judge was without the consent of the parties power extends to decision of "nondispositive matters."

Furthermore, the Magistrate made a ruling in response to notice to pro se litigant that requires the plaintiff to file a response within twenty-one days pursuant to Fed. R. Civ. P. 56; Rule 7(a) D. Conn. L. Civ. R., that why the court cannot discern why the plaintiff could not submit these exhibits in support of a motion for summary, because the exhibits were submitted for that purpose and the court denied it as part of the record as a exhibit to the amended complaint was a mistake, inadvertence, surprise, or excusable neglect, or any other reason justifying relief from

three

From the operation of the judgment pursuant to Rules 59(e), 60(b), or 73(a)... Fed. R. Civ. P.

II. Objection

In the court's ruling deny the plaintiff's motion for sanctions, it stated in part... "the plaintiff's filing of a motion for summary judgment out of time, the court concludes that the defendant's cross-motion for summary judgment was timely filed."

However, the same issue of defendant's timely filed motion as the court ruled is also the same claim asserted in the plaintiff's motion in opposition to defendant's cross motion for summary judgment so both motions is intertwined out of the same act of defendants as well as their lawyer is pending before a District Judge and is not one of nondispositive matter and undue prejudice of the claims the plaintiff asserted in a motion of opposition to defendants cross-motion for summary judgment.

In any event, the record is clear of defendants' motion in opposition to sanctions... "action" does not apply to the court's denial of the defendants' motion to dismiss and as a postponement run contrary to existing law where the appealability of the ruling turns not on whether the district court denied a motion without prejudice to renewal, but

Four

the decision resolved a question of law regarding the validity of the motion. See, Behrens v. Pelletier, 516 U.S. 299 (1996); Locurto v. Safir, 264 F.3d 154, 158-59 (2001); Whalen v. County of Fulton, 19 F.3d 828, 828-31 (2d Cir. 1994), cert. denied, 513 U.S. 1876 (1995).

In sum, the court issued an order pursuant to Rule 16(c), Fed. R. Civ. P. . "20 days motion for summary judgment shall be filed." The defendants filed a motion for extension of time . . . "30 day extension of time following action on the pending motion to dismiss within which to file an answer and motion for summary judgement. See, attachment A

The court denied the defendants' motion to dismiss. See, attachment B

The defendants filed their motion for summary judgment some several months later. See, attachment C.

The defendants' motion for summary judgment is excluded pursuant to Rule 16(c), Fed. R. Civ. P.

Plaintiff

By_____
Thomas Brunett
287 Bitten Rd
Somers Ct. 06071

Five

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following this 23 day of March, 2004:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St.
Hartford, Ct. 06105

Thomas Browdy
Thomas Browdy

# ATTACHMENT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS BROWDY | PRISONER |
| V. | CIVIL NO. 3:00CV1866 (CFD)(WIG) |
| BRIAN S. KARPE, ET AL. | APRIL 22, 2002 |

## MOTION FOR EXTENSION OF TIME

The defendants, Brian S. Karpe, et al., by and through their undersigned counsel, and pursuant to Local Rule 9(b) of the Rules of the United States District Court, respectfully move for a thirty day extension of time following action on the pending Motion to Dismiss within which to file an Answer and Motion for Summary Judgment in the above case, if necessary.

The additional time request is necessary because the Court has not yet acted on defendants' Motion to Dismiss Amended Complaint dated April 18, 2002.

This is the defendants' first Motion for Extension of Time related to this same time limitation in this same matter.

The undersigned is unable to contact the pro se inmate plaintiff in advance of this Motion to ascertain his position with respect to this Motion.

WHEREFORE, the defendants request a thirty day extension of time to file an Answer and Motion for Summary Judgment following decision on the pending Motion to Dismiss, if necessary.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS BROWDY

    V.

BRIAN S. KARPE, ET AL.

PRISONER
CASE NO. 3:00CV1866 (CFD) (WIG)

### RULING AND ORDER

Pending before the court are two motions for extension of time filed by the defendants. For the reasons that follow, the first motion is granted and the second motion is denied as moot.

In their first motion, the defendants seek an extension of the scheduling order deadline for filing motions for summary judgment in this action. The Motion for Extension of Time [doc. # 26] is **GRANTED**. The Court issues the following supplemental scheduling order:

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendants shall file answer to the amended complaint within thirty (30) days of the date of this order. **Failure to respond to the amended complaint in a timely manner will result in the entry of default for failure to plead.**

2. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within three months (90 days) of the date of this order. Discovery requests need not be filed with the court.

3. All motions for summary judgment shall be filed within four months (120) days of the date of this

order.

4. Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

In light of this supplemental scheduling order, the defendant's second Motion for Extension of Time [doc. # 29] to file a response to the amended complaint is **DENIED** as moot.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 3rd day of

April, 2002.

---
William I. Garfinkel
United States Magistrate Judge

# ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS BROWDY            :
                         : PRISONER
v.                       : CASE NO. 3:00CV1866 (CFD)
                         :
BRIAN S. KARPE, et al.   :

FILED
2003 MAR 28 P 4 56
US DISTRICT COURT
HARTFORD CT

## RULING AND ORDER

The plaintiff, Thomas Browdy, who is currently confined at the Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 and the Americans with Disabilities Act ("ADA"). Pending are the defendants' motion to dismiss [Doc. #32] and the plaintiff's motion for injunctive relief [Docs. ##38-1, 38-2].

The defendants' motion to dismiss [Doc. #32] is DENIED, without prejudice to renewal following a supplemental briefing on the following issues. First, the defendants shall address the status of the criminal charge(s) that provide the basis for Browdy's claims in this case. Specifically, the defendants shall address the following: what Browdy was convicted of and when; whether Browdy's term of incarceration for such conviction(s) has been discharged; and when that term was discharged. The defendants shall also address the impact of the foregoing on its argument that Browdy's federal claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Finally, the defendants shall address what impact, if any, the Second Circuit's decision in Huang v. Johnson, 251 F3d 65 (2d Cir. 2001), has on this case.

The defendants may renew their motion to dismiss at the time they file their supplemental briefing on these issues. Browdy shall be permitted to respond within twenty-one days of the defendants' filing.

As to Browdy's motion for temporary restraining order and preliminary injunction [Docs. ##38-1, 38-2], Browdy claims that he is a defendant in a state criminal matter in the Connecticut Superior Court for the Judicial District of Hartford/New Britain at Hartford and that he is being represented by Attorney McGloklen, a member of the Connecticut Office of the Public Defender. He seeks an order restraining the Public Defender's Office from representing him in that criminal case because his claims against that office in the instant case create a conflict of interest.

In light of Browdy's representations that he has raised the same issues in his pending criminal case, the matter is before the Superior Court judge presiding over that criminal case, and the Superior Court judge has the authority to resolve the issues, the Court concludes that his request must be denied pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971) and subsequent federal precedent. Accordingly, Browdy's motion for injunctive relief [Docs. ##38-1, 38-2] is DENIED.

SO ORDERED this 28th day of March 2003, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

2

# ATTACHMENT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS BROWDY | : | PRISONER |
| VS. | : | NO. 3:00CV1866(CFD) |
| | : | |
| BRIAN S. KARPE, ET AL. | : | NOVEMBER /0, 2003 |

## DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMNT

The defendants, Brian Karpe, et al. by and through their undersigned counsel and pursuant to Rule 56, F.R.Civ.P., respectfully move the Court to render Summary Judgment in their favor for the reason that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law because:

A.  The request for injunctive relief is speculative.

B.  The Eleventh Amendment bars this action against the defendants in their official capacities.

C.  The State is not a "person" subject to liability under 42 U.S.C. § 1983.

D.  Plaintiff has failed to allege that his conviction or sentence has been overturned, and cannot make any such allegation because plaintiff's habeas concerning the conviction was denied. Accordingly, this case should be dismissed under Heck v. Humphrey, the Rooker-Feldman Doctrine, and Collateral Estoppel.

E.  The defendants were not acting under color of law.

**ORAL ARGUMENT NOT REQUESTED.**

F. There can be no allegation of personal participation by the defendant Smyth.

G. The amended complaint fails to state a claim upon which relief can be granted.

H. The defendants are protected by qualified immunity.

I. The Court should decline to exercise Supplemental Jurisdiction over the State law claims.

J. The State law claims are barred by sovereign immunity, Conn. Gen. Stat. § 4-165 and for failure to exhaust state administrative remedies.

K. The plaintiff has failed to perfect filing and service of the amended complaint.

In support thereof, the defendants submit the attached Statement of Material Facts, Transcripts and Exhibits.

DEFENDANTS,
Brian S. Karpe, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
Federal Bar No. ct05222
E-Mail: robert.vacchelli@po.state.ct.us

2

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 10th day of November, 2003:

Thomas Browdy, Inmate No. 68325
Northern Correctional Institution
287 Bilton Road, PO Box 665
Somers, CT 06071

                                                                  _____
                                                                  Robert F. Vacchelli
                                                                  Assistant Attorney General

3