UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 21 P 3:48
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Thomas Brown

vs.                                    No. 3:00cv1866(CFD)

Brian S. Karpe, et al            April 19, 2004

## Plaintiff's Memorandum In Opposition To Defendants' Response To Plaintiff's Objections

The plaintiff hereby oppose defendants' response to objections to the Magistrate Judges Ruling dated March 17, 2004 in the above entitled case.

### I. As To Defendants' Oppose To Plaintiff's Objections

1. The plaintiff sent by first-class mail his objections to defendants as certify by the civil rules of practice, Fed. R. Civ. P.; and

The plaintiff don't doubt to the contrary defendants never received a copy, because there has presently been a ongoing problem with mail matter at Northern C.I., which has prompt several grievances, complaints to the warden, regional administrator, and commissioner, also inmates' legal assistance and these complaints is fully documented, requesting an investigation of inquiry into mail matters to rectify the problem and if the attorney general office can be of assistance to correct this problem

it would be very much appreciated.

2. Magistrate judges frequently supervise discovery, and decide discovery disputes, deal with scheduling issues and requests for extension of time, in sum supervise preparation for trial; ... "Decision of Nondispositive Matters."

Even so doing, the Magistrate judge's decision of a nondispositive matters may be reviewed by the District Court if a party serves and files specific objections within ten days of service of the Magistrate judge's order. See, 28 U.S.C. §636(b)(1)(A); Rule 72(a), Fed. R. Civ. P.

3. The plaintiff's objections were filed within ten days of the Magistrate judge's order.

II. Law

In sum, the defendants served an answer to the instant complaint under Rule 12(b), a motion to dismiss, the underlying basis to an attack on lack of subject matter jurisdiction. Additionally, the defendants filed a motion for extension of time to preserve the right to file a motion for summary judgement after the adjudication of the pleading under Rule 12(b). There were no matters outside the pleading or not excluded by the court to dispose the defendants'

motion under Rule 12(b) as one for summary judgment as provided in Rule 56.

Then the defendants interposed by filing a motion for summary judgment where the motive for doing so was improper. Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1331 at 10-11 (2d ed. 1990)

III. Conclusion

For the herein reason, the plaintiff reiterate request for sanctions.

Thomas Brady
287 Bilton Rd.
Somers, Ct. 06071

CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail to the following on this ___ day April, 2004. Robert F. Vacchelli, Assistant Attorney General, 110 Sherman St. Hartford, Ct. 06105

Thomas Brady