UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

THOMAS BROWDY

VS.

BRIAN S. KARPE, ET AL.

PRISONER
CIVIL NO. 3:00CV1866(CFD)(WIG)

2004 MAY 14  P 12: 22

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MAY 12, 2004

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION TO AMEND DATED APRIL 7, 2004

By pleading dated April 7, 2004, plaintiff makes his Third Motion to Amend the Complaint in this case. The proposed Amended Complaint adds no new facts to the case, except in paragraph 15-18 and the Second Cause of Action of proposed Amended Complaint, p. 7. These allegations add a new contention, alleging that plaintiff was incorrectly sentenced under the persistent offender statute. C.G.S. § 53a-40. We urge the Court to deny the Motion to Amend.

### STANDARDS OF REVIEW

The liberal rules of federal procedure provide that leave to amend should be freely granted when justice so requires. Rule 15(a), F.R.Civ.P.; Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, the Court has discretion in deciding whether or not to grant leave to amend. Azurite Corp. v. Amster & Co., 52 F.3d 15, 19 (2nd Cir. 1995). Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated. Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991). (per curiam). It need not be granted if it would be futile. Pargburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir. 1999); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2nd Cir. 1991); Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State

Judicial Services, Inc. v. Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985). Undue delay or prejudice to the opposing party are also grounds for denial. Forman v. Davis, supra at 182.

## ARGUMENT

**1.   Undue Delay**

This case has been pending since October, 2000. See Docket #1. The defendants made three motions to dismiss. See Docket #10, 32, 50. The latest Motion to Dismiss is still pending. Plaintiff moved for summary judgment on September 23, 2003, Docket # 60. Defendants cross-moved for summary judgment on November 12, 2003. Docket #67. Those motions are still pending. The events in this case concern plaintiff's March 23, 2000 guilty plea before Judge Jorge Simon in Manchester, Connecticut, Superior Court. Def. Local Rule 56(a)(1) Statement, para. 6. Plaintiff makes no representation as to why he did not raise the new issue, concerning technical defects in his sentencing as a persistent larceny offender, until now. The effort serves only to prolong the litigation and plaintiff alleges no injury or consequence to the defect, assuming arguendo, that there is a defect. Accordingly, his effort to add the point at this time should be rejected. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2nd Cir. 1990).

**2.   Statute of Limitations**

The statute of limitations for this civil rights action is three years. C.G.S. § 52-577; Lounsbury v. Jeffries, 25 F.3d 131, 134 (2nd Cir. 1994). The events in this case concern plaintiff's March 23, 2000 guilty plea. Def. Local Rule 56(a)(1) Statement, para. 6, supra. More than four years after that event, the plaintiff filed his motion to amend alleging a technical defect in his sentencing. In face of the three year statute of limitations, such an amendment will only be permitted under the relation back doctrine of Rule 15(c).

Pursuant to Rule 15(c), relation back to the date of the original pleading is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ..." F.R.Civ.P. 15 (c)(2). The original complaint in this case concerned plaintiff's contention that his public defender violated his civil rights by failing to ask for a competency exam for him. See Complaint. It was subsequently determined that any such request would have been unjustified and the public defender acted correctly. Def. Statement, para. 10 supra citing Brody v. Warden, No. CV-00-0003202 (Memorandum, March 6, 2003) (Appeal pending A.C. No. 24522). The new allegations present "an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice" and therefore should be denied. Ansam Assoc., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2nd Cir. 1985); Barrows v. Forest Lab, Inc., 742 F.2d 54, 58 (2nd Cir. 1984); Therrien v. Kupec, No. 3:95CV1000 (Ruling, May 13, 1997) Attachment A.

**3.    Failure to State a Claim**

Plaintiff contends that his sentencing was incorrect under the persistent offender statute, but does not explain how, why or by whom. These proposed allegations should not be allowed.

It is true that Rule 8(a), F.R.Civ.P., broadly governs pleadings in federal court, and that notice pleading normally requires only a "short plain statement" of a claim for relief. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Baptista v. Rodriguez, 702 F.2d 393, 397 (2nd Cir. 1983). Also, it has been stated that, "Complaints relying on civil rights statutes are plainly insufficient unless they contain some specific allegation of fact indicating a deprivation of civil rights, rather than simple

3

conclusions." <u>Koch v. Yunich</u>, 533 F.2d 80, 85 (2nd Cir. 1976); <u>see</u>, <u>e.g.</u>, <u>Powell v. Jervis</u>, 460 F.2d 551, 553 (2nd Cir. 1976); <u>Louis v. Ward</u>, 444 F.Supp. 1107, 1109 (S.D.N.Y. 1978); <u>see also</u>, <u>Branch v. Tunnell</u>, 14 F.3d 449 (9th Cir. 1994). The proposed amended complaint in this case fails to explain plaintiff's contention. The plaintiff's sentence was described in the transcript on file with the Court. <u>See</u> Def. Statement, para. 6, Exhibit E, <u>supra</u>. No error is obvious. The federal rules also require that "each averment of a pleading shall be simple, concise, and direct." F.R.Civ.P. 8(e)(1). Under the rules' liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." <u>Ricciuti v. New York City Transit Auth.</u>, 941 F.2d 119, 123 (2nd Cir. 1991). "Dismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2nd Cir. 1988). Dismissal is merited here for failure to state a claim. Accordingly, no amendment should be allowed either. <u>Platsky v. CIA</u>, <u>supra</u>.

## CONCLUSION

For all of the foregoing reasons, we urge the Court to deny plaintiff's third Motion to Amend dated April 7, 2004.

DEFENDANTS,
Brian Karpe, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 12th day of May, 2004:

Thomas Browdy, Inmate No. 68325
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

_____
Robert F. Vacchelli
Assistant Attorney General

5

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN W. THERRIEN

v.

ROBERT KUPEC

PRISONER
CASE NO. 3:95CV1000(DJS)(DFM)

## RULING AND ORDER

The plaintiff, currently an inmate at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. Now pending before the court is the plaintiff's Motion to Submit Second Amended Complaint [doc. #69]. The defendant has filed its opposition to this motion [doc. #84]. For the reasons set forth below, the motion is **DENIED**.

## STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court outlined the contours of Rule 15. There, the Court stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should as the rules require be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but

outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Id. at 182 (internal citations omitted).

## DISCUSSION

On May 30, 1995, the plaintiff filed this action pursuant to 42 U.S.C. § 1983. (See doc. #2.) The plaintiff sought leave to file an amended complaint on November 15, 1995. (See doc. #17.) This motion was granted by the court in a margin endorsement dated June 21, 1996. Accordingly, on July 22, 1996, the plaintiff filed his first amended complaint. (See doc. #38.) On October 16, 1996, the plaintiff filed the present motion seeking leave to file a second amended complaint. In this motion, the plaintiff seeks to add ten additional defendants to this action. The plaintiff further seeks class action certification. The defendant objects to the plaintiff's attempts to style this case as a class action. Additionally, the defendant argues that many of the plaintiff's new allegations are either frivolous or barred by the statute of limitations. The court shall explore the merits of these contentions below.

In reviewing the plaintiff's present motion, this court initially looks to the allegations contained in the plaintiff's first amended complaint which currently governs this action. In this complaint, the sole named defendant is Robert J. Kupec, Warden of the Northern Correctional Institution in Somers, Connecticut. The allegations directed at Warden Kupec include claims that this defendant (1) failed to provide a law library; (2) violated the Eighth Amendment by instituting a restraint policy during recreation; and (3) required the plaintiff to perform janitorial duties without pay. (See doc. #38 ¶¶

2

1(c), 5 and 7.)

The allegations contained in the proposed second amended complaint are dramatically different from those originally raised by the plaintiff. Specifically, the plaintiff seeks to add Commissioner John Armstrong, Region Administrator Clyde McDonald, Mental Health Director Dr. Venters, Dr. Nicolace A. Groth, Dr. Henseley, Dr. Paul Chaplin, Correctional Officer Lawrence Tilghman, Correctional Officer Toney, and Correctional Officer Getus as defendants. The plaintiff further seeks to have this case certified as a class action. The claims raised by the plaintiff in his proposed second amended complaint challenge Northern's lack of a law library, as well as the restraint, confiscation, and mail policy of this facility. (See Proposed Second Am. Compl. ¶¶ 22-25.) In addition, the plaintiff seeks to raise the following claims:

> Plaintiffs at NCI . . . are denied adequit [sic] medical and mental health services as a direct result of Defendant McDonald's lack of management skills and/or the fact that his illegal embezzlement of DOC mental health [and] medical funds for his organized crime superiors outside DOC leaves him as the DOC region one medical and mental health administrator financially unable to provide adequit [sic] services.
>
> . . . Defendant McDonald is the one calling the shots for DOC's medical and mental health operation throughout DOC. The official Director Brett Razford is a public relations ploy brought into DOC to cover up the incompetency o[f] Defendant McDonald and his sex cult of rapist/mind controlers [sic] parading as mental health professionals and the predomently [sic] black mailed and/or mind controled [sic] medical and mental health victims parading as nurses medics and social workers at NCI and throughout DOC.

(See Proposed Second Am. Compl. ¶¶ 26, 27.) The plaintiff appears to argue that the medical/mental health staff of the Department of Correction is inadequate due to defendant McDonald's alleged connection to organized crime. The plaintiff further

3

claims that defendant McDonald leads a "sex cult of rapist/mind controlers [sic]" who have victimized members of the mental health staff. This victimization allegedly deprives the plaintiff of adequate mental health care. This court finds these allegations insufficient to support leave to amend in this instance.

The Court of Appeals for the Second Circuit has recognized that a district court does not abuse its discretion in denying a motion for leave to amend where the "new claims represent[ ] a radical shift from the recovery sought in the original complaint." Barrows v. Forest Lab., Inc., 742 F.2d 54, 58 (2d Cir. 1984). See also Ansam Assoc., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (leave to amend properly denied where new claims involved "an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice"). Here, the plaintiff's proposed second amended complaint contains allegations drastically different from those originally raised by the plaintiff. This is evidenced by the fact that his proposed second amended complaint shifts the focus of this action from policies employed at the Northern Correctional Institution to claims involving the adequacy of the mental health department throughout the Department of Correction. The plaintiff also seeks to add claims against ten individuals who were not even named in the original complaint. In addition, the plaintiff attempts to transform this litigation into a class action lawsuit. This action clearly represents a "radical shift" from the recovery originally sought by the plaintiff. This court further recognizes that the plaintiff's new claims alleging the existence of a "sex cult of rapist/mind controlers [sic]" has absolutely no connection to the claims contained in the first amended complaint. As such, this court finds leave to

4

amend improper under these circumstances.

Several other factors weigh against granting leave to amend in this case. In general, leave to amend should be denied "where . . . there is no merit in the proposed amendment . . . ." Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) (citations omitted). See also S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979) ("[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action") (citation omitted). Here, the plaintiff makes broad allegations concerning the adequacy of the mental health department within the Department of Correction. He fails, however, to allege that he suffered an injury as a result of this inadequacy. Preliminarily, to maintain a civil rights action, a plaintiff must allege that his own, personal rights have been violated. See Leeke v. Timmerman, 454 U.S. 83, 86 (1981); Dahlberg v. Becker, 748 F.2d 85, 89 (2d Cir. 1984), cert. denied, 470 U.S. 1084 (1985). Courts have consistently held that inmates do not have standing to sue on behalf of fellow prisoners. See Singleton v. Wulff, 428 U.S. 106, 114 (1976); Javits v. Stevens, 382 F. Supp. 131, 135 (S.D.N.Y. 1974). Here, the plaintiff fails to allege that he personally experienced any adverse effect from the alleged mismanagement of the mental health department. Thus, the plaintiff has not alleged that he has standing to raise this claim, i.e., that any of his constitutional rights have been violated. Accordingly, leave to amend is improper because these new allegations fail to state a

5

cause of action.[1]

Finally, the court notes that the plaintiff's allegations related to the mental health department border on being frivolous. This court recognizes that although pro se complaints are construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court may dismiss sua sponte under section 1915(e) a complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). "[A] complaint, containing as it does both factual and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325. A court may dismiss sua sponte, therefore, a complaint based on "inarguable legal conclusions" as well as on "fanciful factual allegations." Id.

Here, the plaintiff claims that Clyde McDonald forwards funding designated for the mental health department to "his organized crime superiors . . . ." The plaintiff further contends that McDonald leads a "sex cult of rapist/mind controlers [sic] [who] parad[e] as mental health professionals" throughout the Department of Correction. Finally, the plaintiff asserts that victims of this "sex cult" masquerade as Department of

---

[1] The defendant, in his response, argues that this motion should be denied because many of the plaintiff's new claims are barred by the statute of limitations governing section 1983 claims. Because the plaintiff fails to allege specific incidents or dates in his proposed second amended complaint, the court is unable to determine whether the new claims are in fact time barred.

6

Correction medical employees. These claims clearly rise to the level of fanciful factual allegations. As such, these allegations are unlikely to survive a district court's review pursuant to section 1915(e). See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."). The futility of this amendments further weighs against the granting of the plaintiff's present motion.

### CONCLUSION

Based on the foregoing analysis, the plaintiff's motion to Submit Second Amended Complaint [doc. #69] is **DENIED**.

SO ORDERED.

Entered this 13th day of May, 1997, at New Haven, Connecticut.

Donna F. Martinez
United States Magistrate Judge