twelve

*Hayburn*, 2 U.S. (2 Dall.) 409 (1792); *Cohens*, 19 U.S. (6 Wheat.) at 405; *McClellan v. Carland*, 217 U.S. 268, 282 (1910); *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 14 (1983).

In sum, any preclusion effect by way of *Heck v. Humphrey*, supra, *Huang v. Johnson*, supra; and *Rooker-Feldman Doctrine*, would be inconsistent with the legislative purposes in enacting §1983. It seems senseless to suppose that Congress would have intended the Federal courts to give full preclusive effect to prior state adjudication. That supposition would contradict their obvious aim to right the wrongs perpetuated in the state courts. Congress passed the legislation in order to substitute a Federal forum for the ineffective, although plainly available state remedies.

Section 1983 creates a new Federal cause of action. It says nothing about the preclusive effect of state court judgments so to apply the preclusionary rule would contravene the pronouncement of five justices that some Federal remedy - either Federal habeas or §1983 - must be available, see, *Spencer*, 118 S.Ct. at 988-90, 92; also see, *Leather v. Eyck*, 180 F. 3d 420 (2d Cir. 1999); *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999). *Huang v. Johnson*, supra.

The general principle that litigants alleging constitutional violations must be afforded a Federal remedy intended for the application of Article III Federal judiciary power.

- Deprivation of Constitution and Laws

It is well established constitutional mandates, that no State shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within it's jurisdiction the equal protection of the law. See, U.S. Constitution 14th Amendment; Connecticut Constitution art. 1st, sec. 8, 20.

These rights extends in the application of the ADA where the courts are required to ensure equally access to individuals with psychiatric disabilities and mentally ill defendants requires legal representation to communicate with courts and gain complete access to courts' system. D__ v. Giuliani, 119 F. Supp. 2d 181 (E.D.N.Y. 2000); U.S. Constitution 6th Amendment.

In the application of the constitutional issues in the case at bar; surrounds a resolution in the scope of rights to substantive assistance, obligations imposed by Due Process Clause, relating to a injury from a process that involved a deprivation of rights under the ADA on the part of the defendants' action of deliberate indifferences.

The circumstance involved, is noted in the material facts, from which is not disputed by the defendants own assertion, the plaintiff asserted he was diagnosed with a mental disease (ie. he suffered from neurosis and anxiety and was being treated by psychiatrist) and medical condition (ie. he was taking several drugs and did not understand the nature of the

proceedings and not competent to stand trial.). This issue was raised repeatedly at trial. See, T. of 2/18/02; memorandum 11/10/03.

The defendant(s) improperly discounted these assertions, without informed medical opinion; nor spoke to the plaintiff's medical provider; nor court-ordered evaluation of competence pursuant to Conn. Gen. Stat. §54-56d, impeded the issuance of process protected under the ADA arising out of a conflict of interest as to whether to present a defense (i.e. Conn. Gen. Stat. §54-56d). Also, the proceedings was prejudice where the plaintiff was put to plea under a illegal sentence (i.e. Conn. Gen. Stat. §53a-40(1)).

Notably, the plaintiff brought the instant claims pursuant to 42 U.S.C. §12101-12132, conferred subject matter jurisdiction under §1983 properly brought in Federal district court for vindication of constitutional rights, under the premise(s) that a person should be compensated fairly for injuries caused by a violation of them rights. The rules defining the element of damages and the prerequisites for there recovery, provide the appropriate starting point for the inquiry under §1983. Carey v. Piphus 435 U.S. 247, 257-58 (1978).

In that premise(s), the instant complaint brings into question... That individuals with disabilities are entitled under the ADA to meaningful access guaranteed under a statutory provision (i.e. Conn. Gen. Stat. §54-56d) for individuals with disabilities, a criminal

*fifteen*

defense that operate as a constitutional safeguard, and basis for treatment. <u>Messier v. Southbury Training Sch.</u>, 916 F.Supp. 133 (D.Conn. 1996).

A disability discrimination claim may be brought either on the theory that defendant(s) failed to make reasonable accommodation, or on a more conventional disparate treatment it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or reasonable accommodation. <u>Garcia v. S.U.N.Y.</u>, 280 F.3d 111 (2d Cir. 2001); <u>Mathews v. Jefferson</u>, 29 F.Supp.2d 525 (W.D.Ark. 1998); <u>Connors v. Bethesda House Corp.</u>, 1997 U.S. Dist. LEXIS 9586, at 7, no. 96-7081 (E.D.Pa. 1997); <u>Mohamed v. Marriott Internat'l Inc.</u>, 905 F.Supp. 141, 150-54 (S.D.N.Y. 1995).

So a public entity's duty on receiving a request for accommodation is well settled in our case law and by applicable regulations. It is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation, and where there have been provided the criteria by which to evaluate whether that investigation is adequate.

The defendants' reasons for their actions is well pointed out in the affirmative asserts a good faith belief, a lawyer is required to exercise professional judgment in his representation... "A lawyer is not bound to follow the requests of his client except in some limited circumstances such as the decision as to which plea to enter and the decision as whether a criminal defendant will or will not testify."

In light of the inferences drawn therefrom, the defendants' decisions is mere speculation that a suggested accommodation is not feasible, falls short of the reasonable accommodation requirement.... The ADA create a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodation are necessary. See, 28 C.F.R. § 35.130(b)(7); <u>Franklin v. Consolidated Edison Co. INC.</u>, 1999 U.S. Dist LEXIS 15582.

Moreover, the defendants' claimed, "there was absolutely no evidence, other then the assertion of the plaintiff of his mental condition to substantiate his claim," but there was no procured service of investigation or a effort to speak with medical provider, or <u>obtain medical records</u>.

To purport that the defendants' actions in the instant complaint meet the ADA requirements is contrary to to conform statutory dictates reasonable accommodation, where the ADA creates a duty to gather sufficient information and qualified experts as needed to determine what accommodations are necessary. The Attorney General's regulations required that the public entity to give primary consideration to request of the individual with disabilities when determining what type of service is necessary. See, 28 C.F.R. § 35.18(b); 28 C.F.R. § 35(b)(2).

Furthermore, it is without dispute, in the instant complaint, the defendants was give a form of notice and the opportunity to conform to statutory dictates but chose to ignore it in the exercise professional judgment as lawyers.

Anyway, deliberate indifference requires both "some form of notice and the opportunity to conform to statutory dictates." In Nemmer, the court required the plaintiff to identify "specific reasonable" and "necessary accommodations that the defendant failed to provide." When the plaintiff has alerted the public entity to his need for accommodation or where the need for accommodations is obvious, or required by statute or regulation, the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test. See, Nemmer v. Marin County Courts, 169 F.3d 630, 633-34 (9th Cir. 1999).

The second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness, however, in review of the defendants action in the case at bar, constitute a failure to yield to a statutory mandate that is required for the protection of people with disabilities. See, e.g. Matthews, 29 F. Supp. 2d 525-534; Bartlett, 156 F.3d at 331 (notice combined with disable and failure to provide appropriate services violate Title II).

In sum, the ADA reflects the fact that discrimination against the disabled is often unintentional, the result of oversight and disregard rather than discriminatory animus. See, e.g., Helen L. v. DiDario, 46 F.3d 325, 335 (3d Cir. 1995) ("The ADA attempts to eliminate the effects of ... 'benign neglect', 'apathy', and indifference."); H.R. Rep. No. 101-485 (II) at 29 (1990), reprinted in U.S.C.A.N. 303, 310 ("Discrimination against people with disabilities results from actions or inactions that discriminate by effect as well as by intent or design").

Accordingly, the prohibition of Title II applies to action that carries a discriminatory effect, regardless of the government motive or intent. Because the ADA evolved from an attempt to remedy the effects of 'benign neglect' resulting from the 'invisibility of the disabled', Congress could not have intended to limit the Act's protection and prohibitions to circumstances involving deliberate discrimination. Tyler v. City of Manhattan, 857 F. Supp. 800, 817 (D. Kan. 1994); see, e.g., Helen L., 46 F.3d at 335.

Additionally, the plaintiff was sentenced unlawfully, in lieu of imposing a sentence on two counts for larceny 5th degree (e.g. 853a40(1)) equally apply to the claim in the case at bar, because it conceived to provide a rational basis which permits a civil right action, subject to liability under the asperse of the defendants' conduct

When a federal right has been specially set up and claimed (i.e. 42 U.S.C. §12101 (ADA); §54-56d (C.G.S.)), it is the Court province to inquire not merely whether it was denied in express terms but also whether it was denied in substance and effect. . . .

The examination of evidentiary facts, inferences drawn, and conclusions involve a question of competing basis theories of defense surrounding an independent and informed evaluation of defendant(s) client's competence, however in these circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. U.S. v. Brizzo, 786 F.2d 52, 58 (2d Cir. 1986); U.S. v. Malpiedi, 62 F.3d 465 (2d Cir. 1995).

Also, the issue of fact encompasses not only evidentiary facts in issue but also question as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them any real doubt as to the defendants actions where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Tops Mkts, Inc. v. Quality Mkts, Inc., 142 F.3d 90, 95 (2d Cir. 1998).

Not to the contrary, of course, are Court decisions deferring to state court determination of thoroughly fact-dependent questions whose independent resolution by a reviewing federal court "will do the cause of legal certainty little good." Container Corp. v. Franch. Tax Bd. 463 U.S. 159, 176

- <u>Applicability of Constitutional Standard</u>

The constitutional standard in the application of ADA, the courts are required to ensure equally access to individuals with psychiatric disabilities defendants and it required the same standard for legal representation to communicate with courts so disable defendants to gain complete access to court's system. See, e.g. U.S. Constitution 6th, 14th Amendment; Connecticut Constitution art. 1 § 8, 20; <u>Doe v. Giuliani</u>, 119 F. Supp. 2d 181, 71 Soc. Sec. Rep. Serv. 458 (E.D.N.Y. 2000).

Applying these principles to the instant case, the plaintiff, who had or was perceived as having disability has standing to challenge questions on the application of law dealing with disabilities and constitutional issues addressing discrimination under Title II of the ADA. See, e.g. 42 U.S.C. § 12101-12132; <u>Doe v. Judicial Nominating Comm'n</u>, 906 F. Supp. 1534 (S.D. Fla. 1995).

This is due, to the case at bar, where the defendants' decisions was a substantial departure from accepted professional judgment, practice, or standard that was harmful to a judicial proceeding in a criminal trial, where there was a deprivation of due process and the equal protection of the law, and behavior sufficiently outside the normal scope of the defendant's statutory authority, arisen a claim under U.C. §1983, §12101). <u>Tower v. Glover</u>, 467 U.S. 914, 919-20 (1984).

twenty one

Put another way, in sum, the material fact finding, the defendant'(s) failure to prepare a defense, and without informed medical opinion as to his client's competency resulted in constitutionally deficient representation. See, Pavel v. Hollins, 261 F.3d 210, 211 (2d Cir. 2001); and unlawful sentence where the plaintiff was sentence without statutory authority to additional time served. See, United States v. Finley, 245 F.3d 199, 201 (2d Cir. 2001); also, prejudiced by an actual conflict of interest. See, United States v. Davis, 239 F.3d 283, 288 (2d Cir. 2001).

And any claim of immunity defense to the contrary, Congress abrogated the states' sovereign immunity when it enacted the ADA, also expressly abrogated Eleventh Amendment power. The Second Circuit note: Section 5 of the Fourteenth Amendment empowers Congress to enact "appropriate legislation" to "enforce" its substantive provisions, including the Equal Protection Clause if "it is plainly adapted to that end and if it is not prohibited by but is consistent with the letter and spirit of the Constitution." See, Muller, 1999 WL 599285; Kimel v. Florida Bd. of Regents, 139 F.3d 1426, 1433 (11th Cir. 1998); Katzenbach v. Morgan, 384 U.S. 547, 651, 16 L. Ed. 2d 828, 86 S.Ct. 1717 (1966).

twenty two

WHEREFORE, the plaintiff pray that the Court grant Summary Judgment.

The Plaintiff

By Thomas Brown
Thomas Brown
287 Bilton Rd.
Somers, Ct. 06071

Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 20th day of May, 2004:

Robert F. Vacchelle
Assistant Attorney General
110 Sherman St.
Hartford, Ct. 06105

Thomas Brown
THOMAS BROWN