UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2004 MAY 24 P 5: 03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Thomas Brown :    No. 3:00CV1866 (CFD)

:

vs :

:

Brian S. Kroll, et al :

:

:

**Plaintiff's Local Rule 56(a)1 Statement**

The plaintiff, pursuant to Local Rule 56(a)1, Rules
of the United States District Court for the District
of Connecticut, submit the following statements of
material facts as to which they contend there is no
genuine issue to be tried:

1.  The plaintiff, according to trial transcript, he
informed the trial court that he did not understand
the proceeding and was on medication, including
Prozac, Benadryl, and nitroglycerin and had a
psychological disorder. He was being treated by a
psychologist and psychiatrist. See T. of 2/18/00,
Exhibit A.

2.  The defendant, according to trial transcript, he
informed the trial court that his client requested
for a competency hearing, but he didn't feel that
there were grounds See T. of 2/18/00, Exhibit A.

3. The defendant moved in writing to be relieved because he felt there was conflict of interest. See, Motion to Withdraw, Exhibit B.

4. The plaintiff after going over the matter with his attorney, his rights, the element of the charges, the penalties, and plead agreement, he pleaded guilty to two counts of conspiracy to commit larceny 5th degree, sentenced to two terms in prison of two months each, time to run concurrently. He, also pleaded guilty to being a persistent larceny offender, sentenced to twenty-four months in prison, time to run consecutively to the larceny sentences. See Tr of 3/23/00, Exhibit C; Mittimus, Exhibit D

5. Connecticut General Statute §53a-40(a) states, "A persistent larceny offender is a person who (1) stands convicted of . . . larceny in the 4th, 5th, or 6th degree, and (2) has been, at separate time prior to the commission of the present larceny, twice convicted of the crime of larceny. See, Part B Information (Persistent Larceny Offender), Exhibit E.

6. Connecticut General Statute §53a-40(j) states, "When any person has been found to be a persistent larceny offender, and the court is of the opinion that such person's history and character and the nature and circumstances of such person's criminal conduct indicate that extended incarceration will best serve

three

the public interest, the court, in lieu of imposing sentence authorized b/x section 53a-36 for the crime of which such person presently stands convicted (emphasis added) may impose the sentence of imprisonment for a class D Felony authorized by ... section 53a-35a, if the crime of which such person presently stands convicted was committed on or after July 1, 1981.

7. Since the plaintiff was sentenced to two years in prison as a persistent larceny offender under C.G.S. § 53a-40(e), the trial court was without authority to additionally sentence the plaintiff for the underlying larceny 5th degree charges.

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Thomas Brewer, hereby declare under the penalty of perjury all materials submitted as exhibits, is a true attest copy of the courts record.

Date: 5/20/84

By Thomas Brewer
Thomas Brewer
287 Bilton Rd
Somers, CT 06071

CERTIFICATION

I hereby certify that a copy of the foregoing
was mailed on this 20th day of May, 2004:

Robert F. Vacchelli
Assistance Attorney General
110 Sherman St
Hartford, CT. 0865

Thomas Browry

# Attachment A

MANCHESTER SUPERIOR COURT

STATE OF CONNECTICUT      :   J.D. OF HARTFORD/NEW BRITAIN

VS.                :   AT MANCHESTER

THOMAS BROWDY         :   FEBRUARY 18, 2000


HEARD BEFORE:

HONORABLE DAVID M. BARRY, JUDGE


A P P E A R A N C E S:

FOR THE STATE:

DEBORAH MABBETT, ESQUIRE
Assistant State's Attorney


FOR THE DEFENDANT:

BRIAN KARPE, ESQUIRE
Special Public Defender


LISA M. CORRADO
COURT MONITOR

1    MS. MABBETT:  Good morning, your Honor.

2    THE COURT:  Good morning.

3    MS. MABBETT:  The first matter on the docket is

4    a Thomas Browdy.

5    MR. KARPE:  Brian Karpe  for Mr. Browdy.  He's

6    locked up.

7    THE  COURT:   This gentleman's  name  has  been

8    spelled more than one way.  I see from the file.  Is

9    it B-R-O-W-D-Y?

10    MS. MABBETT:  That's correct.

11    MR. KARPE:  That's correct.  That's my  under-

12    standing, your Honor.

13    THE COURT:   It's Docket  Number  CR99-0168971.

14    Okay.

15    MR. KARPE:  Mr. Browdy is present, your Honor.

16    THE COURT:  All right.  The  record will reflect

17    Mr. Browdy is in the courtroom.  That he is  with his

18    attorney,  Brian Karpe.  And that  Assistant State's

19    Attorney Deborah Mabbett is representing the State in

20    this case.  Attorney Mabbett, you may proceed.

21    MR.  KARPE:  Your  Honor,  the  first order  of

22    business,  I believe  I could  present  more  than Ms.

23    Mabbett, is  my client informed me  this morning that

24    he filed a grievance against me.  And I was a little

25    surprised  that I hadn't received  a copy of  it.  So

26    based  on that,  I  would  make  an  oral  motion  to

27    withdraw.

1    MS. MABBETT:  Your Honor, the State would be

2    objecting to any withdrawal at this point in time.

3    The State is, in fact, prepared to proceed to trial

4    today.

5         THE COURT:  Mr. Browdy, how old are you?

6         THE DEFENDANT:  Forty-one.

7         THE COURT:  Forty-one.  And what's your date of

8    birth?

9         THE DEFENDANT:  8/2/57.

10        THE COURT:  8/2/57?

11        THE DEFENDANT:  Mm-hmm.

12        THE COURT:  How far did you go in school?

13        THE DEFENDANT:  High school.

14        THE COURT:  Did you graduate?

15        THE DEFENDANT:  Yes.

16        THE COURT:  What high school?

17        THE DEFENDANT:  Hartford High.

18        THE COURT:  When were you last employed?

19        THE DEFENDANT:  Years ago.

20        THE COURT:  Pardon me?

21        THE DEFENDANT:  Years ago.

22        THE COURT:  Years ago?  You weren't employed

23    when you were arrested in this case?

24        THE DEFENDANT:  No.

25        THE COURT:  What kind of work did you do when

26    you were employed?

27        THE DEFENDANT:  Purchasing.

THE COURT:  Who did you work for?

THE DEFENDANT:  Huh?  The University of Hartford.

THE COURT:  Pardon me?

THE DEFENDANT:  University of Hartford.

THE COURT:  And you worked in the Purchasing Department?

THE DEFENDANT:  Mm-hmm.

THE COURT:  Can you tell me approximately when that was?

THE DEFENDANT:  About '96, I'd say.

THE COURT:  About what?

THE DEFENDANT:  '97 or '96.

THE COURT:  So you told Mr. Karpe today, who's your lawyer, that you filed a grievance against him.

THE DEFENDANT:  Yes.

THE COURT:  And where did you file that?

THE DEFENDANT:  When did I file it?

THE COURT:  When and where?

THE DEFENDANT:  I filed it in East Hartford. That's where the Bar Counsel at.

THE COURT:  You filed it with the local area grievance committee, and that's in East Hartford, is it?

THE DEFENDANT:  Yes.

THE COURT:  Any particular lawyer you filed that with?

1    THE DEFENDANT:  No.

2    THE COURT:  There's an office there, is that it?

3    THE DEFENDANT:  Yes, it's an office.

4    THE COURT:  And when did you do this?

5    THE DEFENDANT:  This week.

6    THE COURT:  This week.  This is Friday.  Earlier

7    in the week?

8    THE DEFENDANT:  Yes.

9    THE COURT:  Well, what's your complaint with Mr.

10    Karpe?

11    THE DEFENDANT:  Mr. Karpe is aware of it.  He

12    can explain it.

13    THE COURT:  Pardon me?

14    THE DEFENDANT:  Mr. Karpe can explain it.

15    THE COURT:  Mr. Karpe, can you explain what your

16    complaint is?

17    THE DEFENDANT:  Yes, he can explain it.

18    THE COURT:  Because you told him?

19    THE DEFENDANT:  Huh?

20    THE COURT:  Because you told him what your

21    complaint was?

22    THE DEFENDANT:  Yes, I told him.  He's aware of

23    it.

24    THE COURT:  Okay.  What did your client tell

25    you, Mr. Karpe?

26    MR. KARPE:  I'm not fully aware of the

27    complaint.  My client indicated it was a medical

5

thing.    He's had a   complaint about his   teeth.    And
every   time   we've come   in   we've   requested on   the
mittimus   that medical   attention   for the   teeth   be
done.      And   apparently   Mr. Browdy's   been   having
difficulty getting a dental --

THE DEFENDANT:   You'd think I'd file a complaint
to the grievance board for my teeth?

THE COURT:  Hold on.   Hey, hold on.   Mr. Browdy,
only one person   talks at   a time here.    You'll   get
your chance.   Go ahead.

MR. KARPE:    I guess  I don't   know the  ground
then.    That's -- because   he told me   in back in the
lock-up that it was medical stuff.  So I'm unaware of
the ground.

THE COURT:   And  you don't want to tell   me, Mr.
Browdy, what your complaint is with Mr. Karpe?

THE DEFENDANT:   I can form that, I can form that
something tried to   put it, you   know, you know   what
I'm saying.   I'll try   to put it across you.    I made
this man aware --

THE COURT:   You what?

THE DEFENDANT:    I made  Mr.  Karpe  aware   of
medical problems that I had.  Do you understand?   And
also   pertaining to   the   circumstances of   the case.
You know what I'm   saying?  Mr. Karpe don't   come and
see me.  He sends me letters talking about March 7th.
He called me in front of  the court today told me I'm

1  Hartford.  Give me a transcript and I could find out.

2      THE COURT:  It was in front of whom?

3      THE DEFENDANT:  Judge Smith.  As a matter of

4  fact, Mr. Weingast was my attorney, Jeremy Weingast.

5      THE COURT:  Do you feel that you don't under-

6  stand the charges against you?

7      THE DEFENDANT:  I'm on medication right now,

8  your Honor.

9      THE COURT:  No, just answer my question, please.

10 Do you feel that you don't understand what these

11 charges are against you?

12     THE DEFENDANT:  I don't understand what's going

13 on if you want to ask me the truth, no, I don't.  Not

14 dealing with him, I don't understand.  I don't under-

15 stand nothing that goes on.  I told him that prior to

16 that -- before he sent me that letter.  Instead of

17 asking all these crazy questions.

18     THE COURT:  All right.  You don't know what

19 charges there are against you, is that it?

20     THE DEFENDANT:  I mean, he tells me one thing

21 and then it's another thing.  No, I ain't talk to

22 him.  I don't know what the hell is going on.

23     THE COURT:  The Assistant State's Attorney here

24 is going to read to you the charges, and the maximum

25 penalties that the court can impose on each of these

26 charges, just so you know what you're charged with.

27 That's number one.  Would you please, Attorney

1    Mabbett?

2        MS. MABBETT:   Yes, your Honor.   Larceny in the

3    fifth degree, which he could receive up to six months

4    in jail.   Larceny in the fifth degree, six months in

5    jail.     Persistent larceny offender, five years.

6    Persistent larceny offender, five years.     Inter-

7    ference with an officer, one year.   Conspiracy to

8    commit larceny in the fifth degree, six months.

9    Conspiracy to commit larceny in the fifth degree, six

10   months.   Criminal impersonation, six months.   Forgery

11   in the third degree, six months.   So he's looking at

12   consecutive time at about twelve years if my

13   calculations are correct.

14       THE COURT:  Okay.  Now, is there anything about

15   that that you don't understand?

16       THE DEFENDANT:  No, not what he told me.

17       THE COURT:   All right.   Now, you're complaint

18   is, I guess, is you can't work with Mr. Karpe in

19   defending this case.  Is that your complaint?

20       THE DEFENDANT:  That was one of the complaints.

21       THE COURT:  What's the other one?

22       THE DEFENDANT:   The other complaints.   I told

23   him that I got a mental health background and I'm

24   having problems comprehending what's going on in

25   these proceedings. And he's not helping none.   My

26   people try to call him and tell him the same thing.

27   He refused to talk to them.

THE COURT:  Have you  understood everything that I said, or that the State's Attorney has just said?

THE DEFENDANT:  I'm still trying.   I'm kind of confused.

THE COURT:  What are you confused about?

THE DEFENDANT:  I'm confused  about the  whole proceeding.  I'm confused about what he's telling me.

THE COURT:  Well, a lot of people get  confused about  the procedure of the courts.  And I'll make it very  simple for you.  This  case has  been pending since, I think, last July or somewhere around there. Do you have the date there, Madam Clerk?

THE CLERK:  Yes, your Honor.  July 26th, 1999

THE  COURT:  July 26th.  And I think you've been locked up since then, haven't you?

THE CLERK:  Yes, your Honor.

THE  COURT:  What's happened  is that it  now reached  the  stage  where  we're  ready  to  put  on evidence,  where the State is ready to go forward and put on evidence.  And we have a jury here in order to hear that  evidence.  Mr. Karpe, I  believe, got into this case  in October, and has  represented you since that time.  That's  the way I understand it.  If I'm wrong, somebody can correct me.

MR.  KARPE:  That's  correct,  your Honor,  the beginning of  October.  And I received a  phone call yesterday afternoon saying that  this matter had been

1    moved forward to today.

2        THE COURT:    This was on   twenty-four hour   call

3    like   a lot   of other   cases.    And that's   why we're

4    here.   Mr.   Karpe, can   you tell   me how   many times

5    you've met with your client during this period?

6        MR. KARPE:  Not including today, it appears that

7    there's five prior occasions.

8        THE COURT:    Have you   spent time   investigating

9    this case as well?

10       MR. KARPE:  Yes, sir, your Honor.  I've asked my

11   client for names of   witnesses and he gave me   a name

12   of   one witness   and I've   obtained a   statement from

13   her.    He's indicated to   me previously,   when I've

14   asked, that that was the only witness.

15       THE COURT:  And you are here as a Special Public

16   Defender, is that right?

17       MR. KARPE:   Yes, sir.   I was   appointed --   it

18   appears that it   was October 7th,   but it might   have

19   been late September.  But my first appearance appears

20   to be October 7th.

21       THE   COURT:    And   the   reason   that   you   were

22   appointed is   because   the Public   Defender's Office

23   here represented a co-defendant, isn't that true?

24       MR. KARPE:  That's my understanding, your Honor.

25       THE COURT:  All right.  Well,  Mr. Browdy, the

26   only thing  I can  say  to you  is  this.   That  you

27   otherwise   would   have   somebody   from   the   Public

Defender's Office representing you except for the conflict of interest that that office had. When that happens, a Special Public Defender is appointed. And apparently back in some time around the 1st of October, Mr. Karpe was appointed to represent you as a Special Public Defender. He's done that for a number of years in this jurisdiction. You are ably represented and you do not have the choice of whatever counsel you would like to have. I'm not going to replace him.

THE DEFENDANT: That's his request, your Honor. I still don't know what's going on here. I mean, if you're going to put me to trial that's --

THE COURT: Well, I'm telling you what's going on and if you have any questions you can ask me. But Mr. Karpe is still your attorney. The motion to withdraw is denied, Mr. Karpe. We're here at the crest of starting evidence, of starting this trial. And that's what we're going to do. Do you have any other questions, Mr. Browdy?

MR. KARPE: My client indicated that he would prefer to represent himself just now.

THE COURT: That's what you want to do?

THE DEFENDANT: If I have to.

THE COURT: What do you mean if you have to?

THE DEFENDANT: If I have to.

THE COURT: Do you want me to excuse Mr. Karpe

1    as your attorney?

2        THE DEFENDANT:  If that's what it takes.

3        THE COURT:  Pardon me?

4        THE DEFENDANT:  If that's what it takes.

5        THE COURT:   Well, if you're going to represent

6    yourself that means exactly what it says.  You have a

7    constitutional right to represent yourself.   If

8    that's what you want to do, you can do it.  But

9    you're at a terrible disadvantage and you should know

10    that.  You just heard the State's Attorney say that

11    you're exposed to somewhere around twelve years in

12    prison should you be convicted on the charges

13    pending, and should I impose consecutive sentences.

14    I want you to know that.  Right now you have an

15    attorney who is duty-bound to represent you in the

16    best manner he knows how.  And I'm not going to

17    release him from that for any other reason other than

18    if you insist on representing yourself.

19        THE DEFENDANT:  Yes.

20        THE COURT:  Now, what do you want to do?

21        THE DEFENDANT:  I already made my request.

22        THE COURT:   Your request is that you represent

23    yourself?

24        THE DEFENDANT:  Yes, it is.

25        THE COURT:  And do you know all the pitfalls

26    that surround that?

27        THE DEFENDANT:  No.

1    THE COURT:    Well,  you're  going  to  have  to

2    question witnesses.    You'll be confronted with either

3    saying nothing and sitting silently in your chair, or

4    when  the State  puts  on a  witness  you'll have  to

5    listen attentively  what that  witness says, and  you

6    have the right to cross-examine the witness.    And you

7    don't know how  to do  that, or at  least you're  not

8    trained to do that, are you?

9    THE DEFENDANT:    No.

10    THE COURT:    And the same goes for when it's your

11    turn  to put  on witnesses.    You  have the  right to

12    remain  silent.    You don't  have  to  put  on  any

13    witnesses if you don't want to.    If you do choose to,

14    you can take the  witness stand and you can  bring in

15    any  number of witnesses you like.    And then you have

16    to question them to get the information  from them in

17    support of  your case.    And they're subject to cross-

18    examination, including you would be subject to cross-

19    examination if you  or they take  the witness  stand.

20    Do you understand what I've said so far?

21    THE DEFENDANT:    Think so.

22    THE  COURT:    If  there should  be  an offer  of

23    evidence either by you or by the State that the court

24    has to decide whether it's admissible evidence or not

25    admissible  evidence, you should be prepared to argue

26    that.    You  should  have  a  knowledge  of  what  is

27    admissible and what  isn't admissible.    And I  don't

1    think that you do have that.  Isn't that correct?

2        THE DEFENDANT:  I don't know what is correct,

3    but I know I don't want this man representing me.

4        THE COURT:  We're beyond that now.  I told you

5    that I would grant his motion to withdraw if you want

6    to represent yourself.

7        THE DEFENDANT:  It looks like I have to.

8        THE COURT:  Pardon me?

9        THE DEFENDANT:  It looks like I have to.

10        THE COURT:  What's not going to happen?

11        THE DEFENDANT:  I said it looks like I have to.

12        THE CLERK:  It looks like he has to.

13        THE COURT:  It looks like you have to.  You

14    can't afford an attorney, I take it, is that right?

15        THE DEFENDANT:  Uh-uh.

16        THE COURT:  Is that no?

17        THE DEFENDANT:  No.

18        THE COURT:  No.  Well, that's the only other

19    reason I would release Mr. Karpe from the case.  My

20    recommendation is that you be represented by an

21    attorney whether you happen to like him personally,

22    or you don't like him.  Because it's very dangerous

23    for a person who is not schooled in the law, and has

24    had no experience trying cases to represent himself.

25    Are you aware then of all the dangers there are in

26    doing this by yourself?

27        THE DEFENDANT:  No.

1        THE COURT:  You're not aware of it?  Well, there

2  are even more than you think there may be.  You don't

3  know anything about procedure in a courtroom.  You're

4  at a huge disadvantage, and I can't emphasize that

5  strongly enough.  But it's your decision.  Now, you

6  tell me what you want to do?

7        THE DEFENDANT:  I don't want this man repre-

8  senting me.

9        THE COURT:  Do you want to represent yourself?

10       THE DEFENDANT:  I'm going to have to.

11       THE COURT:  You're going to have to.  Do you

12  want to have Mr. Karpe as a stand-by attorney?

13       THE DEFENDANT:  I don't even know what that

14  means.

15       THE COURT:  That means he sits there next to you

16  and if you should have something -- if something

17  comes up that puzzles you in some way, or you don't

18  know which way to go and you need some legal

19  assistance, you turn to him and you ask him what you

20  should do now.  He's not going to intervene and

21  question a witness for you.  You're going to have to

22  do that, but he would be there as a source of legal

23  knowledge.

24       THE DEFENDANT:  Me and Mr. Karpe had a breakdown

25  in communication as he said.

26       THE COURT:  You're telling me that that would

27  not work?

1    THE DEFENDANT:  I don't think so.

2    THE COURT:  Do you want him as a stand-by in
3    case you need him?  You have to put an answer on the
4    record, sir?

5    THE DEFENDANT:  No.

6    THE COURT:  No.

7    MR. KARPE:  For the record, I renew my request
8    to withdraw.

9    THE COURT:  Mr. Browdy, are you prepared to
10    question these jurors?

11    THE DEFENDANT:  I don't know what I'm doing.
12    But I don't want him.

13    THE COURT:  Well, we've already been over that.
14    I don't expect you to know everything that you're
15    doing in a legal sense, trying a case which you've
16    never done before.  That's why you're at a terrible
17    disadvantage, but don't expect me to appoint another
18    attorney to represent you.

19    THE DEFENDANT:  I ain't expecting nobody do
20    nothing.

21    THE COURT:  You're prepared to proceed with this
22    trial?

23    THE DEFENDANT:  I have to proceed.

24    THE COURT:  Pardon me?

25    THE DEFENDANT:  I said I'm going to have to
26    proceed.

27    THE COURT:  You're ready to question the

1          prospective jurors?

2                THE DEFENDANT:  I'll do what I can.

3                THE COURT:  All right.

4                THE DEFENDANT:  I also advise the court I'm

5    under medication too.

6                THE COURT:  What's the name of the medication?

7                THE DEFENDANT:  Prozac, and I take Benadryl.

8                THE COURT:  You're now taking Benadryl and --

9                THE DEFENDANT:  Prozac.  That's what I take.

10                THE COURT:  Prozac you take during the daytime.

11                THE DEFENDANT:  Mm-hmm.

12                THE COURT:  You take the Benadryl at night?

13    Right?  Apparently that's right.  Are you taking

14    anything else?

15                THE DEFENDANT:  Nitroglycerin.

16                THE COURT:  You have a heart condition?

17                THE DEFENDANT:  Yes.

18                THE COURT:  What else are you taking for that?

19                THE DEFENDANT:  High blood pressure medication.

20                THE COURT:  Okay.  And do you have -- have you

21    been visited by the psychiatrist who is at the

22    institution where you are?  You're in Northern,

23    right?

24                THE DEFENDANT:  Yeah.

25                THE COURT:  And what's that doctor's name?

26                THE DEFENDANT:  I don't know his name.

27                THE COURT:  How often does he see you?

1    THE DEFENDANT:  I can tell you that the

2 psychologist's name is Downey.

3    THE COURT:  What's he, a psychologist?

4    THE DEFENDANT:  Yes.  Hennessey, that's the

5 psychiatrist's name.

6    THE COURT:  Hennessey?

7    THE DEFENDANT:  Yeah.

8    THE COURT:  Male or female?

9    THE DEFENDANT:  Male.

10    THE COURT:  You don't know how often he sees

11 you?

12    THE DEFENDANT:  Downey, that's who I usually

13 see.

14    THE COURT:  You usually see Downey?

15    THE DEFENDANT:  Yeah, every other week.

16    THE COURT:  We're going to take a recess at this

17 time.  I'm not granting your motion at this time nor

18 am I denying it at this time, Mr. Karpe.  I'm going

19 to have to look into this a bit.  And I don't know --

20 I suspect we're not going to reconvene on this until

21 2 p.m.  So that's where we are at this point.  Recess

22 until 2 p.m.

23    (WHEREUPON, COURT TOOK A RECESS.)

24    MS. MABBETT:  Your Honor, this is the matter of

25 Thomas Browdy.

26    THE COURT:  Yes.  Mr. Browdy, this court is

27 going to be closed at one o'clock today, so we can't

1  accommodate you with a trial today.  And we apparent-
2  ly cannot get jurors on Tuesday of next week.  That's
3  correct, Madam Clerk?

4          THE CLERK:  That's correct, your Honor.

5          THE COURT:  So the first day that we have to
6  start the trial on this case is next Wednesday.
7  That's Wednesday the --

8          THE CLERK:  23rd, your Honor.

9          THE COURT:  --23rd of February.  So this case is
10 going to begin that day at ten o'clock.  And that
11 will give you time.  I want you to discuss this
12 matter once more with Mr. Karpe.  If it's to go
13 forward, this will give you some time between now and
14 next Wednesday to think about it, particularly about
15 what I said about how difficult it is to try your own
16 case.  If you do, we'll do everything we can to give
17 you a fair trial.  But you're at a terrible disadvan-
18 tage and you should know that now if you didn't know
19 it before.  But there will be no other reason that I
20 can imagine at this point as to why the trial will
21 not start Wednesday whether Mr. Karpe is representing
22 you or whether you're representing yourself, or if
23 you've been able to retain the services of another
24 attorney.  The trial starts Wednesday.  Adjourn
25 court, Sheriff.

26          (WHEREUPON, COURT TOOK A RECESS.)

27

## C E R T I F I C A T I O N

It is hereby certified that the within and foregoing transcript represents a true and correct transcription of the tape-recorded proceedings taken by me in Docket Number CR99-168971, State of Connecticut versus Thomas Browdy, heard in Manchester Superior Court, Judicial District of Hartford/New Britain, at Manchester, on the 18th day of February, 2000, before Honorable David M. Barry, Judge of the Superior Court.

Dated this 14th day of April, 2000.


_Lisa M. Corrado_
LISA M. CORRADO
COURT MONITOR

# Attachment B

DOCKET NO: CR99-0168971-S          : SUPERIOR COURT

STATE OF CONNECTICUT              : HARTFORD JUDICIAL DISTRICT

V.                               : G.A. 12 AT MANCHESTER

THOMAS BROWDY                    : FEBRUARY 23, 2000

## MOTION TO WITHDRAW APPEARANCE OF COUNSEL

The undersigned hereby requests permission to withdraw his appearance as counsel on behalf of the Defendant. As grounds therefore, the undersigned states that a conflict of interest has arisen and further, there has been an irreconcilable breakdown of the attorney-client relationship.

A conflict of interest now exists between Defendant and counsel in that the Defendant filed a grievance against the undersigned with the Statewide Bar Counsel dated February 17, 2000.

RESPECTFULLY SUBMITTED,

BRIAN S. KARPE, ESQ.
ATTORNEY FOR THE DEFENDANT

# ORDER

The court, having considered the foregoing motion, hereby ORDERS SAID MOTION TO WITHDRAW APPEARANCE:

GRANTED / DENIED.

Dated this the _____th day of _____.

BY THE COURT,

_____

JUDGE/CLERK/TAC

## CERTIFICATION OF MAILING

I hereby certify that a copy of the foregoing motion was mailed, U.S. postage prepaid, first class, of even date herewith, to all parties and/or their counsel of record, to-wit:

Attorney Deborah Mabbett
Assistant State's Attorney
410 Center Street
Manchester, CT 06040

Thomas Browdy (IM#68325
Northern Correctional Center
100 Bilton Road
Somers, CT  06071

Brian S. Karpe
Commissioner of Superior Court

# Attachment C

DOCKET NO. CR99-0089271          MANCHESTER SUPERIOR COURT

STATE OF CONNECTICUT          :   J.D. OF HARTFORD/NEW BRITAIN

VS.                           :   AT MANCHESTER

THOMAS BROWDY                 :   MARCH 23, 2000


HEARD BEFORE:

HONORABLE JORGE A. SIMON, JUDGE


A P P E A R A N C E S:


FOR THE STATE:

DEBORAH MABBETT, ESQUIRE
Assistant State's Attorney


FOR THE DEFENDANT:

BRIAN S. KARPE, ESQUIRE
Special Public Defender


LISA M. CORRADO
COURT MONITOR

1    MS. MABBETT:  Your Honor, three on the firm jury

2    or it may be one on the firm jury, Thomas Browdy.

3    THE SHERIFF:  One minute, please.

4    THE COURT:  Yes.

5    MR. KARPE:  Brian Karpe for Mr. Browdy.

6    THE COURT:  Is the paperwork in there as a

7    persistent larceny offender?

8    MS. MABBETT:  Yes, it is, your Honor.

9    THE COURT:  All right.  Counsel, good afternoon.

10   Mr. Browdy good afternoon, sir.

11   THE DEFENDANT:  How you doing?

12   THE COURT:  This matter was down for trial

13   today, sir.  I made an offer previously that was

14   rejected.  Now based on the fact that you're going to

15   trial on this matter you've had a change of heart.

16   My understanding is you want to change your pleas.

17   My offer now is for twenty-six months to serve on

18   this file.  Counsel?

19   MR. KARPE:  That is correct, your Honor.  My

20   client is also for a medical, you might remember this

21   case.  He has problems getting work done on his

22   teeth.

23   THE COURT:  Yes.

24   MR. KARPE:  He would be asking for an imposition

25   of sentence, but a stay of execution on that sentence

26   for thirty days because the work is finally getting

27   done.

1     THE COURT: The work is being done after I told

2     him I bring him in here.

3     THE DEFENDANT: Yes. It's a long time.

4     THE COURT: That's no problem.

5     THE DEFENDANT: But you have to specify it on

6     the mitt again.

7     THE COURT: I'll specify on the mitt -- don't

8     worry.

9     THE DEFENDANT: That's the reason why the stay.

10     THE COURT: All right. Prior pleas are

11     withdrawn, Counsel?

12     MR. KARPE: With that, I would ask that prior

13     pleas and elections be withdrawn.

14     THE COURT: So ordered.

15     MS. MABBETT: In CR99-0168971S to the charge of

16     conspiracy to commit larceny in the fifth degree, in

17     violation of 53a-48, 53-125a, what is your plead,

18     guilty or not guilty?

19     THE DEFENDANT: Guilty.

20     MS. MABBETT: To the second count of conspiracy

21     to commit larceny in the fifth degree in violation of

22     53a-48, 53a-125a, what is your plea, guilty or not

23     guilty?

24     THE DEFENDANT: Guilty.

25     MS. MABBETT: To being a persistent larceny

26     offender, what is your plea, guilty or not guilty? On

27     one count, your Honor, persistent.

1    THE DEFENDANT:  Guilty.

2    MS. MABBETT:    Your Honor,  this occurred July

3    26th,  1999, in  Manchester at the  Lord &  Taylor as

4    well  as the Champ Sporting  Good.   At  Lord & Taylor

5    this defendant and a co-defendant entered in using  a

6    stolen credit card purchased  merchandise to the tune

7    of  three hundred  and forty-five  dollars and  fifty

8    cents on that stolen  credit card.   And then  went to

9    Champs Sporting Good at which point in time purchased

10    items three hundred and forty-five dollars and sixty-

11    three cents again on the stolen credit card.

12    On the persistent larceny offender, January 2nd,

13    1992,  in  GA 14  in  Hartford  he was  convicted  of

14    larceny in the sixth degree.  February 18th, 1992, in

15    GA  11 in  Enfield convicted  of larceny  in the 5th

16    degree.

17    After a judicial pretrial with your Honor it was

18    twenty-six  months.  However, Counsel is asking, your

19    Honor, to  structure it  slightly different from  the

20    twenty-six  months.    Two years on  the  persistent

21    larceny offender to run consecutive to the two months

22    on the larceny five.  And that would  come out to the

23    twenty-six months that your Honor --

24    THE COURT:  Say that again now, Counsel?

25    MS.  MABBETT:    Two  years  on  the  persistent

26    larceny  offender to  run consecutive  to one  of the

27    counts  where  he pled  to the  larceny in  the fifth

1  degree, which was the misdemeanor and two months on

2  that.

3    THE COURT:  All right.

4    MR. KARPE:  So two months and then two years

5  consecutive to that.

6    THE COURT:  Sure.  All right.  Mr. Browdy, have

7  you had enough time, sir, to discuss this matter with

8  your attorney?

9    THE DEFENDANT:  Yes.

10    THE COURT:  You're satisfied the work he has

11  done for you?

12    THE DEFENDANT:  Yes.

13    THE COURT:  And you understand by entering your

14  pleas here today, sir, you give up your right to have

15  a trial, to have your attorney represent you at that

16  trial, sir?

17    THE DEFENDANT:  Yes.

18    THE COURT:  Now you've heard the facts of these

19  charges -- Now, Counsel, is that a straight plea or

20  is that an Alford plea, sir?

21    MR. KARPE:  Make that an Alford plea.

22    THE COURT:  You understand by entering an Alford

23  plea here today, Mr. Browdy, that means that you

24  don't admit to all the facts that occurred here, but

25  you want to take an advantage of the agreement worked

26  out with your attorney and with me because if you

27  don't you're going to go to trial today, and the

likelihood of being convicted and given a more severe sentence than what you've bargained for here today. Is that correct, sir?

THE DEFENDANT: Yes.

THE COURT: And you understand by entering your pleas here today, that once I accept your plea you cannot take them back unless I let you take them back.

THE DEFENDANT: Yes.

THE COURT: Now, did anyone force you or threaten you in any way to enter your plea here today, sir?

THE DEFENDANT: No.

THE COURT: Are you under the influence of any drugs or alcohol as you plead guilty here today, sir?

THE DEFENDANT: No.

THE COURT: Are you on any other probation, parole, conditional discharge at this time that I should know about before I accept this plea?

THE DEFENDANT: No.

THE COURT: And by entering your plea that means to me that you've had enough time to go over this matter with your attorney, you have discussed with him what your rights are. He's explained those rights to you. He's gone over what the elements of these charges are. He's discussed with you what the penalties could be if you were, in fact, convicted of

1    these.    What could happen  if you were  pursued as a

2    persistent  larceny  offender,  the fact  that  these

3    charges could,  in fact,  be  brought upon  you  con-

4    secutive to one  another as you were  found guilty of

5    them,  if you were found  guilty of them.    He's gone

6    over the  likelihood of a conviction  or an acquittal

7    with you.    He's also discussed with you what defenses

8    he may have  if it went to  trial.    Is that  correct,

9    sir?

10          THE DEFENDANT:    Yes.

11          THE COURT:    And based on all that you've entered

12    your guilty pleas here today, is that correct, sir?

13          THE DEFENDANT:    Yes.

14          THE COURT:    And  you  understand that  you  are

15    waiving,    through   your   attorney,    a   presentence

16    investigation,  so  that I  don't  have to  have  that

17    report.    But I will  stay execution of  the sentence

18    until a later date.    Is that correct, sir?

19          THE DEFENDANT:    Yes.

20          THE COURT:    And is that PSI waived at this time,

21    Counsel.    The State is also waiving it?

22          MS. MABBETT:    Yes.

23          THE COURT:    And finally you  know, Mr.  Browdy,

24    that  if you're not a  citizen that this could affect

25    your status in this country, sir?

26          THE DEFENDANT:    Yes.

27          THE  COURT:    All right.    Any reason why I should

1    not accept this gentleman's plea?

2         MR. KARPE:  No, sir.

3         MS. MABBETT:  No, your Honor.

4         THE COURT:  I'll accept the plea.  The plea made

5    knowingly and  intelligently with full  assistance of

6    competent counsel,  there being a factual  basis for

7    the plea.

8         At this time, Mr. Browdy, based on the agreement

9    that we have.  As to the charge of being a persistent

10   larceny offender, sentence you to the custody of  the

11   Commissioner  of Corrections to a sentence of twenty-

12   four months to serve.

13        On the charge  of larceny in  the fifth  degree,

14   sentence  you  to  the  custody  of  Commissioner  of

15   Corrections  to a  sentence of  two months  to serve.

16   That sentence  to  run consecutive  to  the  sentence

17   imposed on the 24th months.   Total effective sentence

18   of twenty-six months to serve.

19        I  will  at  this  time  place  a  stay  on  the

20   execution of that, so that Mr. Browdy can finish with

21   the dental treatment that he's receiving at HCC.  The

22   mitt is to reflect  that he is to continue  with that

23   treatment.   I'll  continue the  matter then  to four

24   weeks,  Counsel, until  April  20th for  lifting  the

25   stay.

26        THE CLERK:   Do you  want him back  here on  the

27   20th, your Honor?

1   THE COURT:  I mean, I don't know if he has to be

2   here  on  that particular date.   Usually he'll  be

3   brought  here and then the  stay will be  lifted.   If

4   the  Clerk's Office so desires,  the court  can from

5   here lift  the stay without Mr.  Browdy being brought

6   in from HCC,  and just transferred from there.  Which

7   would you rather have, Counsel?

8   MR. KARPE:   My client just informed me he would

9   just  rather  have  the  court  do  it  without  his

10  presence.  So he would  ask the court  to waive  his

11  presence for that day.

12  THE COURT:  All right.  We will do that based on

13  his request.   The  Clerk's  Office will  advise  the

14  judge at  that time that  the stay should  be lifted.

15  And the  HCC notified of that lifting of a stay.  All

16  right.

17  MR. KARPE:  Thank you.

18  THE COURT:  Cost and  fees are  waived for  Mr.

19  Browdy.  Any remaining counts on the files?

20  MS. MABBETT:  Nolled, your Honor.

21  THE COURT:  Nolles to all  remaining counts  on

22  behalf of Mr. Browdy.

23  MS. MABBETT:  Thank you, your Honor.

24  THE COURT:  You're  welcome.  Good  luck,  Mr.

25  Browdy.

26  MR. KARPE:  Thank you, Ms. Mabbett.  Thank you,

27  your Honor.

C E R T I F I C A T I O N

It is hereby certified that the within and foregoing transcript represents a true and correct transcription of the tape-recorded proceedings taken by me in Docket Number CR99-168971, State of Connecticut versus Thomas Browdy, heard in Manchester Superior Court, Judicial District of Hartford/New Britain, at Manchester, on the 23rd day of March, 2000, before Honorable Jorge A. Simon, Judge of the Superior Court.

Dated this 11th day of April, 2000.


*Lisa M. Corrado*

LISA M. CORRADO
COURT MONITOR

# Attachment D

MITT:MUS    JD-CR-38  Rev. 9-94
C.G.S. §§ 18-73, 18-63, 18-65, 18-65a, 18-73, 18-76,
18-82, 54-2a, 54-60, 54-82, 54-95b Csa-97b, 18-76, 18-73
P.B. Sec. 929-982a

INSTRUCTIONS TO CLERK
Prepare a separate Mittimus for each file.
TO OFFICER
Original to receiving facility; return copy to court.

- [X] JUDGMENT
- [ ] CONTINUANCE
- [ ] FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a

**TO: Any Proper Officer**

| DOCKET NO. | NAME OF DEFENDANT | DATE OF BIRTH | DATE OF DISPOSITION 3/03/00 |
|---|---|---|---|
| CR99-168971 | Brundy, Thomas | 8/13/56 | DATE SENTENCE TO BEGIN IF different 3-31-00 |

NAME AND LOCATION OF RECEIVING FACILITY    NAME AND LOCATION OF COURT    5-31-00

| | FIRST COUNT - STATUTE NO. | DATE OF OFFENSE | SECOND COUNT - STATUTE NO. | DATE OF OFFENSE | THIRD COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|---|---|
| [X] CRIME(S) CONVICTED | 53a-125a | 7/26/99 | 53a-48/53a-125a | 7/26/99 | 53a-48/53a-125a | 7/26/99 |
| [ ] CRIME(S) CHARGED | FOURTH COUNT - STATUTE NO. | DATE OF OFFENSE | FIFTH COUNT - STATUTE NO. | DATE OF OFFENSE | SIXTH COUNT - STATUTE NO. | DATE OF OFFENSE |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 24 months | 2 month | 2 month | | | | 26 months |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

Persistent Larceny Offender
Count #1 consecutive to #2, concurrent to #3
Other counts nolled    * Def to receive treatment
for dental work @ Northern

(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.

- [ ] And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. (A defendant may not be incarcerated for failing to pay fees or costs.)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |

- [ ] The Defendant is entitled to sentence credit of _____ days.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

| TO BE HELD AT (Name and address of court) | [ ] J.D. [ ] G.A. | ON (Date) | SURETY BOND AMOUNT |
|---|---|---|---|
| | | | |

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

| SIGNED (Assistant Clerk) | By Order of the Court | DATE SIGNED 3/03/00 | RECEIVING FACILITY TIME STAMP |
|---|---|---|---|

ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT
I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY

| TITLE OF DELIVERING OFFICER | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVING OFFICER |
|---|---|---|

# Attachment E

CR99-168971

STATE OF CONNECTICUT

VS.

THOMAS BROWDY

SUPERIOR COURT

HARTFORD JUDICIAL DISTRICT

G.A. #12 AT MANCHESTER

## PART B  INFORMATION
### PERSISTENT LARCENY OFFENDER

The Undersigned, Deborah P. Mabbett, Assistant State's Attorney for the Judicial District of Hartford complains that the above-named Defendant has twice been convicted of the crime of Larceny, to wit: Larceny in the Sixth Degree in New London Superior Court on May 10, 1996; and Larceny in the Sixth Degree in Manchester Superior Court on March 31, 1994.

THE STATE OF CONNECTICUT


Deborah P. Mabbett
Assistant State's Attorney

Feb 23  4 45 PM '00

<u>CERTIFICATION</u>

A copy of the foregoing request was delivered on or about 23rd day of March, 2000, to all

counsel of record as required by Connecticut Practice Book Section 10-12 et seq.

STATE OF CONNECTICUT


Deborah P. Mabbett
Assistant State's Attorney