UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2004 MAY 24 P 5:03
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Thomas Brown               : No. 3:00cv1866

vs.

John Sharpe, et al         :   May 20, 2004

## Cross Motion for Summary Judgment and Reply to Defendants' Memorandum In Opposition to Amended Complaint

By way of pleading dated May 12, 2004, defendants asserts in their memorandum (1) Undue delay, (2) Statute of limitations, and (3) Failure to state a claim, urging the Court to deny the motion to amend.

### Amended Complaint

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." This mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Foman v Davis, 371 U.S. 178 (1962).

Generally, amendments to a complaint must be made within the time set by the statute of limitations for filing the suit, however, if a new claim or defense arises from the same facts alleged in the original pleading, it may "relate back" to the time the original pleading was filed. See, Younger v. Chernovetz, 792 F. Supp. 173, 176 (D. Conn. 1992) for the original pleading of the case at bar, is the same operative facts, the defendants asserted in Def. Local Rule 56(a)(1) Statement para. 6... A new claim that relates back "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

The principle that the purpose of pleading is to facilitate a proper decision on the merits, the Rules themselves provide that they are to be construed to secure the just, speedy, and inexpensive determination of every action. Rule 1 Fed. R. Civ. P. See, Conley v. Gibson, 355 U.S. 41, 48. So, in the spirit of the Federal Rules, there are no assertations of no new claims involved in the instant complaint, amended, or otherwise which is "an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice."

Here, the plaintiff's proposed amended complaint contains no allegations drastically different from

those originally raised by the plaintiff so there is no nebulous issue as to the defendant's role, the focus of the original pleading is a genuine issue of facts indicating misconduct of defendant(s) representation as counsel, advocacy function that is alleged with culpability at the forefront of the instant complaint and it cannot be said advocacy function is insulated from Federal suit.

It would be inconsistent with the interpretation of § 1983 that deny such broad protection to public defender in an adversarial process where any competent criminal attorney would have been aware that sentencing the plaintiff to two counts of Larceny 5th degree was unlawful, pursuant to C.G.S. § 53a-40(a).

Now, the defendants care to differ on consequences to the defect asserted. Def Local Rule 56(a)(1) Statement, the same operative facts from which the plaintiff asserted his claim in the amended complaint.

In furtherance from which the plaintiff file a cross motion for summary judgment, accompanying the herein motion in opposition to defendants memorandum to deny amended complaint.

Wherefore, the plaintiff urge the Court to grant amended complaint and summary judgment.

By Thomas Brunell
287 Bilton Rd.
Somers, Ct. 06071

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 20th day of May, 2004:

Robert F. Vacchelli
Assistant Attorney General
110 Sherman St.
Hartford, CT. 06105

Thomas Beausey