UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS BROWDY | : | PRISONER |
| | : | NO. 3:00CV1866(CFD) |
| VS. | : | |
| | : | |
| BRIAN S. KARPE, ET AL. | : | JUNE 22, 2004 |

**DEFENDANTS' SECOND LOCAL RULE 56(a)1 STATEMENT**

The defendants, Brian Karpe, et al., by and through their undersigned counsel and pursuant to Local Rule 56(a) 1, Rules of the United States District Court for the District of Connecticut, submit the following statements of material facts as to which they contend there is no genuine issue to be tried:

1.      The plaintiff is an inmate of the Connecticut Department of Correction, Northern Correctional Institution, currently serving a sentence for Larceny in the Second Degree, Failure to Appear in the First Degree, Conspiracy, Larceny in the Third Degree, Criminal Attempt and Larceny in the Third Degree.  See Mittimuses, Exhibit A.

2.      The defendant, Brian Karpe, at all times referenced in plaintiff's Amended Complaint, was a Special Public Defender appointed to represent the plaintiff against criminal charges in the case of State v. Thomas Browdy, No. CR-99-0168971.  See Docket Sheets, Exhibit B.

3.      The defendant, Gerard A. Smyth at all times referenced in plaintiff's Amended Complaint, was the Chief Public Defender for the State of Connecticut.

4. In 2000, plaintiff wanted Mr. Karpe to request a competency examination for plaintiff. Mr. Karpe did not feel there were grounds for such a request. Plaintiff had a heated argument with Mr. Karpe and did not want Mr. Karpe to represent him in the case. Accordingly, Mr. Karpe moved to withdraw and plaintiff sought to represent himself. Mr. Karpe's Motion To Withdraw was not granted. Tr. of 2/18/00, Exhibit C.

5. On February 23, 2000 Mr. Karpe again tried to withdraw, but, again, his motion was not granted. Plaintiff was willing to either hire a different attorney or represent himself in the case. Tr. of 2/23/00, Exhibit D.

6. On March 23, 2000, in a proceeding before Judge Jorge A. Simon of the Manchester Superior Court, plaintiff pled guilty to conspiracy to commit larceny in the fifth degree in violation of Conn. Gen. Stat. § 53a-48, 53-125a. He also pled guilty to a second count of conspiracy to commit larceny in the fifth degree in violation of Conn. Gen. Stat. § 53a-48, 53a-125a and to being a persistent larceny offender. After a canvass, while he was represented by Mr. Karpe, plaintiff testified that he understood what he was doing, and did so without force or threat and that he was not under the influence of alcohol or drugs. The Court imposed a sentence of twenty-four (24) months on the persistent larceny offender charge to run consecutive to a two (2) month sentence on a larceny charge for a total effective sentence of twenty-six (26) months to serve. Tr. of 3/23/00, p. 7, Exhibit E.

7. Plaintiff served his sentence in that case and he was discharged from the Northern Correctional Institution on September 24, 2001. See Department of Correction Movements Record, Exhibit F.

8. At no time while plaintiff was purporting to represent himself or arranging for a new attorney, did he request a competency evaluation. See Docket Sheets, supra.

9. There is nothing in the record which would suggest that plaintiff's criminal case would have been resolved any differently even if plaintiff had requested a competency examination, other than a delay in proceedings caused by any such request. Conn. Gen. Stat. § 54-56d(d).

10. Any such delay would have been unjustified because it has now been judicially determined that plaintiff's competency was not adversely affected by any mental health issues or medication regimen at the time, and that Mr. Karpe did all that he could have done to represent his client's interests. Brody v. Warden, No. CV-00-0003202 (Memorandum, March 6, 2003) (Appeal Pending A.C. No. 24522), Exhibit G.

11. Plaintiff raised, or had the opportunity to raise, the exact same issues in a habeas case which he filed in Connecticut Superior Court in 2000 under a different spelling of his last name. That case resulted in a judgment denying the petition on its merits. Brody v. Warden, supra.

12. There is nothing in the record to suggest that the defendant Smyth failed to provide any required proper training to the defendant Karpe, nor that he knew or should have known of any such circumstance.

13. The attached transcripts and exhibits, marked as Exhibit H, are true copies of documents of record in the case of <u>Brody v. Warden</u>, No. CV 00-3202, a state court petition for writ of habeas corpus wherein the plaintiff complained of ineffective assistance of counsel by the defendant, Brian Karpe, raising, or wherein plaintiff could have raised, the same complaints as in the above captioned case, and which resulted in a judgment against the plaintiff. The attached documents consist of Transcripts of trial proceedings on March 15, and April 4, 2001 and March 5, 2003 in <u>Brody v. Warden</u>; List of Exhibits sheet; and exhibits in the case consisting of Exhibit C, Transcript of February 18, 2000; Exhibit D, Transcript of February 23, 2000; Exhibit E, Transcript of March 23, 2000; Exhibit 2, Police Report; Exhibit 3, Investigators Report; Exhibit 6, Motions; Exhibit 7, Motions; ID Envelope with ID exhibits consisting of ID Exhibit 1, Transcript of March 7, 2000; ID Exhibit 4, Witness Statement; and ID Exhibit 8, Rap Sheet.

        DEFENDANTS,
Brian S. Karpe, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:\_\_\_\_/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
Federal Bar No. ct05222
E-Mail: robert.vacchelli@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 22nd day of June, 2004:

Thomas Browdy, Inmate No. 68325
Northern Correctional Institution
287 Bilton Road, PO Box 665
Somers, CT  06071

    _____/s/_____
Robert F. Vacchelli
Assistant Attorney General