UNITED STATES DISTRICT
DISTRICT OF CONNECTICUT

**FILED**
2004 JUL -9  P 4: 27
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Thomas Bouley

vs.

Brian S. Karpe, Et Al.

3:00 CV 1866 (CFD)(WIG)

July 6, 2004

## Reply to Defendants' Motion in Opposition to Plaintiff's Cross Motion for Summary Judgment and In Support of Defendants' Second Cross Motion For Summary Judgment

### Introduction

The plaintiff commenced this action pro se, proceeding in forma pauperis 28 U.S.C. §1915 against the defendants under the Federal judiciary power conferred under Article III judgment pursuant to 28 U.S.C. §1331, 1367(a), and 1391 for deprivation of Federal and state's rights pursuant to 42 U.S.C. §1983, 1985, 1988, and American with Disabilities Act §12101-12132.

The defendants have not yet filed answer to the complaint but contends among other responsive pleading pursuant to Rule 12(b), Fed. R. Civ. P. has presented the former judgment

issued by the state court in State v. Brady, No. CR-97-0168471, is a final judgment conclusive upon the rights which it decided accordingly to the Full Faith Credit Act and under the Clause the Federal judiciary power lacked constitutionally to insert in Article III general grant of rights arising under its jurisdiction....

Inter alia, favorable-termination, res judicata, and collateral estoppel, including Eleventh Amendment and sovereign immunity with a host of other claims questioning the sufficiency of the plaintiff's pleadings, in a nut shell, the crux of defendants' claims attack subject matter jurisdiction.

The defendants' claims of defense has presented, has incorporated two roads of different procedural context, the former on the road to motion to dismiss, the latter on the road to motion for summary judgment, the main event, Rule 12(b), Fed. R. Civ. P. and the tryout, Rule 56, Fed. R. Civ. P.

The procedure in question as asserted by defendants' claim has presented, Every defense, pursuant to Rule 12(a), inquiry is

problematic as to the procedural requirements in question as to asserting a summary judgment pursuant to Rule 56 under the same ingredient mix as a responsive pleading irrigated out of the spring of arguments in the defendants' motion to dismiss as both as presented before the Court.

### Summary Judgment Standard of Review

A grant of summary judgment will be affirmed only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The same standard applies where, as here, the case at bar, the parties filed cross-motions for summary judgment. Terwilliger v. Terwilliger, 206 F.3d 240, 244 (2d Cir. 2000). Moreover, even when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either

party. *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993). Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration. *Schwabenbauer v. Bd. of Educ.*, 657 F.2d 305, 314 (2d Cir. 1981).

## Argument

In keeping this standard of summary judgment in mind, the defendants originally in the case at bar, moved to dismiss the complaint under Federal Rule of Procedure 12(b)(6). It is important to recognize the difference between disposing of a case on a 12(b)(6) motion and resolving the case later in the proceeding, for example by summary judgment. At the 12(b)(6) stage, the issue is not whether a plaintiff is likely to prevail ultimately, but rather the claimant is entitled to offer evidence to support the claims.

However, a defense made pursuant to Rule 12(b)(6) and argue that a complaint fails to state a claim upon which relief can be granted, means that even if all the facts alleged in a complaint are true, they don't establish a violation of the constitution

or of any other law that the Court can enforce.

A motion to dismiss is to be made before an answer is filed. The court does not resolve factual disputes at this stage but if the defendants submit materials outside the complaint, such as affidavits or documentary exhibits, the court must either ignore them or convert the motion to dismiss into a motion for summary judgment. See Chandler v. Coughlin, 763 F.2d 110, 113 (2d Cir. 1985)

This did not occur at the case at hand, instead the defendants moved for summary judgment pursuant to Rule 56 with the same memorandum accompany by documentary exhibits, they moved for a motion to dismiss pursuant to Rule 12(b)(6), still pending before the Court, a defens made in a responsive pleading to plaintiff's complaint.

The defendants argue in their memorandum that plaintiff's claims are barred both by res judicata (claim preclusion) and collateral estoppel (issue preclusion), including Eleven amend. and sovereign immunity is the thrust of defendants arguments. "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that

Six

were or could have been raised in that action.

In contrast, the central issue that prompt the array of defendants' claims of preclusion extends from the Court denial of defendants' motion to dismiss, without prejudice to renewal following a supplemental briefing on the following issues:

First, the defendants shall address the status of the criminal charge(s) that provide the basis for Bracey's claim in this case. Specifically, the defendants shall address the following: 1) what Bracey was convicted of and when; 2) whether Bracey's term of incarceration for such conviction(s) has been discharged; and when that term was discharged. The defendants shall also address the impact of the foregoing on its argument that Bracey's federal claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Finally, the defendants shall address what impact, if any, the Second Circuit's decision in Huang v. Johnson, 251 F.3d 65 (2d Cir. 2001), has on this case.

The briefing was answered in the affirmative, the plaintiff was not incarcerated for the applicability of Heck v. Humphrey, 512 U.S. 477 (1994); so the plaintiff's

claims was not barred under preclusion, as concluded in <u>Hurry v. Johnson</u>, 251 F.3d 65 (2d Cir. 2001); (See Plaintiff's memorandums incorporated in the Court's record pleadings on file).

<u>DEFENDANTS' EVIDENTIARY BASIS</u>

In the apex of defendants' evidentiary basis in the case at bar, extracts from transcripts and rulings in <u>State v. Brady</u>, No. CR-99-468971 as material facts in a summary judgment solely for the reason... "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding, decided against the party."

However, the judgment the defendants' seek in <u>State v. Brady</u>, claims of preclusion is inapplicable where the plaintiff was unable to seek a certain remedy or form of relief in the first action because of the limitations on subject matter jurisdiction of the courts or restrictions on their authority to entertain ... multiple remedies or forms of relief in a single action, and the plaintiff's desires in the second... to seek that remedy or form of relief. See <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998); <u>Leather v. Eyck</u>, 180 F.3d 420 (2d Cir. 1999);

EXHIBIT

Jenkins v. Haubert, 179 F.3d 19 (2d Cir. 1999); Huang v. Johnson, 251 F.3d 65 (2d Cir. 2001).

5. The question to the evidentiary basis of the defendants' arguments is closed to whether the plaintiff, convicted of a criminal offense, could proceed with a §1983 claim where no remedy of habeas corpus existed. This rationale reverts back to the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. See Sheppard v. Beerman, 94 F.3d 823, 827 (2d Cir. 1996). The court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Burnette, 192 F.3d at 56 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The defendants seek to lower that standard in the instance action through material facts relied upon in their summary judgment request, eventhough the material facts relied upon by defendants are not attested to on personal knowledge, as required by Fed. R. Civ. P. 56(e), but summaries by counsel of information contained in transcripts of records in State v.

Bray, No. CE-97-0168941; Brady v. Warden No. CV00-3202. The general challenge of defendants arguments is for the purpose of claims of preclusion, it does not matter what form it is presented, it spring from the same reservoir of denial of defendants motion to dismiss, without prejudice to renewal following a supplemental briefing on the issues of Heck v. Humphrey, supra; Huang v. Johnson, supra. So the defendants cannot escape out of them jaws through way of summary judgment where the issue is confined in their motion to dismiss under Rule 12(b)(6), where the Court chose not to treat it as a summary judgment with the defendants evidentiary basis of material facts.

In sum, the defendants' factual presentation is without an adequate evidentiary basis for it and fail to establish the necessary facts in the manner required by law so the defendants showing establish what has already been known in arguments of defense made under Rule 12(b)(6).

The fact still remain regardless of whether counsel factual presentation meet an adequate evidentiary basis, the undisputed facts still remain as to defendants' actions or inactions, the circumstances surrounding

TEN

The issue in the case at bar, is the right to assistance and obligation imposed by DUE PROCESS CLAUSE relating to injury from a process that involved a deviation of rights under the ADA on the part of defendants' actions of deliberate indifferences. See Davis v. Hollins, 261 F.3d 210, 211 (2d Cir. 2001); H.R. Rep No. 101-485 (2) at 29 (1990), reprinted U.S.C.A.N. 303, 30.

WHEREFORE, for all the foregoing reasons, the plaintiff urge the Court deny defendants' motion for summary judgment and enter summary judgment against the defendants.

By: /s/ Thomas Brown
THOMAS BROWN
287 BUXTON RD
SOMERS, CONN. 06071

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on this 6 day of July, 2004.

ROBERT F. VACCHELLI, AAG
10 SHERMAN ST
HARTFORD, CONN. 06105

/s/ Thomas Brown
THOMAS BROWN