**MANDATE**

CTDC (nhct)
00 cv 1866
Droney

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of May, two thousand five.

PRESENT: HONORABLE REENA RAGGI,
HONORABLE RICHARD C. WESLEY,
HONORABLE RICHARD D. CUDAHY,[1]
     Circuit Judges.

-------------------------------------------------

THOMAS BROWDY,
     Plaintiff-Appellant,

   v.               No. 04-5559-pr

BRIAN S. KARPE, GERARD A. SMYTH,
     Defendants-Appellees.

-------------------------------------------------

APPEARING FOR APPELLANT:  THOMAS BROWDY, pro se, Sommers, Connecticut.

APPEARING FOR APPELLEES:  ROBERT F. VACCHELLI, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, Connecticut.

---

[1] The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by desgination.

_Issued as Mandate: JUN 1 3 2005

1    Appeal from the United States District Court for the District of Connecticut
2    (Christopher F. Droney, *Judge*).

3    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
4    DECREED that the judgment of the district court dismissing the complaint, entered on
5    September 24, 2004, is hereby AFFIRMED.

6    Plaintiff-appellant Thomas Browdy, proceeding pro se, sues Brian S. Karpe, a
7    Connecticut public defender, and Gerard A. Smyth, the state's chief public defender,
8    pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and Title II of the Americans with
9    Disabilities Act, 42 U.S.C. § 12132, for alleged misconduct in the 1999 prosecution that
10   resulted in his conviction after entry of an Alford plea, see North Carolina v. Alford, 400
11   U.S. 25 (1970), to one count of larceny in the fifth degree as a persistent offender, Conn.
12   Gen. Stat. §§ 53a-125a, 53a-40(e), and two counts of conspiracy to commit larceny in the
13   fifth degree, id. §§ 53a-48, 53a-125a.

14   We review de novo the dismissal of a complaint for failure to state a claim, see Velez
15   v. Levy, 401 F.3d 75, 84 (2d Cir. 2005), and will affirm if we conclude, upon a liberal
16   reading of the pro se complaint, see Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005),
17   "'that the plaintiff can prove no set of facts in support of his claim which would entitle him
18   to relief,'" Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997) (quoting Conley v. Gibson,
19   355. U.S. 41, 45-46 (1957)). We assume the parties' familiarity with the underlying facts and
20   procedural background, which we reference only as necessary to explain our decision to

affirm.

1. Claims Pursuant to 42 U.S.C. §§ 1983, 1985, and 1986

a. Official Capacity Claims

To the extent Browdy sues defendants in their "official capacity" as employees of the Connecticut Public Defender Services, a state agency, see Conn. Gen. Stat., Ch. 887, his §§ 1983, 1985, and 1986 claims for money damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); see also Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

b. Individual Capacity Claims

Browdy's claims against defendants in their individual capacities are deficient in several respects. First, public defenders and court-appointed attorneys "performing a lawyer's traditional functions as counsel" to a defendant do not act "under color of state law" and, therefore, are not subject to suit under 42 U.S.C. § 1983. Rodriguez v. Weprin, 116 F.3d at 65-66 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). To the extent Browdy seeks to cure this defect by conclusorily charging defendants with conspiring with other state officials, see Tower v. Glover, 467 U.S. 914, 916 (1984), this court has ruled that "a merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against" a private party, Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002).

Second, Browdy's § 1983 claim against defendant Smyth fails because it appears to be premised on a theory of <u>respondeat superior</u>; plaintiff does not allege Smyth's personal involvement in the purported constitutional violation, as he must. <u>See</u> <u>Scotto v. Almenas</u>, 143 F.3d 105, 113 (2d Cir. 1998). To the extent plaintiff alleges that Smyth failed to comply with a court-approved settlement agreement, that allegation is not a basis for a § 1983 claim, <u>see</u> <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (2d Cir. 1996); <u>Batista v. Rodriguez</u>, 702 F.2d 393, 398 (2d Cir. 1983), and plaintiff does not allege that he has standing to sue for breach of that agreement, either as a party to or contemplated beneficiary of the agreement, <u>see</u> <u>Dow & Condon, Inc. v. Brookfield Dev. Corp.</u>, 266 Conn. 572, 579-80, 833 A.2d 908, 913-14 (2003).

Third, plaintiff's claims pursuant to 42 U.S.C. §§ 1985(3) and 1986 must be dismissed because he fails to plead the necessary racial or invidious class based bias. <u>See</u> <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409, 419 (2d Cir. 1999); <u>see also</u> <u>New York Nat'l Org. for Women v. Terry</u>, 886 F.2d 1339, 1358 (2d Cir. 1989) ("[N]ot all classes of persons fall within the protective ambit of § 1985(3).").

Finally, even if Browdy could clear these significant hurdles, his §§ 1983, 1985, and 1986 claims would be barred because they necessarily implicate the validity of his conviction, which continues to have collateral consequences despite the conclusion of the imposed term of incarceration. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>cf.</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 14-16 (1998); <u>Huang v. Johnson</u>, 251 F.3d 65, 73-74 (2d Cir.

1   2001). The § 1986 claim also was properly dismissed because "no § 1986 claim will lie

2   where there is no valid § 1985 claim." See Posr v. Court Officer Shield No. 207, 180 F.3d

3   at 419 (citation omitted).

4       2.   Claims pursuant to Title II of the Americans with Disabilities Act

5   Browdy's ADA claims also were properly dismissed because he has sued his lawyers,

6   not the public entity that provides competency hearings. Moreover, Title II of that statute

7   does not provide for individual capacity suits against state officials. See Garcia v. S.U.N.Y.

8   Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001).

9       3.   Further Amendment of the Complaint

10  Finally the district court properly denied Browdy's motion to file a second amended

11  complaint because his proposed pleadings would not have cured the correctly identified legal

12  defects.

13  The judgment of the district court dismissing plaintiff's complaint, entered on

14  September 24, 2004, is AFFIRMED.

15      FOR THE COURT:

16      ROSEANN B. MACKECHNIE, CLERK

17      *Lucille Carr*   5/16/05

18      BY                     DATE

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK